IN THE UNITED STATES BANKRUPTCY COURT FOR

THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: RIC F. MALIK | CASE NO: 23-03241-ESL7<br><br>Chapter 7<br><br>**RESPONSE TO ORDER TO SHOW CAUSE, DEBTOR'S MOTIONS AND DEBTOR'S COUNSEL'S MOTION BY EARL AND TAMA GEERTGENS** |

1. This submission responds to the Court's Order seeking the Geertgens' position on the responsive discovery provided, after the Court issued an Order to Show Cause (Docket Entry #56), for dismissal of the Debtor's case based upon his failure to provide discovery.

2. This submission is also addressed to the motions made by the Debtor, *pro se,* to Vacate Order to Show Cause, dated March 4, 2025 arguing that because responses were served, the Order should be immediately vacated (Docket #61 and 63 ), and Debtor's Motion to Confirm Compliance with Discovery Requests, dated March 4, 2025, arguing that because responses were served, the court should dismiss further objections to the discovery responses (Docket #58) These motions are filed by the Debtor despite the fact that he is represented by counsel.[1]

---

[1] Debtor has also filed a motion to proceed pro se. Geertgens will respond to that motion separately.

3. Finally, this submission also objects to the motion filed by Debtor's counsel, in response to the Court's Order to Show Cause, seeking to consolidate discovery to the Geertgens' Adversary Proceeding No. 24-00015-ESL ("Adversary Case"), to avoid duplicative efforts (Docket #64). Because Debtor has not satisfied discovery obligations in either his bankruptcy case or the Adversary Case, the relief should be denied.

4. The Court's Order to Show Cause, the Order seeking the Geertgen's position, and the Debtor's motions to Vacate the Order to Show Cause and Dismiss Further Objections, all address the basic issue of whether Debtor has now complied with discovery requests served shortly after the commencement of the case. In each case, the response is the same. The discovery is seriously deficient, the omissions point out glaring deficiencies in the Debtor's case, and so the Debtor's case should be dismissed, or alternative relief granted. See, Bankr. R. 7037, incorporating Fed.R.Civ. P 37.

5. The discovery provided purposely omits key information, fails to clarify omissions and inaccuracies in the petition, and fails to respond to specific outstanding requests. True copies of the February 23, 2024 requests, and the responses given, are appended to the Murray Decl. at Exh. A.

6. "The two fundamental principles of bankruptcy are (1) to provide an honest but financially distressed debtor a fresh start and (2) to insure an equitable dividend to claimants, if one is available." Local Loan Co. v. Hunt, 292 U.S. 234, 244 (1934). Neither of those goals is furthered by the discovery served by the Debtor here.

7. It is elemental that "[c]reditors have the right to receive sufficient information so that they can trace a debtor's financial transactions and should not be forced to 'speculate as to the financial history or condition of the debtor, nor should they be compelled to reconstruct the

2

debtor's affairs.'" In re Kennedy, 566 B.R. 690, 717 (Bankr. D.N.J. 2017), citing, In re Juzwiak, 89 F.3d 424 (7th Cir. 1996). A debtor is required to supply the trustee and creditors with "dependable information on which they can rely in tracing a debtor's financial history." In re Daniels, 641 B.R. 165, 183 (Bankr. S.D. Ohio 2022). "To receive a discharge, a debtor must provide an accurate picture of his pre-petition financial affairs." In re Cowan, No. 16-14758 (SLM), 2019 WL 5615968, at *9 (Bankr. D.N.J. Oct. 23, 2019), aff'd sub nom. Cowan v. Vara, No. CV 19-20578 (SDW), 2020 WL 2840069 (D.N.J. June 1, 2020); 11 U.S.C. 727(a)(3). Thus bankruptcy discharge, which is the ultimate goal of the individual Chapter 7 bankruptcy proceeding, is made available only to the "honest but unfortunate debtor." Grogan v. Garner, 498 U.S. 279, 286-87 (1991).

8. While Debtor claims relocation to Puerto Rico as an excuse for lack of records, he could certainly have filed in his home forum in New Jersey. Having taken the unusual course of relocating and filing in Puerto Rico, he should have either brought the records along, or utilized his frequent presence in New Jersey to gather the records. Indeed, he was physically present in New Jersey when he signed discovery responses which were hand-delivered to New Jersey counsel, so distance is not an issue. See, Exh. A., discovery responses bearing notary seal in New Jersey.

