IN THE UNITED STATES BANKRUPTCY COURT FOR

THE DISTRICT OF PUERTO RICO

| IN RE: RIC F. MALIK | CASE NO: 23-03241-ESL7 |
| --- | --- |
| | Chapter 7 |
| | **RESPONSE TO ORDER TO SHOW CAUSE ENTERED 3/27/25** <br><br> **BY EARL AND TAMA GEERTGENS** |

1. This submission responds to the Court's Order entered 3.27.25 seeking the Geertgens' position on a certification submitted by the Debtor, Ric Malik, filed March 18, 2025 as Document Entry #71. The discovery responses were provided, after the Court issued an Order to Show Cause (Docket Entry #53), for dismissal of the Debtor's case based upon his failure to provide discovery.

2. The recent submission made by the Debtor does not supplement the discovery served, nor does it resolve the outstanding deficiencies in that discovery, or satisfy the outstanding discovery requests in the Adversary Proceeding, or explain any of the very serious conflicts raised by that which has been provided thus far. Debtor's discovery responses remain significantly deficient, and fail to establish a good faith effort at completion of discovery.

The Geertgens Opposition filed on 3/18/25 at Docket Entry # 70 to the Debtor's Motion to be in Compliance with Discovery is incorporated herein by reference and not repeated for the sake of brevity.

3. It continues to be the Geertgens' positions that the Debtor's case should be dismissed, or alternative relief granted. See, Bankr. R. 7037, incorporating F.R.Civ. P 37.

4. The discovery provided purposely omits key information, fails to clarify omissions and inaccuracies in the petition, and fails to respond to specific outstanding requests.

5. Debtor now adds only that he has made a diligent search, and has no records in his possession, custody or control. But when viewed in light of prior statements made by this Debtor, on the issues that are the subject matter of the discovery, the rote recitation of the discovery rules does not satisfy his burden.

6. Debtor's responses still fail to address the most basic issues raised within the Geertgens' response to the Order to Show Cause.

    A. Undisclosed Assets. Debtor does not respond to deny any of the allegations made regarding assets undisclosed in his petition. Nor does he provide discovery addressed to these. He continues to seek to hinder discovery by refusing to disclose assets. His submission highlights his omission, rather than satisfying his burden. Debtor offers no explanation at all. His view appears to be that if he ignores that which is omitted from his petition, he has done his job. But the petition remains inaccurate, and the discovery remains wholly lacking in substances.

    B. Bank Accounts; Mortgage Obligations. Debtor continues to refuse to provide documents regarding bank accounts and mortgage obligations, both of which he clearly has the ability to obtain. He does not deny existence of undisclosed accounts. To the

contrary, he merely seeks to disregard these, as if they don't exist, offering no explanation as to why he has not obtained the documents from financial institutions, and relies upon a rote recitation claiming no custody or control. He quite obviously does have such custody and control over these financial accounts, and no explanation has (or can be) offered. The conclusory certification is unacceptable to resolve the issues.

C. Omitted Property Assets. Debtor does not deny the omission of valuable property from his petition. Nor does he offer any explanation for failing to respond to requests regarding such property, other than a conclusory and generic response that all available documents have been produced. In reality, this means that no information and no documents have been produced. It does appear that Debtor believes himself better off producing nothing, than responding to the inquiries made. His responses remain deficient.

D. Loan from Brother. Debtor also continues to bolster his petition with an apparent sham loan to his brother. He does not seek to explain the bald discrepancies provided in his own testimony and petition, in the case thus far, and provides only a bald assertion that "no documents are available." At this late date, the certification is too little, too late.

7. Debtor was also served with discovery requests in the Adversary Proceeding, which was filed after the 2004 examination. Those discovery requests are specific to the claims asserted in the Adversary Proceeding, including the transfer of protected assets of Moorestown Construction, LLC, the filing of this case in Puerto Rico despite residency in New Jersey for Debtor's entire life, the lack of records establishing any of his financial history, assets, companies, or debts, and the refusal to acknowledge assets in his petition.

8. Since the filing of the Geertgens response in this matter, Debtor has served an identical copy of the document response filed here, in response to the Geertgens' numbered requests.

9. Debtor has not provided satisfactory responses to the discovery served. In summary, Debtor has failed in the following respects:

    a. He has not provided individual responses to the document requests.

    b. Responses served do not respond individually to requests made, instead lumping together large numbers of requests under Debtor's own summary headings that do not properly correspond to the requests.

    c. Debtor has failed to provide meaningful responses to the document requests, instead relying upon vague assertions about documents he refuses to provide.

    d. Debtor has not made any meaningful production, and matters within his control.

10. For each of the foregoing reasons, it is respectfully requested that Debtor's petition be dismissed, or in the alternative, that Debtor be barred from presenting further evidence on the issues raised, and the burden shifted to Debtor on the issue of failure to maintain financial records.

    WHEREFORE, the Geertgens respectfully request that Court dismiss Debtor's case, or provide further relief in accordance with Fed.R.Civ.P. 37 via Fed.R.Bankr.P. 7037.

I HEREBY CERTIFY that on this 9th day of April, 2025, a true and correct copy of the foregoing has been emailed to debtor's counsel at his email of record, FREDERIC CHARDON DUBOS, Esq. at fcdlaw2020@gmail.com; and with the Clerk of the Court using the CM/ECF System, which will send notification to the CM/ECF participants.

O'NEILL & GILMORE
LAW OFFICE, LLC
City Towers, Suite 1701
252 Ponce de León Avenue
San Juan, Puerto Rico 00918
Phone:  787/620-0670
Fax:      787/620-0671
Email:   cpg@go-law.com

By:  /s/ Charles P. Gilmore
Charles P. Gilmore, Esq.
USDC No. 209614

GOLDBERG & WOLF, LLC
1949 Berlin Road, Suite 201
Cherry Hill, New Jersey 08003
Phone:  856-651-1600
Fax:      856-651-1615
Email:   wwolf@goldbergwolf.com

By:  /s/ Warren S. Wolf
Warren S. Wolf, Esq.
Co-counsel admitted Pro Hoc Vice
