IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In Re: | Case No. 23-03241-ESL7 |
| RIC F. MALIK., | Chapter 7 |
| Debtor. | |

### MOTION TO STRIKE FILINGS OR FOR LEAVE TO REPLY

COMES NOW, by its counsel of record, Earl and Tama Geertgens (the "Geertgens") who respectfully states and prays as follows:

1. On November 20, 2024, the Geertgens filed a motion to compel discovery, regarding certain documents requested during a 2004 examination undertaken in preliminary investigation of the above referenced adversary proceeding. Counsel for the Debtor sought extension of time to respond through late in 2024, but then failed to provide any further response. Dkt # 44.

2. On February 19, 2025, the Court issued an Order To Show Cause as to why Debtor's case should not be dismissed for failure to comply with this Court's last order granting an extension of time to comply with discovery. Dkt # 53.

3. On February 25, 2025, the Court issued a subsequent order, requiring that counsel for the Geertgens state their position as to Debtor's answer to the Court Order to Show Cause. Dkt # 56.

4. On March 18, 2025, Geertgens filed a response to the Court's order of February 25, 2025 stating the Geertgens' position on outstanding discovery. Dkt # 68. The Geertgens' position was that discovery remained significantly deficient, in both this case and the pending Adversary Proceeding. That remains true today.

1

5. Also on March 18, 2025, Debtor filed a pleading utilizing the /s/ signature for his counsel, briefly certifying that all documents in his possession had been produced. Dkt # 71.

6. On March 27, 2025, the Court entered an order requiring that the Geertgens' state their position as to the Debtor's certification. Dkt # 74.

7. On April 9, 2025, the Geertgens' filed a statement of their position. Dkt # 78. The Geertgens' position was the discovery remained significantly deficient, in both this case and the pending Adversary Proceeding. That remains true today.

8. Debtor, who continues to be represented by counsel in the case, has filed several pleadings on his own. These include the following:

    - Motion in Compliance with Discovery Request, Dkt # 58
    - Motion Resigning Legal Representation of Debtor's Attorney, Dkt # 59,
    - Motion to Vacate Order to Show Cause, Dkt # 61.

9. These filing were met with the following responsive orders:

    - Motion in Compliance with Discovery Request: (Opposition at Dkt # 70) – Open
    - Motion resigning legal representation of Debtor's Attorney (Dkt # 59) (Opposition at Dkt # 67) – Court entered an order on March 27, 2025, holding in abeyance Debtor's motion to proceed pro se on certain conditions. Dkt # 72
    - Motion to vacate order to show cause, Dkt # 61 (Opposition at Dkt # 68), Open.

10. Debtor now pro se filed his Debtor's Response to Creditor's Motion to Dismiss, and Opposition to Sanctions, Dkt # 79.

2

11. Debtor now apparently seeks to oppose the motion to compel discovery filed in November, 2024. This appears to be filed as a means of further response on the Court's Order To Show Cause. The time for response to this motion has long passed, and no leave has been granted to make further filings.

12. Debtor makes these filings on a pro se basis, in disregard of the fact that the Court has not granted his motion to proceed pro se, and he has not substituted for his counsel of record. Counsel remains of record in the case.

13. The Geertgens respectfully request that the Court provide guidance on how to proceed, given the procedural irregularities of the filings made by this *pro se* Debtor.

14. Any motion or other filing is required to be signed by counsel, as counsel of record remains in the case to the date of this filing. Fed R. Bnkr. P. 9011. The filings are not acceptable on a pro se basis, and should be stricken. Geertgens seek dismissal of the filing entitled "response to Creditor's Motion to Dismiss" Dkt # 79, on this basis.

15. Debtor should be barred from further pro se filings, while his counsel remains of record.

16. If the Court will accept the filings pro se, it is respectfully requested that the Geertgens be provided an opportunity to reply, to further address the new issues raised, to the extent that the Debtor has addressed the status of discovery anew.

17. Debtor also appears to seek affirmative relief, although no motion has been filed. This includes an apparent claim for sanctions against the Geertgens for violation of the automatic stay. If affirmative relief is requested by Debtor, a proper motion seeking such relief should be required.

WHEREFORE, the Geertgens respectfully request that this Honorable Court grant this motion (i) striking filing Document 79, or providing guidance on how to respond to inappropriate

*pro se* filings; (ii) granting leave for the Geertgens to file a Reply to the Debtor's Response to Creditor's Motion to Dismiss, and Opposition to Sanctions; and (iii) requiring that the Debtor file a separate motion in the event that any affirmative relief is requested.

## NOTICE

Within fourteen (14) days after service as evidenced by the certification, and an additional 3 days pursuant to F.R.B.P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the objection will be deemed unopposed and may be granted unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the court, the interest of justice requires otherwise. If you file a timely response, the court may, in its discretion, schedule a hearing.

I HEREBY CERTIFY that on this 17th day of April, 2025, a true and correct copy of the foregoing has been emailed to debtor's counsel at his email of record, FREDERIC CHARDON DUBOS, Esq. at fcdlaw2020@gmail.com; and with the Clerk of the Court using the CM/ECF System, which will send notification to the CM/ECF participants.

O'NEILL & GILMORE
LAW OFFICE, LLC
City Towers, Suite 1701
252 Ponce de León Avenue
San Juan, Puerto Rico 00918
Phone: 787/620-0670
Fax: 787/620-0671
Email: cpg@go-law.com

By: _/s/ Charles P. Gilmore_____
Charles P. Gilmore, Esq.
USDC No. 209614

GOLDBERG & WOLF, LLC<br>
1949 Berlin Road, Suite 201<br>
Cherry Hill, New Jersey 08003<br>
Phone: 856-651-1600<br>
Fax: 856-651-1615<br>
Email: wwolf@goldbergwolf.com<br>
<br>
By: _/s/ Warren S. Wolf_____<br>
Warren S. Wolf, Esq.<br>
Co-counsel admitted Pro Hoc Vice

5