IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In Re: | Case No. 23-03241-ESL7 |
| RIC F. MALIK., | Chapter 7 |
| Debtor. | |

**GEERTGENS' OPPOSITION TO**
**DEBTOR'S MOTION TO SEAL**

**TO THE HONORABLE COURT**:

COMES NOW, creditors Earl Geertgens and Tama Geertgens ("the Geertgens"), represented by the undersigned legal counsel, respectfully submit the following in opposition to motion to seal filed by the Debtor, Ric F. Malik (Doc #83):

1. Debtor submits a motion to seal in reference to a claimed pending motion to enforce the automatic stay and for sanctions. No underlying motion to dismiss is pending, there is no basis to seal the unfiled records, and this motion is deficient because it is not signed by counsel of record.

2. The motion to seal should be denied, as lacking viable factual basis for any relief.

3. The motion to seal is made in reference to a motion that Debtor claims to have filed previously. But there is no actual prior motion filing, and thus the motion to seal does not offer a basis to seal any portion of any pending motion.

4. It appears that Debtor is instead referring to his "Response to Creditor's Motion to Dismiss" at Dkt # 79. But this is not a motion, and there is no pending Motion to Dismiss. It is merely a further response on the Court's Order to Show Cause (Dkt # 53), or an extremely late-filed opposition to the Geertgens' motion to compel (Dkt # 44).

1

5. In the Response document filed at Docket # 79, Debtor appears to claim that his wife has suffered physical or mental harm arising from alleged violations of the automatic stay provisions of the bankruptcy code. No specific allegations are made to support the claim, which rely solely upon conclusory allegations.

6. Debtor's wife is not a co-debtor in the bankruptcy, not a party to the Geertgens Adversary Proceeding, nor a party to the prior New Jersey litigations (now dismissed as to the Debtor). She has not served as a witness in any of these proceedings, until now.

7. One is hard-pressed to imagine how the condition of the Debtor's wife is relevant to the Court's Order To Show Cause regarding the status of discovery, or to the Geertgen's motion to compel. No link has not been offered other than familial status. But how this impacts upon Debtor's own case is wholly unclear.

8. As a result, the filing of documents regarding the condition of Debtor's wife's does not warrant the Court's consideration. They need not have been submitted, and do not further the cause. Moreover, they are submitted voluntarily, and with the expressed intention of placing the condition of Debtor's wife in issue in the case, for Debtor's benefit.

9. Where one puts one's physical condition at issue, the right of privacy is waived, and that physical condition is open for examination in the case. In re Adam Aircraft Indus., Inc., 422 B.R. 263, 269 (Bankr. D. Colo. 2009)(Right to privacy waived where actual medical condition is at issue); In re Aprobacion Rs. Proc. Civ., 76 P.R. Offic. Trans. 38 (P.R. Sept. 4, 2009)(Right to privacy is waived for medical or psychological records, where party places physical condition at issue). Even assuming that the records might have some relevance, and that Debtor seeks to utilize them for that purpose, they are no longer entitled to be held as private, if he chooses to file them with this Court.

2

10. Debtor also fails to explain how the medical condition of his estranged wife might possibly be relevant to his own claims, much less the status of his own discovery obligations. Nor does his separate submission to the Court at Doc # 79 do so.

11. Debtor seeks relief in reliance upon 11 U.S.C. § 107(b), which allows for protection of trade secrets and commercial sensitive information, or scandalous or defamatory matter. Debtor offers nothing to explain how that statute might apply here, where no such matters are alleged to exist.

12. Contrary to Debtor's assertion, 11 U.S.C.A. § 107 provides that "a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge." Thus it is the general rule that "[f]iling for bankruptcy is a public act and, accordingly, all papers filed in bankruptcy cases and the dockets of bankruptcy courts are public documents subject to examination by members of the public." In re Rivera, 524 B.R. 438, 441 (Bankr. D.P.R. 2015), citing 2 *Collier on Bankruptcy* ¶ 107.02 (15th ed. 2008).In re Joyce, 399 B.R. 382, 385 (Bankr. D. Del. 2009).

13. "Where a party filing a motion to seal 'has not demonstrated that the filing of the [document at issue] falls within the articulated exceptions to the Bankruptcy Code's general rule that all documents in a bankruptcy case be available to the public, *See* 11 U.S.C. § 107(a) and (b); the motion to seal should be denied." Id., In re Hemple, 295 B.R. 200, 202 (Bankr. D. Vt. 2003). Debtor offers no factual basis for application of 11 U.S.C. § 107 here, and thus the motion must be denied.

14. Debtor also relies upon Fed. R. Bankr. P. 9037, protecting personal identifying information. Again, Debtor offers nothing to explain how the rule might apply in this case,

3

where personal identifying information is not what is sought to be protected. The rule is irrelevant to the motion to seal.

15. Finally, Debtor advises the Court, that "Courts routinely permit the sealing of medical records" where such records are "relevant" in the proceedings. No authority is cited for this broad proposition, which runs flatly contrary to waiver by voluntary assertion of a claim, and the restrictive limitations of 11 U.S.C. § 107(b).

16. Debtor raises no real argument that the provisions of § 107 are applicable in this case, and thus the general rule of public access applies. More importantly, the Court should not expend its time and efforts on a motion to seal, where (i) there is no motion pending to which the records would serve as evidence; (ii) sealing the records would run contrary to the basic rule that a party who puts their condition at issue waives a right of privacy; (iii) nothing compels Debtor to make disclosure of his wife's condition; he does it voluntarily to bolster his own purported claim (iv) Debtor has no standing to raise and pursue his wife's alleged claim, or to claim her damages as his own; (v) Debtor's wife does not ask this Court for relief; (vi) the records referenced have no relevance to the matter before the Court, which is limited to reporting on the status of discovery; and (vii) no allegations of any specific wrongdoing is offered for the Court's consideration and it would be a fruitless effort to consider and seal records on an obviously meritless claim. The motion to seal should be denied.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been emailed this 21st day of April, 2025, to debtor's counsel at his email of record, FREDERIC CHARDON DUBOS, Esq. at fcdlaw2020@gmail.com; and with the Clerk of the Court using the

4

CM/ECF System, which will send notification to the CM/ECF participants.

**O'NEILL & GILMORE
LAW OFFICE, LLC**
City Towers, Suite 1701
252 Ponce de León Avenue
San Juan, Puerto Rico 00918
Phone: 787/620-0670
Fax: 787/620-0671
Email: cpg@go-law.com

By: /s/ Charles P. Gilmore _____
Charles P. Gilmore, Esq.
USDC No. 209614

**GOLDBERG & WOLF, LLC**
1949 Berlin Road, Suite 201
Cherry Hill, New Jersey 08003
Phone: 856-651-1600
Fax: 856-651-1615
Email: wwolf@goldbergwolf.com

By: /s/ Warren S. Wolf _____
Warren S. Wolf, Esq.
Co-counsel admitted Pro Hoc Vice

5