IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In Re: | Case No. 23-03241-ESL7 |
| RIC F. MALIK., | Chapter 7 |
| Debtor. | |

**GEERTGENS' MOTION TO STRIKE AND LIMIT
PRO SE FILINGS**

**TO THE HONORABLE COURT**:

COMES NOW, creditors Earl Geertgens and Tama Geertgens ("the Geertgens"), represented by the undersigned legal counsel, respectfully submit the following Motion to Strike Pro Se Filings by the Debtor, Ric F. Malik while he is represented by counsel ("MTS") and bar him from further pro se filings while he is represented by counsel in this Court ("MTS"):

1. Since the Debtor is represented by counsel before this Court, this MTS seeks to strike the following pro se filings by Debtor:

    a. Motion in Compliance with Discovery Request, Dkt # 58
    b. Motion Resigning Legal Representation of Debtor's Attorney Dkt # 59
    c. Motion to Vacate Order to Show Cause, Dkt # 61
    d. Debtor's Response to Creditor's Motion to Dismiss, Dkt # 79
    e. Debtor's Answer to Order Regarding Pro Se representation, Dkt # 80; and
    f. Motion to Seal Document, Dkt # 83.

2. . The filings are deficient because they are not signed by counsel of record. Debtor's *pro se* filings should be stricken by the Court, and further *pro se* filings barred.

3. Debtor is represented by counsel of record. His motion to proceed pro se was last held in abeyance by the Court, and not granted. No substitution has been filed. Counsel remains of record. Any filings must be signed by counsel.

1

4. Debtor has advised by separate filing, at Docket # 80, that even if he proceeds *pro se*, he also seeks leave of the Court to be represented by counsel, Javier Vilariño., Esq., on an *ad hoc* basis and apparently without filing of a substitution of counsel. Mr. Vilariño has not entered an appearance in the case, nor advised the Court of his willingness to serve as counsel for the Debtor. Thus, Debtor effectively seeks to be represented by counsel when it suits his purposes, and to proceed on his own when he wishes to be heard directly by the Court. This runs contrary to the requirements of applicable Court rules.

5. In the event that Mr. Vilariño. might choose to represent the Debtor, the Court's rules require that all pleadings include the signature of the attorney of record, where there is one. Fed. R. Bankr. P. 9011. The rule provides, in relevant part:

   > (a) Signature. Every petition, pleading, written motion, and other paper, except a list, schedule, or statement, or amendments thereto, shall be signed by at least one attorney of record in the attorney's individual name. A party who is not represented by an attorney shall sign all papers. Each paper shall state the signer's address and telephone number, if any. An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party.

6. The purpose of Fed. R. Bankr. P. 9011 is to "deter baseless filings in bankruptcy court and thus avoid unnecessary judicial effort, the goal being to make proceedings in that court more expeditious and less expensive." In re Terron Hernandez, 513 B.R. 172, 180 (Bankr. D.P.R. 2014). That goal is not being satisfied, where a *pro se* party utilizes counsel to provide law without reference to the facts of the case, and then the Debtor disregards the procedural rules of the Court and the facts of the case in presenting his own position to the Court. This is the very harm that Rule 11 seeks to avoid.

7. As the result of the requirements of the Rule, a represented party may not file pleadings without their own counsel's signature. Debtor has repeatedly violated this rule. Moreover,

2

Debtor appears to also be submitting attorney drafted documents, without the requisite attorney signature. This provides the Court and counsel with adequate notice of drafting, and imposes the responsibility of Rule 11 requirements.

8. Debtor here has repeatedly submitted improper documents to the Court, without counsel signature, including the following:

    a. Motion in Compliance with Discovery Request, Dkt # 58
    b. Motion Resigning Legal Representation of Debtor's Attorney Dkt # 59
    c. Motion to Vacate Order to Show Cause, Dkt # 61
    d. Debtor's Response to Creditor's Motion to Dismiss, Dkt # 79
    e. Debtor's Answer to Order Regarding Pro Se representation, Dkt # 80; and
    f. Motion to Seal Document, Dkt # 83.

9. As the docket stands, the pleadings are wholly inappropriate and should be stricken by the Court. They cause needless confusion and duplicative efforts. Several are filed without leave of Court, and without accurate reference to prior filings. They render the docket very difficult to decipher, and are substantively deficient. The Geertgens request that Debtor's unauthorized filings be stricken, and that he be barred from further *pro se* filings while his counsel remains of record.

10. "Court rules must be followed by all litigants in order to maintain a level playing field." United States v. Baxter, 841 F. Supp. 2d 378, 383 (D. Me. 2012), aff'd, No. 12-1196, 2012 WL 13228558 (1st Cir. Sept. 10, 2012). "Thus, '*pro se* litigants are not excused from complying with the Federal Rules of Civil Procedure or the Local Rules of this district.'" Id., citing Philbrick v. Me. Dep't of Health and Human Servs., 616 F.Supp.2d 123, 126 n. 3 (D.Me.2009); FDIC v. Anchor Props., 13 F.3d 27, 31 (1st Cir.1994).

11. Here, Debtor has gone far afield of the applicable rules. The requirement for consideration of such filings needlessly hinders the Geertgens' own ability to proceed in an orderly

3

manner. The Court must remain cognizant of the fact that "in attempting to be fair to the *pro se* party who has not fully complied with the Rules, the Court cannot be unfair to the represented party who has." United States v. Baxter, 841 F. Supp. 2d at 383.

12. So that this case may resume some semblance of order, it is requested that the Court strike the filing made *pro se*, at Dkt # 58, Dkt # 59, Dkt # 61, Dkt # 79, Dkt # 80; and, Dkt # 83 , each filed by the Debtor while his attorney remains of record in the case, and that Debtor be barred from further filings while his counsel continues to remain of record in the case.

**NOTICE**

Within fourteen (14) days after service as evidenced by the certification, and an additional 3 days pursuant to F.R.B.P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the objection will be deemed unopposed and may be granted unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the court, the interest of justice requires otherwise. If you file a timely response, the court may, in its discretion, schedule a hearing.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been emailed this 21st day of April, 2025, to debtor's counsel at his email of record, FREDERIC CHARDON DUBOS, Esq. at fcdlaw2020@gmail.com; and with the Clerk of the Court using the CM/ECF System, which will send notification to the CM/ECF participants.

4

**O'NEILL & GILMORE
LAW OFFICE, LLC**
City Towers, Suite 1701
252 Ponce de León Avenue
San Juan, Puerto Rico 00918
Phone: 787/620-0670
Fax: 787/620-0671
Email: cpg@go-law.com

By: /s/ Charles P. Gilmore
Charles P. Gilmore, Esq.
USDC No. 209614

**GOLDBERG & WOLF, LLC**
1949 Berlin Road, Suite 201
Cherry Hill, New Jersey 08003
Phone: 856-651-1600
Fax: 856-651-1615
Email: wwolf@goldbergwolf.com

By: /s/ Warren S. Wolf
Warren S. Wolf, Esq.
Co-counsel admitted Pro Hoc Vice

5