RECEIVED AND FILED PRO SE
UPLOAD TOOL 04/21/2025 - 04:28 PM
USBC
(WRT)

**UNITED STATES BANKRUPTCY COURT DISTRICT OF PUERTO RICO**

IN RE:
Ric F. Malik, Debtor
Chapter 7
Case No.: 23-03241-ESL7

**MOTION TO ENFORCE AUTOMATIC STAY AND FOR SANCTIONS DUE TO VIOLATIONS BY KAREN MURRAY**

NOW COMES the Debtor, Ric F. Malik, pro se, and respectfully moves this Honorable Court to enforce the automatic stay and impose sanctions pursuant to 11 U.S.C. § 362 and § 105. In compliance with the Court's Order entered on March 27, 2025 (Dkt. #72), I confirm that I am proceeding pro se in both the main case and Adversary Proceeding No. 24-00015-ESL. My contact information and electronic address remain on file and are reaffirmed at the end of this motion. In support thereof, the Debtor states as follows:

## I. INTRODUCTION

This motion arises from a deliberate and sustained campaign of willful violations of the automatic stay by creditors Earl and Tama Geertgens and their attorney, Karen Murray, in clear contravention of 11 U.S.C. § 362. Upon the filing of the Debtor's Chapter 7 petition on October 6, 2023, the automatic stay immediately prohibited all efforts to collect, enforce, or pursue claims against the Debtor and property of the estate. Despite receiving formal notice of the bankruptcy case and the protections afforded by law, the Geertgens and Ms. Murray have continued with litigation, issued subpoenas, contacted my son's clients and family members of the Debtor, and carried out actions designed to harass and intimidate.

These actions have not only disrupted the financial affairs of the Debtor and his estate, but have also directly interfered with third parties, including the Debtor's son and wife, resulting in severe and ongoing emotional, physical, and financial harm. Among the consequences are the freezing of bank accounts, client loss in their business, and a medical crisis that has left the Debtor's wife permanently disabled and their family home in foreclosure.

This Motion is brought pursuant to 11 U.S.C. §§ 362 and 105, seeking enforcement of the stay, return of funds seized in violation thereof, and the imposition of sanctions, including actual and punitive damages. The facts show a repeated and willful pattern of disregard for the stay, constituting both direct and indirect violations of the Bankruptcy Code and undermining the authority of this Court. The Debtor respectfully requests that the Court exercise its equitable powers to stop these violations, compensate those harmed, and uphold the integrity of the bankruptcy process.

The Debtor brings this motion not only to enforce the protections of the Bankruptcy Code but also to preserve the integrity of this Court's authority and to seek redress for the harm already inflicted.

On October 6, 2023, the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Upon filing, the automatic stay pursuant to 11 U.S.C. § 362(a) took immediate effect, staying all collection actions, litigation, and efforts to enforce prepetition claims.

Despite receiving proper and timely notice, creditors Earl and Tama Geertgens and their attorney, Karen Murray, have continued to pursue litigation and engage in collection activity in direct violation of the stay. These actions compel judicial intervention, not only to halt further misconduct but to remedy the serious damage already caused to the Debtor and his household.

The Debtor further rejects the false narrative advanced by opposing counsel that suggests this bankruptcy filing was initiated in bad faith or intended to evade judicial process. The relocation to Puerto Rico occurred months before the filing and was motivated by personal and familial reasons. All records available to the Debtor have been shared or will be supplemented, and any perceived shortcomings are the result of lost access and dissolved entities, not willful noncompliance. The Debtor has filed a sworn declaration [Exhibit A] explaining these matters in detail and asks the Court to weigh the substance of cooperation over procedural nitpicking by opposing counsel.

The Debtor has filed a sworn declaration [Exhibit A] and attaches supporting documents cited throughout this motion. A complete Master Exhibit List, filed separately on April 21, 2025, is incorporated by reference.

