## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In Re:<br><br>**RIC F. MALIK.,**<br><br>Debtor. | Case No. 23-03241-ESL7<br>Chapter 7 |

### MOTION TO EXTEND TIME TO RESPOND TO DEBTOR'S STAY VIOLATION MOTIONS (DKT # 86, 90 AND 95) AND CONSOLIDATE THEM TO BE HEARD TOGETHER

**TO THE HONORABLE COURT**:

COMES NOW, creditors Earl Geertgens and Tama Geertgens ("ETG"), represented by the undersigned legal counsel, and respectfully states as follows:

1. ETG seeks to extend the time to respond to Debtor's multiple alleged stay violation motions and have them all heard together in the interest of judicial efficiency.

2. The Debtor's first filed request to ask the Court to sanction ETG for allegedly willfully violating the stay is contained in his Response filing on April 9, 2025, at Dkt. 79.

3. The Order entered on April 22, 2025 (Dkt. 94) scheduled a hearing on this alleged stay violation issue, along with other issues as identified in the order, for August 8, 2025.

4. The Debtor has since filed at least three supplemental motions/ documents also seeking relief against ETG for allegedly violating the stay: Motion to Submitting Documents to Enforce Automatic Stay (Dkt. 86), Motion to Strike State Court Orders (Dkt. 90) and Motion for Sanctions Due to Alleged Stay Violations By ETG's NJ attorney, Karen Murray, Esquire (Dkt. 95).

5. Although not clear from the Debtor's filings, it is believed all of these filings are premised on the same facts: whether ETG and/or their NJ counsel, Ms. Murray, violated the automatic stay by continuing to prosecute the case filed in the New Jersey Superior Court

captioned, <u>Geertgens at al v. Malik, et al</u>, Docket No. BUR-L-1741-23 against Debtor's non-bankrupt co-defendants.[1]

6. These four filings, as well as some of the Debtor's other filings which may relate to these motions, contain substantial and extensive materials alleging significant harm has been caused to Debtor's family members.

7. However, Debtor's filings do not articulate exactly what conduct of ETG or Ms. Murray constitute violations of the stay or how they proximately caused the harm claimed.

8. ETG seeks additional time to evaluate these extensive filings and Debtor's supplemental filings which appear to relate to these motions to prepare ETG's opposition to same.

9. ETG also seeks time to investigate and potentially conduct discovery to better understand these claims and defend same, as the damages are alleged by third parties rather than the Debtor himself, and the facts are unknown to ETG. Fed.R.Bankr.P. 9014.

10. Debtor's motion to seal in Dkt. 83 relates directly to the matters to be heard by the Court on August 8, 2025, as raised by Debtor's submission in Dkt. # 79, and that includes evidence apparently withheld by Debtor and not yet submitted to the Court. In order to respond to the materials Debtor relies upon to support his claim, ETG must have the benefit of service of all such documents. At present, that has not yet occurred, and thus ETG cannot respond (See, Dkt # 86 Exhibit HH, II, JJ, KK, LL, MM (stated to be "Reserved" and not submitted via ecf filing).

11. ETG requests the relief sought by the Debtor in Dkts. 86, 90 and 95 be consolidated to be heard at the hearing on August 8, 2025 along with the issues presented in Dkt. 79 and previously scheduled for a fact-finding hearing on August 8, 2025, because they appear to relate

---

[1] It is undisputed that the NJ lawsuit has been stayed as to the Debtor since he filed his petition.

to the same claim and operative facts.

12. If the Court is inclined to hear all of these matters on August 8, 2025, it is further requested ETG be allowed to file its opposition to these motions 14 days prior to the August 8, 2025, hearing and Debtor file any reply to such opposition 7 days prior to the August 8, 2025, hearing.

WHEREFORE, ETG respectfully requests the Court consolidate the matters to be decided at Dkts #86, 90 and 95 to be heard on August 8, 2025, with ETG's opposition due 14 days prior and any reply by Debtor due 7 days prior to August 8, 2025.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, on this 5th day of May 2025.

### NOTICE

Within fourteen (14) days after service as evidenced by the certification, and an additional 3 days pursuant to F.R.B.P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the objection will be deemed unopposed and may be granted unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the court, the interest of justice requires otherwise. If you file a timely response, the court may, in its discretion, schedule a hearing.

I HEREBY CERTIFY that a true and correct copy of the foregoing has filed with the Clerk of the Court using the CM/ECF System, which will send notification to all CM/ECF participants.

**O'NEILL & GILMORE
LAW OFFICE, LLC**
City Towers, Suite 1701
252 Ponce de León Avenue
San Juan, Puerto Rico 00918
Phone: 787/620-0670
Email: cpg@go-law.com

By: /s/ Charles P. Gilmore

        Charles P. Gilmore, Esq.
        USDC No. 209614

**GOLDBERG & WOLF, LLC**
1949 Berlin Road, Suite 201
Cherry Hill, New Jersey 08003
Phone:  856-651-1600
Fax:     856-651-1615
Email:   wwolf@goldbergwolf.com

By: /s/ Warren S. Wolf
Warren S. Wolf, Esq.
Co-counsel admitted Pro Hoc Vice