IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| IN RE<br><br>RIC F. MALIK,<br><br>Debtor | CASE NO. 23-03241 (ESL)<br><br>CHAPTER 7<br><br>FILED & ENTERED MAY/09/2025 |
|---|---|

ORDER

This case is before the court upon the (i) *Notice of Pro Se Representation and Motion to Withdraw Former Counsel* (the "*Pro Se Motion*", dkt. #59) filed on March 4, 2025, (ii) the *Motion to Enforce Automatic Stay and For Sanctions Due to Violations By Karen Murray* (the "*Motion to Enforce Automatic Stay*", dkt. #90) filed on April 21, 2025, and (iii) the *Supplemental Motion to Declare State Court Orders Void and Reinforcement of Automatic Stay Pursuant to 11 U.S.C. § 362* (the "*Supplement*", dkt. #95) filed on April 22, 2025, by Debtor.[1]

For the reasons stated herein, the *Pro Se Motion* (dkt. #59) is GRANTED, and both the *Motion to Enforce Automatic Stay* (dkt. #90) and *Supplement* (dkt. #95) are DENIED.

Factual and Procedural Background

1. On October 6, 2023, the Debtor filed an individual petition for relief under Chapter 7 of the Bankruptcy Code (the "Petition Date") (dkt. #1). The Debtor lives separately and/or is legally separated from his non-filing spouse. See id., p. 45, part 1.

2. On March 4, 2025, the Debtor filed a *Pro Se Motion* (dkt. #59) notifying he would proceed *pro se* because its counsel of record (Attorney Chardon Dubos) had been unable to actively represent the Debtor. In said motion, the Debtor stated that he was "actively seeking new counsel" (id., ¶ 7).

3. On March 5, 2025, Attorney Chardon Dubos was ordered to state his position to the *Pro See Motion* within fourteen (14) days, that is, by March 19, 2025 (dkt. #62). Attorney Chardon Dubos failed to do so.

---

[1] The term "filed" refers to the Debtor's use of the *Pro Se Upload Tool* available on the court's website for self-represented individuals.

-1-

4. On March 18, 2025, unsecured creditors Earl Geertgens and Tama Geertgens filed a *Limited Opposition to Condition [the Pro Se Motion]* (dkt. #67), requesting Debtor certify his current mailing and email address, stop serving papers on creditors directly, and clarify whether his request extended to both the lead and adversary case prior to being allowed to proceed *pro se*,

5. On March 27, 2025, the court held the *Pro Se Motion* in abeyance until the Debtor certified whether he will also be proceeding *pro se* in the related adversary proceeding, and his current mailing and email address. See *Order*, dkt. #72.

6. On April 10, 2025, the Debtor filed a *Compliance with Order Regarding Pro Se Representation* (dkt. #80). In addition to complying with the *Order* dated May 25, 2025, the Debtor stated that he "reserve[d] the right to consult with and/or be represented by Jav[ier] Vilari[ñ]o, Esq., at a future date" (id., ¶ 4).

7. On April 21, 2025, the Debtor filed the *Motion to Enforce Automatic Stay* (dkt. #90), averring that creditors Earl Geertgens and Tama Geertgens have "continued with litigation, issued subpoenas, contacted my son's clients and family members of the Debtor", which "have not only disrupted the financial affairs of the Debtor and his estate, but have also directly interfered with third parties, including the Debtor's son and wife, resulting in severe and ongoing emotional, physical, and financial harm. Among the consequences are the freezing of bank accounts, client loss in their business, and a medical crisis that has left the Debtor's wife permanently disabled and their family home in foreclosure" (id., p. 1). The stay violation actions alleged include pursing claims against, serving subpoenas on, freezing the bank accounts of, and contacting clients attributed to Andrew Malik (Debtor's son), MC Remodeling LLC (Andrew Malik's company), and/or Karen Malik (Debtor's spouse). The Debtor alleges that his "most recent company", Moorestown Construction LLC, Andrew Malik, and MC Remodeling LLC were included in Case No. BUR-L-1741-23 before a state court in New Jersey, which is in a post-judgement stage and was stayed on account of the bankruptcy petition. Among various other actions, Debtor alleges that amounts were garnished from his son and spouse pre-petition. The only action alleged against the Debtor himself is discovery in this bankruptcy case and the related adversary proceeding.

