**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF PUERTO RICO**

**IN RE:**
Ric F. Malik, Debtor
**Chapter 7**
**Case No.: 23-03241-ESL7**

*RECEIVED AND FILED*
*PRO SE UPLOAD TOOL*
*05/14/2025 - 06:59 PM*
*USBC*
*(WRT)*

**MOTION TO ENFORCE AUTOMATIC STAY AND FOR SANCTIONS DUE TO VIOLATIONS BY KAREN MURRAY**

**TO THE HONORABLE COURT:**

NOW COMES Debtor Ric F. Malik, pro se, and respectfully moves this Court to enforce the automatic stay pursuant to 11 U.S.C. § 362 and to impose sanctions pursuant to 11 U.S.C. § 362(k) and § 105(a) due to willful and repeated violations by creditors Earl and Tama Geertgens and their counsel, Karen Murray. In compliance with this Court's Order dated March 27, 2025 (Dkt. #72), Debtor confirms his pro se status in both the main case and Adversary Proceeding No. 24-00015-ESL. Contact information is reaffirmed below.

## I. INTRODUCTION

This motion, originally filed in the Adversary Proceeding, is reasserted in the main case for full consideration. It arises from sustained and knowing violations of the automatic stay by the Geertgens and their attorney, Karen Murray, since the Chapter 7 petition was filed on October 6, 2023. Despite receiving formal notice, they have continued legal actions, served subpoenas, and harassed the Debtor's family and business contacts.

These actions have caused severe financial and emotional harm, including the freezing of family accounts, loss of business clients, and serious health deterioration of the Debtor's wife, ultimately resulting in foreclosure of their home. The Debtor seeks enforcement of the stay, return of seized funds, and actual and punitive damages due to these willful violations.

## II. NOTICE OF STAY AND KNOWLEDGE BY PARTIES

1. On or before October 12, 2023, notice of the bankruptcy was served upon the Geertgens and Attorney Murray via the Bankruptcy Noticing Center, certified mail, and direct delivery.

2. A true copy of Form 309B was also hand-delivered to Ms. Murray's office and again by Attorney Mark Molz. (Exhibit CC)

3. Despite these notices, post-petition litigation and direct contact with non-debtor family members continued.

4. On October 18, 2023, the Superior Court of New Jersey issued a Clerk Notice confirming that the Order to Show Cause hearing scheduled for October 19, 2023, would proceed only against the non-debtor parties and would explicitly exclude the Debtor, Ric F. Malik, due to his bankruptcy status. (See Clerk Notice, Exhibit PP)

5. This Clerk Notice was sent to Attorney Karen Murray, confirming that she was fully aware of the automatic stay in effect.

6. Nevertheless, Attorney Murray continued to pursue discovery, litigation, and related actions against entities and individuals intertwined with the Debtor in violation of the stay, despite this formal acknowledgment of its existence.

---

## III. VIOLATIONS OF THE AUTOMATIC STAY

The opposing parties may argue that actions taken against third-party entities or family members are outside the scope of the automatic stay. However, courts have recognized that even in non-community property states, actions intended to pressure or harm the debtor by targeting close family members or affiliated entities may violate the automatic stay if they are designed to circumvent the protections granted under 11 U.S.C. § 362. See *In re Lansdale Family Rests., Inc.*, 977 F.2d 826 (3d Cir. 1992).

Here, the targeting of Andrew Malik and MC Remodeling LLC—despite their not being debtors—functioned as indirect pressure on the Debtor. Actions taken included:

1. Freezing accounts held solely by Andrew Malik and MC Remodeling LLC, which had no legal ownership by the Debtor but were nonetheless targeted in a manner that appeared designed to pressure or punish the Debtor for filing bankruptcy;

2. Serving subpoenas and initiating discovery that sought to relitigate matters arising from the same nucleus of facts now stayed;

3. Harassment through surveillance and field tactics clearly designed to intimidate and disrupt individuals close to the Debtor.