9. Although Debtor was requested to provide discovery during a 2004 examination taken in his bankruptcy case on February 7, 2024, the Geertgens have now filed an Adversary Proceeding which, in part relevant to this proceeding, objects to discharge for (i) Debtor's false oaths and accounts pursuant to 11 U.S.C. § 727(a)(4)(A)(Count Five); (ii) Debtor's false claims pursuant to 11 U.S.C. § 727(a)(4)(B)(Count Six); (iii) Debtor's failure to explain loss of assets pursuant to 11 U.S.C. § 727(a)(5)(Count Seven); and (iv) due to

3

Debtor's concealing, destroying or failing to preserve documents pursuant to 11 U.S.C. § 727(a)(3)(Count Eight)); and additionally seeks dismissal of the case because Debtor is not a resident of Puerto Rico pursuant to 11 U.S.C. § 707(a)(Count Ten); and for lack of good faith pursuant to 11 U.S.C. § 707(a)(Count Eleven).

10. The underlying basis of the Geertgens' claims is that Debtor has relocated to Puerto Rico at or about the time of his filing, without having resided in Puerto Rico for six months and with no intention to permanently reside here, in order to avoid arrest and other relief for contempt of New Jersey Court orders. He produces false and incomplete information regarding his financial history, including omission of an active business that was closed shortly before his bankruptcy, in order to avoid a full and fair examination of his financial affairs and prior conduct. He bolsters his case by claiming that no financial records are available due to the precipitous move from New Jersey, yet he answers the discovery from New Jersey, and leaves his own choice to relocate (as well as lack of records) wholly unexplained. Nonetheless, Debtor seeks full relief from the Court, as though intent upon cooperating.

11. Debtor is not being honest in his discovery responses, and has not provided good faith responses to discovery requests served, as set forth more fully below.

**Undisclosed Assets**

12. Debtor provides false discovery responses, while at the same time omitting most of the information requested in discovery. His 2015 Ford F250 Pickup Truck is the subject of the Geertgens' first discovery request, seeking: *"documents regarding the sale of the 2015 Ford F250 pickup truck including any contract for repayment, proof of payment, proof of*

*title holder at the time of the transfer or of original purchase, New Jersey tag release receipt, re-titling, etc.*" See, Murray Decl. Exh. A.(1).

13. In a notice for R. 2004 examination held on February 7, 2004, Debtor was requested to provide information about a 2015 Ford F250 Pickup Truck ("Ford Truck"), which was not listed in his petition, but which he testified about at his initial Meeting of Creditors. He had testified that sale of the Ford Truck had been his source of income in the six months prior to filing bankruptcy in Puerto Rico, along with his source of funds for relocation to Puerto Rico, and his source of $6000.00 for purchase of a vehicle in Puerto Rico.[2] No proof of payments has been provided. Contrary to Debtor's assertion, Debtor's construction and renovation business was his actual source of income, during the six months prior to filing his petition. Murray Decl. Exh. C.

14. In post-judgment discovery proceedings in New Jersey between 2021 and 2023, Debtor claimed that he owned no vehicles, and that he had no ownership interest in any company other than the defunct entity R. Malik Construction, LLC. Murray Decl. ¶ Exh. D. (Information Subpoena Response March 16, 2022, Questions for Individuals # 15 - Vehicles Owned: "No"; # 16 - Businesses Owned: "R. Malik Construction, LLC").

15. Because of inconsistencies with prior testimony, and more specifically, whether the Ford Truck was owned by Debtor individually or by his business, a discovery inquiry was made.

16. While living in New Jersey through mid-2023, Debtor had driven the Ford Truck, bearing the name of his construction company, Moorestown Construction, LLC. Murray Decl. Exh. E (photograph of the Ford Truck, taken on January 3, 2023, at an active job site at

---

[2] The $6000 cash payment for the new truck, as testified by Debtor in his deposition, is likely the $6000 cash withdrawal on July 6, 2023 from this business account. See, Murray Decl, Exh. C page M11, Exh. M, 2004 Exam. T39:9-24. Debtor's son claims that all amounts distributed to his father from this account are considered loans.