---

## II. NOTICE OF STAY AND KNOWLEDGE BY PARTIES

4. On or before October 12, 2023, creditors Earl and Tama Geertgens and their attorney, Karen Murray, were properly served with formal notice of the Debtor's Chapter 7 bankruptcy filing and the automatic stay. This notice was issued by the Bankruptcy Noticing Center and delivered via both electronic transmission and certified mail. In addition, a true and correct copy of the official notice (Form 309B) was hand-delivered to Attorney Karen Murray's office located at 8 East Main Street, Moorestown, New Jersey 08057, and again by Mark Molz Esq. Exbibit CC.

5. Despite these notices, Attorney Murray and the Geertgens continued with post-petition litigation and enforcement actions, including direct interference with the Debtor's family and assets. These actions constitute a **willful violation** of the automatic stay under 11 U.S.C. § 362(a), as they occurred after actual knowledge of the bankruptcy filing.

## III. VIOLATIONS OF THE AUTOMATIC STAY

Each of these actions—serving subpoenas, continuing litigation, and communicating with non-debtor parties—constitutes a distinct and actionable violation of 11 U.S.C. § 362(a). Taken together, they establish a clear pattern of willful conduct under § 362(k), particularly because they occurred after actual notice was received. Courts have consistently held that post-petition acts which exert pressure on a debtor's family or business relationships are just as impermissible as direct acts against the debtor. See *In re Lansdale Family Rests., Inc.*, 977 F.2d 826 (3d Cir. 1992). **Exhibit X.**

Debtor respectfully reserves the right to supplement this Motion with additional evidence as it becomes available, including but not limited to documents recently filed by opposing counsel that support the claims herein.

6. After being served with notice of the bankruptcy:

   - Attorney Karen Murray continued litigation in Superior Court of New Jersey, Case No. BUR-L-1741-23. *(see Exhibit X – NJCourts.gov Case Summary)*

   - She pursued subpoenas and claims against the Debtor's son, Andrew Malik, and his company, MC Remodeling LLC.

   - She caused or facilitated the freezing of bank accounts and contacted clients of MC Remodeling LLC and Karen Malik. *See Exhibit AA*

   - She served legal notices on the Debtor's wife, Karen Malik, who is not a party to the bankruptcy proceeding. Aggressive individuals attempted to serve Ric Malik by banging on both the front and rear doors of their home. On another occasion, while Karen Malik was outside cooking, a man trespassed onto the property—clearly marked with "No Trespassing" signs—and threw papers at her after being informed that Ric Malik did not reside there. These papers were later returned to Mark Molz, Esq., who now and then represents Andrew Malik. *(see Exhibit B – Affidavit of Karen Malik, Supplemental)*

   - On information and belief, Karen Murray is acting at the direct instruction of creditor Earl Geertgens in her aggressive post-petition pursuit of claims, including those that directly target the Debtor's family and violate the spirit and letter of the automatic stay.

   - These actions are part of a broader, multi-jurisdictional pattern of creditor harassment designed to outmaneuver the bankruptcy protections afforded by this Court. Despite being notified of the bankruptcy stay, Attorney Murray has continued with New Jersey state court proceedings, demanded duplicative discovery in both the main case and adversary proceeding, and pursued third-party individuals (Andrew Malik and Karen Malik) who are not named debtors in this case. (see Exhibit BB – Filing Summary of Karen Murray's 27 Post-Stay Actions)

3

## IV. IRREPARABLE HARM TO THE MALIK FAMILY

7. These actions have resulted in substantial and ongoing damage to the Debtor's wife and son's household:

- Karen Malik suffered a severe mental and physical health crisis following sustained harassment and legal pressure from creditors in violation of the automatic stay.

• Following Thanksgiving 2023, Karen Malik suffered a serious psychological breakdown that required nearly one month of hospitalization in the ICU, followed by 24-hour care for more than a month after her return home. She has since been diagnosed with PTSD and trauma-related anxiety, and continues to undergo intensive therapy and medical supervision. Exhibits II–JJ (sealed medical documentation, pending submission)

• She suffers from permanent nerve damage to her right arm, having endured five surgeries to date, with two additional operations scheduled.