Debtor seeks an order enforcing the automatic stay; directing Earl Geertgens, Tama Geertgens, and their counsel to cease all actions in violation of the stay, including the state court case; directing the return of certain amounts garnished or otherwise from Debtor's son and wife; imposing sanctions; and awarding actual and punitive damages, and costs. Lastly, the Debtor requests the court issue an order to show cause why counsel for Earl Geertgens and Tama Geertgens should not be found in civil contempt for the alleged stay violations.

8. On April 22, 2025, the Debtor filed the *Supplement* (dkt. #95), seeking an order declaring all post-petition actions taken in Case No. BUR-L-1741-23 before a state court in New Jersey are void *ab initio*; enforce the automatic stay; and sanctioning counsel for creditors Earl Geertgens and Tama Geertgens. The Debtor alleges his son has lost business contracts and his wife has suffered medical expenses on account of the continuation of the state court case.

## Applicable Law and Discussion

(A) Request to Proceed *Pro Se*

The Debtor requests to proceed *pro se* in both the bankruptcy case and the related adversary proceeding, Adversary Proceeding No. 24-00015. The Debtor having complied with this court's *Order* dated March 27, 2025 (dkt. #72, #80), the *Pro Se Motion* (dkt. #59) is hereby granted.

(B) Extension of the Automatic Stay to Non-Debtors

As an initial matter, the Chapter 7 Trustee is the sole representative of the estate in a case under Chapter 7, and has standing to sue and be sued. See 11 U.S.C. §§ 323, 704(a). A such, a Chapter 7 debtor lacks standing to represent the estate other than in certain types of actions, such as violations of the automatic stay. See Wieburg v. GTE Southwest, Inc., 272 F.3d 302, 306 (5th Cir. 2001) ("Because the claims are the property of the bankruptcy estate, the Trustee is the real party in interest with exclusive standing to assert them."); In re Santiago, 563 B.R. 457, 471 (Bankr. D.P.R. 2017) (noting that "a chapter 7 debtor does have standing to bring an action himself for willful violation of the automatic stay.") (citation omitted).

Section 362(k) of the Bankruptcy Code provides an individual with a means to redress violations of the stay, stating that "an individual injured by any willful violation of a stay provided

by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1). A willful violation does not require a specific intent to violate the automatic stay; rather, the debtor must show that the defendant intended the actions that constituted the violation and had knowledge of the stay. See In re Santiago, 563 B.R. at 471, citing Fleet Mortg. Group v. Kaneb, 196 F.3d 265, 269 (1st Cir. 1999).

A debtor alleging a violation of the automatic stay must demonstrate, by a preponderance of the evidence, "(1) that a violation of the automatic stay occurred; (2) that the violation was willfully committed; and (3) that the debtor suffered damage as a result of the violation." Slabicki v. Gleason (In re Slabicki), 466 B.R. 572, 577-578 (1st Cir. BAP 2012). The burden is on the debtor to prove by a preponderance of the evidence that he or she suffered damages as a consequence of the violation of the automatic stay. See Heghmann v. Indorf (In re Heghmann), 316 B.R. 395, 404-405 (1st Cir. BAP 2004). Actual damages should only be awarded under section 362(k)(1) if there is concrete evidence supporting with reasonable certainty the amount of the award. See id., at 405.

The scope of automatic stay under Section 362(a) of the Bankruptcy Code is broad. Its protection, however, is limited to actions against the debtor and does not extend to non-debtors, including co-defendants, sureties, guarantors, co-obligors, or others with a similar legal or factual nexus to the debtor. See 11 U.S.C. § 362(a); In re Bora Bora, Inc., 424 B.R. 17 (Bankr. D.P.R. 2010); Nippon Fire & Marine Ins. Co. v. Skyway Freight Sys., Inc., 235 F.3d 53, 58 (2nd Cir. 2000) ("It is well established that stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants.") (citation and quotation marks omitted); McCartney v. Integra National Bank North, 106 F.3d 506, 509-510 (3rd Cir. 1997) ("[I]t is universally acknowledged that an automatic stay of proceedings accorded by § 362 may not be invoked by entities such as sureties, guarantors, co-obligors, or others with a similar legal or factual nexus to the ... debtor.").