As to Karen Malik, while the Debtor and his spouse reside in different jurisdictions and New Jersey law does not treat spouses as financially unified under community property principles, the actions taken against her—particularly the aggressive service attempts and bank account interference—were closely timed with and responsive to the Debtor's bankruptcy filing. These actions created emotional and financial distress and were targeted in a way that reasonably suggests they were intended to coerce the Debtor by creating familial disruption.

Furthermore, courts have held that when non-debtor parties are so closely and deliberately targeted due to their proximity to the debtor's legal history or family relationships, and such targeting is timed or executed in a way that exerts pressure on the debtor or disrupts the administration of the bankruptcy case, the automatic stay may extend to prohibit those actions. See *Maritime Elec. Co. v. United Jersey Bank*, 959 F.2d 1194 (3d Cir. 1991).

The continuation of litigation in New Jersey, discovery demands, and intrusive conduct against the Debtor's family were not collateral matters; rather, they reflect a calculated and escalating legal strategy by Attorney Karen Murray that appears designed to circumvent this Court's jurisdiction and pressure the Debtor outside of proper bankruptcy procedure. Such actions represent willful disregard for the protections afforded by 11 U.S.C. § 362(a) and must be enjoined to preserve the integrity of the automatic stay.

Specific violations include:

- Continued litigation in NJ Superior Court (BUR-L-1741-23). (Exhibit X)
- Subpoenas and legal actions against Andrew Malik and MC Remodeling, LLC.
- Bank account freezes and harassment of clients and family members. (Exhibit AA)
- Service attempts on Karen Malik, including unlawful trespass and intimidation. (Exhibit B)
- Surveillance and harassment of Andrew Malik. (Exhibit U)
- Over 27 post-stay actions filed by Karen Murray. (Exhibit BB)

## IV. IRREPARABLE HARM TO THE MALIK FAMILY

6. Karen Malik experienced a psychological breakdown after Thanksgiving 2023, resulting in ICU hospitalization and a diagnosis of PTSD.
7. She suffers from permanent nerve damage, has undergone five surgeries, and is permanently disabled.
8. Andrew Malik's business lost clients and experienced fear-based business disruption due to surveillance and harassment.
9. 9. Although the frozen accounts belonged solely to Andrew and Karen Malik, the resulting disruption and fear to their lives and finances created substantial and disproportionate harm and furthered the coercive pressure against the Debtor.
10. These ongoing intrusions have not only harmed Debtor's immediate family but have significantly impaired Debtor's own ability to participate fully in the bankruptcy process. Emotional stress, financial instability, and disruptions to family safety have delayed the Debtor's efforts to compile documents, prepare filings, and meaningfully engage in discovery and hearings as required under the Bankruptcy Code.

## V. LEGAL BASIS

11. 11 U.S.C. § 362(a) provides for a stay upon bankruptcy filing.
12. 11 U.S.C. § 362(a) provides for a stay upon bankruptcy filing.
13. 11 U.S.C. § 362(k)(1) allows recovery for willful violations.

14. Knowledge of the bankruptcy and intentional conduct suffice to find a willful violation. See In re Jove Eng'g, 92 F.3d 1539 (11th Cir. 1996).

15. Creditors must take affirmative steps to correct violations. See In re Briskey, 258 B.R. 473.

16. Emotional distress damages are recoverable. See *In re Dawson*, 390 F.3d 1139; In re Snowden, 769 F.3d 651.

17. Sanctions under § 105(a) are appropriate where conduct is egregious or in bad faith. See *In re Bloom*, 875 F.2d 224.

18. Actions against third parties related to core facts violate the stay. See Maritime Elec. Co. v. United Jersey Bank, 959 F.2d 1194 (3d Cir. 1991).

19. Third-Party Extensions of Stay:

    "Where actions are 'clearly and demonstrably' intended to pressure the debtor, courts have found § 362 applicable even in cases involving nominally distinct third parties." (*Maritime Elec.*, 959 F.2d at 1205-06).