5

which building permits had been issued to Moorestown Construction, LLC, copy of building permit, and June, 2023 photos of the Ford Truck at Debtor's home and at a local paint supply store).

17. At the time, Debtor was operating as the sole member, director, and possible Trustee, of Moorestown Construction, LLC. Debtor dissolved Moorestown Construction, LLC in September, 2023, shortly before filing his bankruptcy petition. Murray Decl., Exh. F. The company has not been disclosed in Debtor's petition, the income derived therefrom has not been identified, and the disposition of its assets (including the Ford Truck) has not been disclosed. The company continued doing business long after the closure date offered in Debtor's Meeting of Creditors, as Spring of 2022. Murray Dec. Exh. E, F.

18. On April 16, 2022, the Superior Court of New Jersey had entered an order prohibiting the transfer of the assets of Moorestown Construction, LLC through the Debtor, as part of post-judgment discovery efforts against the Debtor. Murray Decl. Exh. G.

19. In May, 2022, and in disregard of the Court's April 16, 2022 Order, Debtor transferred title to the Ford Truck from Moorestown Construction, LLC, to MC Remodeling, LLC, a business owned by Debtor's son. Murray Decl. Exh. I. Although Debtor claimed to receive payments in cash during the subsequent year (May, 2022 – May, 2023), no proof of payment has been provided.[3]

20. At his initial meeting of Creditors, Debtor claimed that he had sold the truck and lived off the proceeds.

---

[3] The New Jersey Court subsequently entered orders prohibiting transfer of assets of Moorestown Construction, LLC in March, 2023 and April, 2023, and imposed a constructive trust upon its assets in April, 2023. The Court eventually issued an order for the arrest of Ric Malik in July, 2023, for contempt, based upon failure to comply with the Court's prior orders enjoining transfer of assets, and disclosing financial information. The July, 2023 order for arrest could not be served, as Debtor refused to appear in Court as required, and then later claimed to have relocated to Puerto Rico. See, Exh. B, I.

6

21. In a 2004 examination in February 2024, Debtor produced a document describing the sale transaction. At that time, Debtor asserted that he was providing information regarding a sale made by the Debtor himself, to MC Remodeling, LLC, his son's company, for sale of the Ford Truck. Murray Decl., Exh. H. The document lists a sale price of $21,000.00, and claims that Debtor is the seller.

22. Debtor now submits a response to document request claiming that the truck was owned and sold by Malik Construction, Inc., another defunct company owned by the Debtor:

> I do not possess any documents related to the sale of the 2015 Ford F250 pickup truck. I have obtained the title which shows that the truck was never registered to Ric Malik or R. Malik Construction LLC who are the judgment debtors of Mr. and Mrs. Geertgens. I have been living in Puerto Rico for nearly two years and do not have access to records predating my relocation. Information regarding the vehicle may be available through New Jersey state records based on the tag number.

Murray Decl. Exh. A. (See also, Exh. F – as to Malik Construction, Inc. forporate status).

23. Although he references the tag number as a source of information, Debtor has not provided that tag number.

24. Debtor attaches two documents: (i) the current title to the Ford Truck, bearing the title owner as Debtor's son's company, MC Remodeling, LLC, and (ii) an undated lien release document listing the vehicle owner as Malik Construction, Inc. Murray Decl. Exh. A. Debtor does not disclose how these documents were obtained, but claims that the documents "show that the truck was never registered to Ric Malik." Thus he seeks to use the lien release document to prove that Malik Construction, Inc. owned and sold the Ford Truck to MC Remodeling, LLC. This information is false.

25. The New Jersey Motor Vehicle Commission has provided title history to the Ford Truck, showing that the Seller to current title holder MC Remodeling, LLC was actually Moorestown Construction, not Malik Construction, Inc., as asserted, and that Moorestown

7

      Construction sold the truck to MC Remodeling, LLC for $12,640.00, rather than $21,000.00. Murray Decl. Exh. I, compare to Exh. H.