• Due to chronic pain, emotional trauma, and a regimen of 24-hour narcotic painkillers, she is medically unable to work or resume normal activity.

• These compounded injuries, along with financial destabilization caused by creditor interference, have forced the foreclosure of the family's primary residence and ongoing financial hardship for the Debtor's household.

8. These consequences are a direct result of the continued legal pressure and interference by the Geertgens and their counsel.

9. These claims are supported by the sworn affidavits of Karen Malik, Andrew Malik, and the Debtor, Ric Malik, which are attached hereto as Exhibits A, B, and C, and incorporated by reference herein.

10. Andrew Malik's business, MC Remodeling LLC, has suffered significantly due to the harassment of his clients by the creditors and their attorney. Clients have been subpoenaed, and some have withheld payments due to their mounting legal expenses. Andrew Malik now avoids displaying business signage or regular routes to his job sites out of fear. He has reported seeing unknown individuals banging on his doors and looking in his windows to serve papers, even after the stay was in place. The most recent interrogatories from Karen Murray included over ten of his active clients—names that could only have been obtained through surveillance. Andrew has personally seen Mr. Geertgens waiting in his vehicle outside his home. (see Exhibit U – Photo ).

11. Although the amounts frozen in the accounts of Andrew Malik ($5,147.86) and Karen Malik ($100) may appear modest, the impact was profound. The freezing of these funds disrupted normal business operations, instilled fear and anxiety, and created a chilling effect on their financial stability.

- For Andrew Malik, the account freeze hindered his ability to manage cash flow, pay suppliers, and maintain client trust, leading to a significant downturn in business operations.
- The freezing of Karen Malik's account served as a catalyst for a cascade of health issues, intensifying psychological distress and triggering overwhelming stress and a debilitating sense of helplessness.

12. The psychological toll of these actions cannot be overstated. The sense of financial instability and the fear of further legal actions have caused significant emotional distress to both Andrew and Karen Malik, affecting their mental health and overall well-being.

## V. LEGAL BASIS

11. Pursuant to 11 U.S.C. § 362(a), the filing of a bankruptcy petition imposes an automatic stay on most actions against the debtor, including the continuation of judicial proceedings, enforcement of judgments, and any act to collect, assess, or recover a claim against the debtor.

12. Under 11 U.S.C. § 362(k)(1), an individual injured by any willful violation of the stay is entitled to recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

13. A violation of the automatic stay is considered willful if the creditor knew of the bankruptcy filing and intentionally committed the act that violated the stay. It is not necessary for the creditor to have a specific intent to violate the stay. See *In re Jove Engineering, Inc.*, 92 F.3d 1539, 1555 (11th Cir. 1996).

14. Courts have held that creditors must not only cease actions that violate the stay but also take affirmative steps to correct the violation. Failure to do so can result in a finding of willful violation. See *In re Briskey*, 258 B.R. 473, 477 (Bankr. M.D. Ala. 2001).

15. Emotional distress damages are recoverable under § 362(k) when the debtor:

- Suffers significant emotional harm;
- Clearly establishes the significant harm; and
- Demonstrates a causal connection between the significant harm and the violation of the automatic stay. *U.S. Courts Orb*

See *In re Dawson*, 390 F.3d 1139, 1149 (9th Cir. 2004); *In re Snowden*, 769 F.3d 651, 656 (9th Cir. 2014).

16. Punitive damages may be awarded when the creditor's conduct demonstrates reckless or callous disregard for the law or the rights of others. See *In re Bloom*, 875 F.2d 224, 228 (9th Cir. 1989).

**17.** In cases where the creditor's actions are particularly egregious, courts have upheld awards for emotional distress and punitive damages. See *In re Snowden*, 769 F.3d at 657.