Courts have extended the stay to non-debtor parties where "unusual circumstances" exist, such as when "(i) the non-debtor and debtor enjoy such an identity of interests that the suit of the non-debtor is essentially a suit against the debtor; or (ii) the third-party action will have an adverse impact on the debtor's ability to accomplish reorganization." In re Philadelphia Newspapers, LLC, 407 B.R. 606, 616 (E.D.Pa. 2009), citing McCartney, 106 F.3d at 509. See also A.H. Robins Co., Inc. v. Piccinin, 788 F.2d 994 (4th Cir. 1986); Queenie v. Nygard Int'l, 321 F.3d 282 (2nd Cir. 2003).

Although often described as an "extension of the automatic stay", enjoining actions against non-debtor parties requires the bankruptcy court to issue an injunction under 11 U.S.C. § 105(a) upon a finding that such relief is necessary to protect the interests of the bankruptcy estate. See id., citing In re Cincom iOutsource, Inc., 398 B.R. 223, 227 (Bankr. S.D.Ohio 2008), citing Patton v. Bearden, 8 F.3d 343 (6th Cir. 1993). Section 105(a) gives the bankruptcy courts broad power to issue any order that is "necessary or appropriate" to the reorganization effort, however, "this broad authority does not allow the bankruptcy court to apply a less stringent standard for granting injunctive relief for the benefit of non-debtor defendants than is traditionally required for the issuance of any injunction." In re Supermercado Gamboa, 68 B.R. 230, 232-233 (Bankr. D.P.R. 1986) (citations omitted). The broad injunctive powers under 11 U.S.C. § 105(a) should be used sparingly. See In re Lazarus Burman Assoc., 161 B.R. 891, 901 (Bankr. E.D.N.Y. 1993); In re Codfish, 97 B.R. 132 (Bankr. D.P.R. 1988); In re Criadores De Yabucoa, Inc., 75 B.R. 96 (Bankr. D.P.R. 1987). Thus, a preliminary injunction is an extraordinary and drastic remedy which should only be granted when the movant has carried its burden through clear and convincing evidence. See In re Bora Bora, Inc., 424 B.R. at 25. A request for injunctive relief must be brought via adversary proceeding. See Fed. R. Bankr. P. 7001(g); Cincom, 398 B.R. at 227, citing In re Swallen's Inc., 205 B.R. 879, 880 (Bankr. S.D.Ohio 1997) (injunctive relief was denied for failure to request it through adversary proceeding); In re Nasco P.R., Inc., 117 B.R. 35, 38 (Bankr. D.P.R. 1990) ("A party wishing to invoke the Court's injunctive power under Section 105(a) must file an

adversary proceeding ... and must follow the traditional standards for the issuance of an injunction.").

In summary, a request to extend the automatic stay provisions of Section 362(a) to a non-debtor is a request for injunctive relief, requires a showing that "unusual circumstances" exist, and should be initiated as an adversary proceeding pursuant to Fed. R. Bankr. P. 7001(g).

The court finds that the Debtor in this case has standing to pursue a claim for violation of the automatic stay. However, to the extent the protections of the automatic stay have not been extended to non-debtors Andrew Malik (Debtor's son), MC Remodeling LLC (Andrew Malik's company), and Karen Malik (Debtor's spouse), the Debtor's requests that this court enforce the automatic stay to enjoin creditors Earl and Tama Geertgens, and their counsel, from continuing post-petition litigation and collection actions against them is denied. Further, the Debtor's request for an order directing the return of certain amounts garnished or otherwise from Debtor's son and wife; imposing sanctions; and awarding actual and punitive damages, and costs is also denied. Debtor's allegations are insufficient by themselves to establish unusual circumstances exist to warrant extending the protection of the automatic stay to such non-debtor parties. Moreover, an adversary proceeding has not been filed.

## Conclusion

For the reasons stated herein, the *Pro Se Motion* (dkt. #59) is GRANTED, and both the *Motion to Enforce Automatic Stay* (dkt. #90) and *Supplement* (dkt. #95) are DENIED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 8th day of May 2025.

Enrique S. Lamoutte
United States Bankruptcy Judge