## VI. ADDITIONAL FACTUAL BACKGROUND

20. Despite the Debtor's limited assets, Attorney Murray expanded her lawsuit to include dissolved entities and family members.

21. Attorney Murray failed to dismiss or stay proceedings despite a stay being in effect, including a trial set for May 5, 2025.

22. R Malik Construction, LLC—the actual judgment debtor—was omitted from these actions, further evidencing bad faith. (Exhibit P)

23. Many proceedings were held without notifying the Debtor after his relocation to Puerto Rico.

24. Funds were seized from family accounts weeks before the bankruptcy.

25. These actions reflect continued, deliberate, and harmful stay violations.

---

## VII. EXHIBIT LIST– Motion to Enforce Automatic Stay

| Exhibit | Title / Description |
|---|---|
| Exhibit A | Affidavit of Ric F. Malik (timeline of events and personal knowledge of stay violations) |
| Exhibit A2 | Affidavit of Ric F. Malik REGARDING SERVICE OF BANKRUPTCY NOTICE |
| Exhibit B | Affidavit of Karen Malik (service attempts and emotional/medical harm) |
| Exhibit C | Affidavit of Andrew Malik (client harassment and surveillance) |
| Exhibit F | Evidence of Geertgens' fire department payouts (related to insurance motives) |
| Exhibit M | Arrest warrant dated August 10, 2023 (post-judgment litigation details) |
| Exhibit P | Summary of post-judgment docket BUR-L-002561-15 |
| Exhibit O | TD Bank records showing account freeze post-petition |

| Exhibit | Title / Description |
|---|---|
| Exhibit U | Photo documentation of surveillance outside Andrew Malik's home |
| Exhibit X | Case Docket – BUR-L-001741-23 (ongoing state litigation) |
| Exhibit X2 | Case Docket – BUR-L-002561-15 (revived post-judgment action) |
| Exhibit Z | Certificate of Dissolution for Moorestown Construction, LLC |
| Exhibit BB | Case Summary – BUR-L-1741-23 – Continued Litigation Despite Stay |
| Exhibit CC | MOLZ PROOF OF NOTICE TO MURRAY (10172023) |
| Exhibit FF | Lease agreement for residence in Vieques, PR (proof of relocation) |
| Exhibit II–JJ | Karen Malik medical records (under seal) |
| Exhibit MM | Insurance statements (under seal) |
| Exhibit EE | Proof of Service of Form 309B to Geertgens |
| Exhibit PP | Court Clerk Notice (10/18/23) confirming Ric Malik excluded due to bankruptcy filing |

## VIII. PRAYER FOR RELIEF

WHEREFORE, Debtor respectfully requests that this Court:

1. Enforce the automatic stay under 11 U.S.C. § 362(a);
2. Order Attorney Murray and the Geertgens to cease all post-petition actions, including NJ litigation (BUR-L-1741-23) and (BUR-L-002561-15);
3. Order return of $5,622.86 to Andrew Malik and $575.00 to Karen Malik as actual damages;
4. Sanction creditors and counsel for willful stay violations;
5. Award actual damages, legal costs, and punitive damages under § 362(k);
6. Issue an Order to Show Cause for civil contempt under § 105(a);
7. Acknowledge forthcoming supplemental evidence to support sanctions;
8. Award further relief as the Court deems just and proper.

## IX. CONCLUSION

The pattern of violations detailed above reflects a blatant disregard for the authority of this Court and the legal protections afforded to the Debtor under the Bankruptcy Code. Despite clear notice, Attorney Murray and the Geertgens have continued post-petition litigation and harassing behavior, which has not only harmed the Debtor but has extended to his family members and their livelihoods. The conduct at issue has caused more than technical disruption—it has inflicted real emotional and financial harm on innocent parties closely associated with the Debtor. This Court's

prompt intervention is both legally necessary and urgently warranted to halt further abuse, restore the integrity of the automatic stay, and reaffirm the rule of law in this proceeding.