26. Funds paid in the sale would have been income to Moorestown Construction, LLC, an LLC taxed as a subchapter S corporation. But that company had already filed a "final" tax return in 2021. The income was apparently not reported by either the LLC or by Debtor, both of whom had an obligation to do so. Murray Decl. Exh. J, K (Schedule C from 2022 Tax Return – failing to disclose income from Moorestown Construction, LLC, along with accountant disclaimer as to Debtor's instructions for reporting of income).

27. Debtor has failed to comply with the discovery request regarding the Ford Truck transaction, in that he has falsely stated that he has provided full title history, and in doing so, has omitted true ownership of the truck.

28. Information about true ownership is troublesome to Debtor in various respects, including the fact that its owner, Moorestown Construction, LLC, is not listed on his petition, and he has failed to identify the disposition of the assets of that company, all of which were subject to injunctive relief against transfer, imposed by the Superior Court of New Jersey in post-judgment relief proceedings, and later in contempt proceedings.

29. Additionally, Debtor has failed to comply with the specific discovery requests made, seeking any contract for repayment, proof of payment, proof of title holder at the time of the transfer, original purchase, New Jersey tag release receipt, or re-titling information.

30. In his bankruptcy case, Debtor has claimed that payments for this vehicle were his sole sources of income for the six months prior to his bankruptcy filing, and yet he offers no proof of payment, nor does his tax return disclose such income. He has failed to report any

income from Moorestown Construction, LLC, although admitting to use of the proceeds of the prohibited sale. Murray Decl. Exh. J.

31. The falsehoods in this discovery are consistent with Debtor's approach in failing to accurately disclose his financial history. His misstatements are so numerous and overlapping that one must very carefully keep track, in order to understand the depth and breadth of the deception. Defendant has falsely represented the ownership history of the Ford Truck, and has failed to provide accurate or responsive discovery. He has omitted valuable assets, and hidden the disposition of those assets, for both the Ford Truck and more importantly, for his business Moorestown Construction, LLC. He has done this to hide his misstatements regarding his sources of income, and the omission of income from his tax return. His failures demonstrate an intentional lack of ability to meet the requirement for providing an honest and accurate picture of his pre-petition financial affairs, as well as an ongoing and intentional discovery violation touching upon both the Adversary Proceeding and his bankruptcy case.

32. At a minimum, Debtor should be barred from submitting further evidence to be used in contesting the claim for making of a false oath, by pursuing his case on knowingly false schedules and testimony, after repeated requests for truthful discovery. In re Jane Daniel, 568 B.R. 162, 179 (D. Mass. 2017); In re Warner, 247 B.R. 24, 26 (1st Cir. BAP 2000); See also, In re Fontaine, 467 B.R. 267, 272 (Bankr. D. Mass. 2012) ("Neither the trustee nor the creditors should be required to engage in a laborious tug-of-war to drag the simple truth into the glare of daylight." citing, In re Tully, 818 F.2d at 110.). After submitting false testimony at his 341 Meeting, at his 2004 examination, and now in his discovery responses, further discovery opportunities are not warranted. The case should be dismissed.

**Bank Accounts**

33. Debtor has also failed to provide statements for all bank accounts for the past three years. He was requested to provide *"monthly statements for any and all bank accounts in the Debtor's name for the past three years."* Murray Decl. Exh. A, #2.

34. Debtor provides an "export" of electronic account data from an undisclosed account. This document is not a bank statement, and does not show the bank name, the account number, ownership information, or source of deposits, and appears to have been edited by the Debtor prior to production. There is insufficient information provided for any type of authentication. It does show a $10,000 deposit on 10/31/23, just three days before the Meeting of Creditors at which Debtor testified that he had little or no sources of income.

35. Additionally, Debtor has failed to disclose another bank account held by him, at the time of his bankruptcy filing. Murray Decl., Exh. L (Bank Statement bearing Ohio Address 10/06/2023), Exh. D (Information Subpoena Response, questions For Individuals # 9 (Bank Accounts – identifying account at TD Bank, Moorestown, NJ # 0123).

36. Full copies of all account statements should be provided, and these should include accounts under Debtor's control, in addition to those held in his own name. See, Exh. C.