A. Efforts by the creditors and their attorney to extend stay violations to include postpetition litigation against non-debtor family members—including Karen and Andrew Malik—are improper and contrary to bankruptcy law. See *Maritime Elec. Co., Inc. v. United Jersey Bank*, 959 F.2d 1194 (3d Cir. 1991), where the court held that actions against third parties arising from the same core facts must also be stayed. The continuation of legal enforcement against these individuals is an abuse of process and further supports the imposition of sanctions. As further detailed in **Exhibit BB** (Tracking Table of Post-Stay Violations Filed by Karen Murray).

**18.** The actions of Karen Murray and the creditors, as detailed in this motion, constitute willful violations of the automatic stay, causing significant harm to the Debtor and his family.

Bankruptcy courts are courts of equity empowered under 11 U.S.C. § 105(a) to issue any order necessary to carry out the provisions of the Code. This includes corrective action and sanctions to uphold the integrity of the automatic stay. The conduct by Attorney Karen Murray is not only unauthorized under § 362—it is sanctionable under § 105, as it constitutes bad faith litigation and misuse of judicial process.

**19.** Since the initiation of the civil action BUR-L-001741-23 on September 12, 2023—just weeks prior to the filing of this bankruptcy case—Attorney Karen Murray has filed no fewer than **27 separate pleadings, motions, or briefs,** despite being on notice of the automatic stay as of October 12, 2023. These filings demonstrate a willful and ongoing campaign of post-petition litigation in clear violation of 11 U.S.C. § 362. Exhibit BB

## VI. ADDITIONAL FACTUAL BACKGROUND AND PROCEDURAL IRREGULARITIES

**18.** Upon realizing that I lacked substantial financial assets, Attorney Karen Murray expanded the scope of the lawsuit in Case No. BUR-L-1741-23 to include:

- Myself, Ric F. Malik;
- My most recent company in New Jersey, Moorestown Construction, LLC, which was dissolved in September 2023; Exhibit Z
- My son, Andrew Malik, and his company, MC Remodeling LLC.

**19.** Despite the protections triggered under 11 U.S.C. § 362 upon my Chapter 7 filing on October 6, 2023, Attorney Karen Murray has aggressively continued post-judgment litigation in Case No. BUR-L-002561-15, which originally concluded in 2019. The docket reflects ongoing filings including Motions

to Enforce Litigants' Rights, Writs of Execution, and even a Warrant of Arrest filed on July 21, 2023, and uploaded by the Court on August 10, 2023. *(see Exhibit K – Arrest Warrant Dated 8/10/2023)*

20. Shockingly, a **trial has been set for May 5, 2025**, demonstrating that despite being notified of the bankruptcy stay, Attorney Murray has neither dismissed nor stayed proceedings in the New Jersey Superior Court.

21. Further, Attorney Murray strategically omitted **R Malik Construction, LLC**—the company that performed the actual work in 2015 (on the Geertgen house), from her enforcement efforts. Instead, she added **Moorestown Construction, LLC**, my son **Andrew Malik**, and his company **MC Remodeling, LLC**, despite their lack of connection to the original contract. This targeting of uninvolved family and defunct entities reflects a willful intent to circumvent legal protections and intimidate those connected to the Debtor. (see Exhibit P – judgement against Ric Malik and R Malik Construction, LLC)

This strategic omission of R. Malik Construction, LL, the actual judgment debtor, in favor of targeting unrelated and dissolved entities and family members, reflects an intent to abuse the civil process and engage in collection by intimidation rather than lawful judicial enforcement. Courts have held that such misdirection, particularly when used to bypass bankruptcy protections, supports a finding of bad faith and warrants punitive relief. See *In re Dendy*, 396 B.R. 171 (Bankr. D.S.C. 2008)."

22. I was never notified of many of these proceedings after relocating to Vieques, Puerto Rico, and I lacked representation in New Jersey. These filings proceeded unopposed, giving Ms. Murray an uncontested platform to seek enforcement, including the unlawful seizure of funds from Andrew and Karen Malik just weeks before the bankruptcy filing.

23. These actions are not only ongoing and deliberate—they are in clear and continuing **violation of the automatic stay** under § 362 and constitute **bad faith litigation tactics**, warranting immediate enforcement of the stay and sanctions under § 362(k).