Any discovery disputes or residency questions are irrelevant to the issue of stay violations. This Court retains exclusive jurisdiction over the estate, and violations of § 362 are independent of the merits of the underlying claims

**CERTIFICATION OF SERVICE**

**Pursuant to Federal Rule of Bankruptcy Procedure 7004 and Local Rule 9013-1**

I hereby certify that on this **14th day of May, 2025**, I caused a true and correct copy of the **Motion to Enforce Automatic Stay and for Sanctions Due to Violations by Karen Murray** to be served upon the following parties in the manner indicated below:

## By Email (with consent to electronic service):

- **Karen M. Murray, Esq.**
  Law Offices of Karen M. Murray
  Email: kmurray@murraynjlaw.com

## By CM/ECF System:

(For parties registered to receive notice electronically via the Court's CM/ECF system)

- **Wigberto Lugo-Mender, Esq.** – Chapter 7 Trustee
- **Office of the U.S. Trustee** – U.S. Trustee for the District of Puerto Rico

## By First-Class U.S. Mail (if applicable):

- [Insert any additional parties here, e.g., non-ECF participants or additional counsel.]

I certify under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

/s/ Ric F. Malik
**Ric F. Malik**
Pro Se Debtor
756 Vieques
Vieques, PR 00765
Email: ricmalik3@gmail.com
Phone: (787) 530-7799
Dated: May 14, 2025

Case:23-03241-ESL7 Doc#:7 Filed:10/12/23 Entered:10/13/23 00:41:56 Desc: Imaged
Certificate of Notice Page 1 of 4

Exhibit EE

United States Bankruptcy Court
District of Puerto Rico

In re:
RIC F MALIK
    Debtor

Case No. 23-03241-ESL
Chapter 7

# CERTIFICATE OF NOTICE

District/off: 0104-3     User: admin     Page 1 of 2
Date Rcvd: Oct 10, 2023     Form ID: 309B     Total Noticed: 33

The following symbols are used throughout this certificate:
**Symbol**     **Definition**

\+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

^     Addresses marked '^' were sent via mandatory electronic bankruptcy noticing pursuant to Fed. R. Bank. P. 9036.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 12, 2023:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | | RIC F MALIK, Monte Carmelo, Vieques, PR 00765 |
| 5121220 | + | American Arbitration Association, Peter Lioia High Swartz LLP PO Box 671, Norristown, PA 19404-0671 |
| 5121224 | + | COOPER UNIVERSITY HEALTH CARE, PO BOX 2090, Morrisville, NC 27560-2090 |
| 5121226 | + | FIRST HORIZON, LOAN OPERATIONS 3451 PRESCOTT ROAD, Memphis, TN 38118-3609 |
| 5121227 | | Frank Radey, Monte Carmelo frank@radeyassociates.com, Vieques, PR 00765-0000 |
| 5121228 | + | GE CAPITAL MANAGEMENT, LLC, 16192 COASTAL HWY., Lewes, DE 19958-3608 |
| 5121229 | + | Geertgens, Earp Cohn PC 20 Brace Rd 4th Fl, Cherry Hill, NJ 08034-2634 |
| 5121232 | + | JEFFERSON HEALTH, 833 CHESTNUT ST STE 115, Philadelphia, PA 19107-4401 |
| 5121231 | + | Jack Malik, 2799 Chapel Creek Dr, Lambertville, MI 48144-9498 |
| 5121233 | | Karen S. Malik, 327 Delaware Avenue, Delanco, NJ 08075-4315 |
| 5121234 | + | Karen S. Malik, 327 Delaware Avenue, Riverside, NJ 08075-4005 |
| 5121235 | + | Mosquito Inc, Michael R O'Donnell PO Box 1981, Morristown, NJ 07962-1981 |
| 5121236 | | New Jersey Resident Returns, State of New Jersey, Division of Taxatio, Revenue Processing Center - Refunds PO B, Trenton, NJ 08647-0555 |
| 5121238 | + | Powells Plumbing & Heating, Charles W.C. Johnston, Mark Cimino 1045 Cooper St, Debtford, NJ 08096-3033 |
| 5121240 | | SHELLPOINT, PO BOX 619063, Dallas, TX 75261-9063 |
| 5121241 | + | Sklar Markind, 102 Browning Ln, Cherry Hill, NJ 08003-3195 |
| 5121243 | + | Tower America Urban Renewal Co, 9777 Queens BV, Rego Park, NY 11374-3335 |