**Mortgage to GE Capital Management.**

37. Debtor also provides inadequate discovery addressed to mortgage obligations on his Delanco, New Jersey property.

38. In his petition, Debtor claims that his residential property at 327 Delaware Avenue, Delanco, New Jersey, is encumbered by a mortgage to GE Capital Management. Debtor testified that this was a mortgage given to satisfy business debts. He does not pay the

10

mortgage monthly. No foreclosure has been initiated by this creditor, and no relief from stay has been sought. See, Exh. M 2004 Exam. T30:21-24, 8/25/22 Dep. T64:24 – 65:25.

39. This mortgage has previously been the subject of post-judgment discovery requests, to no avail. As he does here, Debtor refers others to the local County Clerk, but fails to provide any records of the loan, or any payments on that loan. None of the information requested is available from public records in New Jersey. Murray Decl. Exh. M, 8/25/22 Dep T68:13 – T69:21.

40. The Geertgens' requested that the Debtor provide the promissory note, financing agreements, closing statements, and monthly statements or payoff statements, for this mortgage. Nothing has been produced.

41. Debtor has the obligation to disclose his financial affairs, but has failed to do so. These documents should be produced. Moreover, as to the Geertgens' claim for failure to maintain financial records, the Court should shift the burden to Debtor, to prove a substantial justification for failure to maintain adequate record of his financial affairs. Shove v. Shove, 83 F.4th 102 (1st Cir. 2023)(Upon showing that debtor has failed to maintain adequate records, burden shifts to debtor to establish that the debtor's failure was justified based upon objective reasonableness standard.)

**308 Second Street – Undisclosed Real Property**

42. Debtor has also failed to disclose ownership of a parcel of land adjacent to his home at 327 Delaware Avenue in Delanco, New Jersey. This property[4] is held in the name of a defunct limited liability company known as "325 Delaware Avenue, LLC." The corporate charter has been revoked since 2006. Murray Decl. Exh. N. Debtor admits that he previously

---

[4] The property is now known as 308 Second Street, Delanco, NJ. It was formerly known as 325 Delaware Avenue, Delanco, NJ.

11

mortgaged this property with GE Capital Management, when he mortgaged his home, in order to pay business debts. He signed a mortgage and conveyance documents for easement across the property, as Managing Member of 325 Delaware Avenue LLC. Id. The property tax bill is directed to Debtor's home at 327 Delaware Ave, Delanco, New Jersey. Murray Decl, Exh. N. Debtor has provided nothing in response to the Geertgens' request for information regarding the mortgage given by Debtor on this property, or full disclosure of his interest in the property. Murray Decl. Exh. A. See also, Exh. M 2004 Exam. T32-39, T65:6-66:9.

43. Debtor is intentionally omitting his interest in this valuable waterfront property in New Jersey. "A debtor's failure to disclose an interest in real property would be a material false oath." In re Warner, 247 B.R. 24, 26 (B.A.P. 1st Cir. 2000). Debtor should be barred from submitting evidence addressed to his exclusion of this property from his petition, along with failure to provide discovery, and should be barred from supporting defenses by further evidence regarding this property and its mortgage.

**Loan from Jack Malik**

44. In his petition, Debtor claims to have borrowed $150,000 from his brother Jack Malik. Jack Malik has not filed a claim in this case. The Geertgens have requested the following information in discovery: "*Any documents regarding the loan with Jack Malik, promissory notes, cleared checks, any kind of receipts.*" Murray Decl. Exh. A. None of these documents have been provided.

45. In sworn statements and deposition testimony given in 2022, Debtor claimed that he owed his brother, Jack Malik, $50,000.00. Murray Decl., Exh. O, (Document Production dated

12

8-18-22; Request #7, Debts: Jack Malik $50,000.00).  Debtor has offered no proof of this loan, and testified that he never made a repayment.  Murray Decl. Exh. M, 2004 Exam. T103:15 -, T104:16..  He now makes the following claim about the alleged $150,000 debt: "the last loan he extended to me was approximately seven years ago."  This claim is inconsistent with the increase in loan balance from $50,000 in 2022, to the present $150,000 debt.  Moreover, if the loan is more than seven years old, it would be barred on limitations grounds. As a result, financial records regarding the specifics of the debt are important to the claim, and must be produced, to provide accurate information about the Debtor's financial affairs.