## VII. EXHIBIT LIST

The following key exhibits are attached in support of this Motion. A complete Master Exhibit List was filed separately on April 21, 2025 and is incorporated by reference.

- **Exhibit A:** Affidavit of Ric F. Malik – outlining the timeline of violations and personal observations of creditor misconduct
- **Exhibit B:** Affidavit of Karen Malik – detailing the psychological, physical, and financial harm suffered due to violations of the automatic stay

- **Exhibit C:** Affidavit of Andrew Malik – documenting client harassment, loss of business, and surveillance following the stay
- **Exhibit F:** Geertgen Pays Off Fire Departments – context related to insurance payout and reconstruction motive
- **Exhibit M:** Arrest Warrant for Ric Malik – Dated August 10, 2023
- **Exhibit O:** TD Bank Funds Frozen – showing post-petition interference with accounts
- **Exhibit U:** Geertgen Surveillance of Andrew Malik – includes field observations and incidents reported
- **Exhibit X:** Case Summary for BUR-L-001741-23 – showing ongoing post-judgment litigation
- **Exhibit Z:** Moorestown Construction LLC Dissolution – Dated September 12, 2023
- **Exhibit X:** Case Summary for BUR-L-001741-23 – NJCourts.gov activity log
- **Exhibit FF:** Lease for Home – proof of relocation to Puerto Rico
- **Exhibits AA–DD:** Karen Malik Medical Pictures – Reserved (under seal or pending submission)
- **Exhibit EE:** Karen Malik Insurance Bills – Reserved (under seal or pending submission)
- See Master Exhibit List Submitted on 4/21/25. Additional exhibits will be supplemented as permitted under Local Rule 9013-1(c).

## VI. PRAYER FOR RELIEF

WHEREFORE, the Debtor respectfully requests that this Court:

1. Enforce the automatic stay under 11 U.S.C. § 362;
2. Order Karen Murray and the Geertgens to immediately cease any and all actions in violation of the automatic stay, including but not limited to proceedings in the Superior Court of New Jersey, Case No. BUR-L-1741-23;
3. Order Karen Murray to return $5,147.86 to Andrew Malik, representing funds obtained in violation of the automatic stay, plus a servicing charge of $25 per month for 19 months ($475), totaling $5,622.86, as actual damages under 11 U.S.C. § 362(k);
4. Order Karen Murray to return $100 to Karen Malik, representing funds obtained in violation of the automatic stay, plus a servicing charge of $25 per month for 19 months ($475), totaling $575.00, as actual damages under 11 U.S.C. § 362(k);
5. Sanction the creditors and counsel for willful violations, including damages suffered by Karen Malik;

6. Award actual damages, costs, and appropriate punitive damages under 11 U.S.C. § 362(k);

7. Grant any further relief the Court deems just and proper.

8. The Debtor respectfully requests that the Court enforce the automatic stay under 11 U.S.C. § 362(a) and acknowledges that additional evidence supporting sanctions under 11 U.S.C. § 362(k) is forthcoming. The Debtor intends to supplement this motion with such evidence upon its availability.

9. The Debtor further requests that this Court **issue an order to show cause** why Attorney Karen Murray and the creditors should not be held in civil contempt for violation of the stay and for misuse of process under § 105(a), and that they be ordered to compensate the Debtor and his family for all actual and punitive damages resulting from these willful violations

10. The Debtor further requests that this Court take into consideration the emotional distress and psychological injury caused to Karen Malik as a result of the creditors' willful stay violations and order sanctions consistent with the damage outlined herein, pursuant to 11 U.S.C. § 362(k) and applicable case law including *In re Dawson*, 390 F.3d 1139 (9th Cir. 2004).

Respectfully submitted,

**Ric F. Malik**
Pro Se Debtor
756 Vieques, PR 00765
Email: ricmalik3@gmail.com
Phone: 787-530-7799
Dated: 4/21/25

9