TOTAL: 17

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| aty | | Email/Text: fcdlaw2020@gmail.com | Oct 10 2023 19:05:00 | FREDERIC CHARDON DUBOS, Frederic Chardon Dubos Law Office, PO BOX 1797, PR, Carolina, PR 00984-1797 |
| tr | | EDI: QWLMENDER.COM | Oct 10 2023 23:08:00 | WIGBERTO LUGO MENDER, Wigberto Lugo Mender, Cpa, CENTRO INTERNACIONAL DE MERCADEO, 100 CARR 165 SUITE 501, GUAYNABO, PR 00968-8052 |
| smg | | EDI: PRTREAS | Oct 10 2023 23:08:00 | DEPARTAMENTO DE HACIENDA, PO BOX 9024140, OFICINA 424-B, SAN JUAN, PR 00902-4140 |
| smg | + | Email/Text: Quiebras@trabajo.pr.gov | Oct 10 2023 19:05:00 | PR DEPARTMENT OF LABOR, PO BOX 195540, HATO REY, PR 00919-5540 |
| smg | | Email/Text: quiebra@justicia.pr.gov | Oct 10 2023 19:05:00 | FEDERAL LITIGATION DEPT. OF JUSTICE, PO BOX 9020192, SAN JUAN, PR 00902-0192 |
| smg | | Email/Text: ustpregion21.hr.ecf@usdoj.gov | Oct 10 2023 19:05:00 | US TRUSTEE, EDIFICIO OCHOA, 500 TANCA STREET SUITE 301, SAN JUAN, PR 00901-1922 |
| ust | | Email/Text: ustpregion21.hr.ecf@usdoj.gov | Oct 10 2023 19:05:00 | MONSITA LECAROZ ARRIBAS, OFFICE OF THE US TRUSTEE (UST), OCHOA BUILDING, 500 TANCA STREET SUITE 301, SAN JUAN, PR 00901 |

**Ric F. Malik**
**756 Vieques**
**Vieques, PR 00765**
ricmalik3@gmail.com
**(787) 530-7799**

May 14, 2025

**Hon. Enrique S. Lamoutte**
U.S. Bankruptcy Judge
District of Puerto Rico
Jose V. Toledo Federal Building & U.S. Courthouse
300 Recinto Sur Street, Room 134
San Juan, PR 00901

**Re:** Case No. 23-03241-ESL7 – Motion to Enforce Automatic Stay and for Sanctions

Dear Judge Lamoutte:

Please find enclosed for filing the Debtor's Motion to Enforce the Automatic Stay and for Sanctions Due to Violations by Attorney Karen Murray.

This motion was initially presented in Adversary Proceeding No. 24-00015-ESL. However, out of an abundance of procedural caution and in light of the Court's preference for certain matters to be raised in the main bankruptcy case, I am formally resubmitting it here for appropriate consideration.

The motion outlines multiple willful violations of 11 U.S.C. § 362, including ongoing litigation activity despite clear notice of the bankruptcy filing and stay. It seeks enforcement of the stay, restitution for unlawful interference, and imposition of sanctions to prevent ongoing harm and uphold the Court's authority.

A Certification of Service is included, confirming that the motion has been served on Attorney Karen Murray, counsel of record for the creditors.

Thank you for your attention and consideration.

Respectfully submitted,
**/s/ Ric F. Malik**
Ric F. Malik
Pro Se Debtor