46. At a minimum, Debtor should have access to information from his own brother, who he testifies at his Meeting of Creditors to have acted as a "crutch" to him over the years, and should produce reliable information to substantiate this claim.

47. On this and other financial claims, because no records have been produced, Debtor should be barred from submitting evidence addressed to the claim, and the Court should shift the burden to Debtor, to prove a substantial justification for failure to maintain adequate record of his financial affairs.  <u>Shove</u>, 83 F.4th 102.

**Records Regarding Travel Between Puerto Rico and New Jersey since April 6, 2023**

48. Debtor relocated to Puerto Rico shortly before filing his petition here.  His residency during the six months prior to filing is in question, as debtor is known to have been in New Jersey during that time period.  The Geertgens have requested *"records regarding Debtor's travel back and forth from Puerto Rico to and from New Jersey since April 6, 2023."*  Murray Decl. Ex. A, #5.  Debtor has produced no proof of travel at any time.

49. Debtor should be able to produce travel records, at a minimum, for purchase of airplane flights to and from Puerto Rico and Vieques. Records of his son's business bank account show numerous purchases with airlines in Puerto Rico and other locations, during that time period. Murray Decl. Exh. C.

50. Debtor has previously provided a lease covering only three months of the six month period prior to his filing. He has not otherwise provided proof of his whereabout during the six months prior to filing.

51. Debtor should be compelled to produce records to establish his residence in Puerto Rico, and thus venue for filing his petition before this Court. To the extent that he has not done so, further submission of proof should be barred, so that the Geertgens may promptly move for summary judgment on this issue.

**Outstanding Discovery in Adversary Case**

52. Debtor was also served with discovery requests in the Adversary Case, which was filed after the 2004 examination. Those discovery requests are specific to the claims asserted in the Adversary Case, including the transfer of protected assets of Moorestown Construction, LLC, the filing of this case in Puerto Rico despite residency in New Jersey for Debtor's entire life, the lack of records establishing any of his financial history, assets, companies, or debts, and the omission of assets from his petition. Debtor has failed to respond to any discovery requests in the Adversary Case, and a motion is currently pending due to that failure. The defaults remain uncured. The "logjam" in providing discovery has not broken.

53. Finally, Debtor's counsel argues that discovery in the bankruptcy case and the Adversary Case should be consolidated to avoid duplicate production obligations. Since the Debtor has produced no substantive discovery in either case, he can hardly be heard to complain

about duplication. It appears more likely that Debtor seeks to limit discovery to the Adversary Case so that he may avoid the type of relief at issue here. Due to the failure to comply with discovery obligations in either case, this relief should be denied.

54. For each of the foregoing reasons, it is respectfully requested that Debtor's petition be dismissed, or in the alternative, that Debtor be barred from presenting further evidence on the issues raised, and the burden shifted to Debtor on the issue of failure to maintain financial records.

WHEREFORE, the Geertgens respectfully request that Court dismiss Debtor's case, or provide further relief in accordance with Fed.R.Civ.P. 37 via Fed.R.Bankr.P. 7037.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been mailed by U.S.First class mail this 17th day of March 2025, to debtor, RIC F. MALIK, at PO BOX 756, VIEQUES, PR 00765-0756 and to his counsel at his email of record, FREDERIC CHARDON DUBOS, Esq. at fcdlaw2020@gmail.com; and with the Clerk of the Court using the CM/ECF System, which will send notification to the CM/ECF participants.

O'NEILL & GILMORE
LAW OFFICE, LLC
City Towers, Suite 1701
252 Ponce de León Avenue
San Juan, Puerto Rico 00918
Phone: 787/620-0670
Fax: 787/620-0671
Email: cpg@go-law.com

By: /s/ Charles P. Gilmore
Charles P. Gilmore, Esq.
USDC No. 209614

GOLDBERG & WOLF, LLC
1949 Berlin Road, Suite 201
Cherry Hill, New Jersey 08003
Phone: 856-651-1600
Fax: 856-651-1615
Email: wwolf@goldbergwolf.com

By: /s/ Warren S. Wolf
Warren S. Wolf, Esq.
Co-counsel admitted Pro Hoc Vice