RECEIVED AND FILED PRO SE UPLOAD TOOL
05/18/2025 - 04:43 PM USBC
(DRR)

B1040 (FORM 1040) (12/24)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS Ric F Malk PR, 00765 756 Vieques PR, 00765 Ric Malik3@Gmail.com | DEFENDANTS Earl Geratgen Tamma Geratgen Karen Murray Esq. |
|---|---|

| ATTORNEYS (Firm Name, Address, and Telephone No.) pro se | ATTORNEYS (If Known) |
|---|---|

| PARTY (Check One Box Only) ☒ Debtor   ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor   ☐ Other ☐ Trustee | PARTY (Check One Box Only) ☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin ☒ Creditor   ☐ Other ☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint For Injunctive Relief and Sanctions under 11 U.S.C. §§ 362 and 105: Willful Violation of Automatic Stay, Targeting Non-Debtor parties in order to preserve and Collecting on A Pre-petition Judgment

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| FRBP 7001(a) – Recovery of Money/Property | FRBP 7001(f) – Dischargeability (continued) |
|---|---|
| ☐ 11-Recovery of money/property - §542 turnover of property | ☐ 61-Dischargeability - §523(a)(5), domestic support |
| ☐ 12-Recovery of money/property - §547 preference | ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury |
| ☐ 13-Recovery of money/property - §548 fraudulent transfer | ☐ 63-Dischargeability - §523(a)(8), student loan |
| ☐ 14-Recovery of money/property - other | ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support) |
| **FRBP 7001(b) – Validity, Priority or Extent of Lien** | ☐ 65-Dischargeability - other |
| ☐ 21-Validity, priority or extent of lien or other interest in property | |
| | **FRBP 7001(g) – Injunctive Relief** |
| **FRBP 7001(c) – Approval of Sale of Property** | ☒ 71-Injunctive relief – imposition of stay |
| ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h) | ☒ 72-Injunctive relief – other |
| **FRBP 7001(d) – Objection/Revocation of Discharge** | **FRBP 7001(h) Subordination of Claim or Interest** |
| ☐ 41-Objection / revocation of discharge - §727(c),(d),(e) | ☐ 81-Subordination of claim or interest |
| **FRBP 7001(e) – Revocation of Confirmation** | **FRBP 7001(i) Declaratory Judgment** |
| ☐ 51-Revocation of confirmation | ☒ 91-Declaratory judgment |
| **FRBP 7001(f) – Dischargeability** | **FRBP 7001(j) Determination of Removed Action** |
| ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims | ☐ 01-Determination of removed claim or cause |
| ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud | **Other** |
| ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny | ☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq. |
| | ☒ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |
| **(continued next column)** | |

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 800,000 |

| Other Relief Sought | Injunctive Relief Sought to Enforce Stay! Declaration of willfull violations! Actual Damages for Financial, Emotional, and Business Harm including loss of commissions and loss Revenue Return of Seized Funds! Punitive Damages and Cost! Sanctions and Civil Contempt under 11 U.S.C. §362(k) and 105a |
|---|---|

B1040 (FORM 1040) (12/24)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Ric F Malik | BANKRUPTCY CASE NO.<br>23-03241-ESL 7 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Puerto Rico | DIVISION OFFICE<br>7 | NAME OF JUDGE<br>Hon, E S Lamoutte |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF<br>Ric F. Malik | DEFENDANT<br>Geertgen and Murray | ADVERSARY<br>PROCEEDING NO. 2 |
| DISTRICT IN WHICH ADVERSARY IS PENDING<br>Puerto Rico | DIVISION OFFICE<br>San Juan | NAME OF JUDGE<br>Hon; E S Lamoutte |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>5/17/25 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Ric F Malik | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

Ric F. Malik

756 Vieques

Vieques, PR 00765

ricmalik3@gmail.com

(787) 530-7799

RECEIVED AND FILED PRO SE UPLOAD TOOL 05/18/2025 - 06:13 PM USBC (DRR)

May 18, 2025

Hon. Enrique S. Lamoutte

U.S. Bankruptcy Judge

District of Puerto Rico

Jose V. Toledo Federal Building & U.S. Courthouse

300 Recinto Sur Street, Room 134

San Juan, PR 00901

Re: Case No. 23-03241-ESL7 – Filing of Adversary Complaint and Motion for Preliminary Injunction

Dear Judge Lamoutte,

I respectfully submit the enclosed **Adversary Complaint for Injunctive Relief and Enforcement of the Automatic Stay**, along with a **Motion for Preliminary Injunction**, arising from ongoing violations of 11 U.S.C. §§ 362 and 105 by creditors Earl and Tama Geertgens and their attorney, Karen Murray.

Despite notice of my bankruptcy, post-petition actions have continued against my family and affiliated businesses—including freezing bank accounts, subpoenaing clients, and initiating litigation designed to exert pressure on me as the Debtor. These actions have caused substantial emotional and financial harm, including my wife's permanent disability and the collapse of my son's business.

The enclosed complaint outlines how these actions violate the automatic stay and justify urgent injunctive relief to prevent further harm to the estate.

I respectfully request the Court's attention to the attached pleadings and stand ready to comply with any further scheduling, briefing, or evidentiary requirements the Court may order.

Thank you for your time and consideration.

Respectfully,

/s/ Ric F. Malik

Pro Se Debtor

UNITED STATES BANKRUPTCY COURT DISTRICT OF PUERTO RICO

IN RE: RIC F. MALIK, CASE NO. 23-03241-ESL7 Debtor. Chapter 7

RIC F. MALIK, Plaintiff,

v. ADVERSARY PROCEEDING NO. \_\_\_\_

EARL GEERTGENS, TAMA GEERTGENS, and KAREN MURRAY, ESQ., Defendants.


**COMPLAINT FOR INJUNCTIVE RELIEF, ENFORCEMENT OF AUTOMATIC STAY, DAMAGES, AND SANCTIONS PURSUANT TO 11 U.S.C. §§ 362, 105 AND RULE 7001**

TO THE HONORABLE COURT: NOW COMES Plaintiff, RIC F. MALIK, pro se, and respectfully alleges and states:

**I. JURISDICTION AND VENUE**

1. This Court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Venue is proper under 28 U.S.C. § 1409.

4. This adversary proceeding is brought pursuant to 11 U.S.C. §§ 105(a), 362(a), and 362(k), and Fed. R. Bankr. P. 7001(7), seeking to enjoin post-petition creditor actions, recover damages, and impose sanctions.

**II. PARTIES**

5. Plaintiff Ric F. Malik ("Debtor") is an individual residing in Vieques, Puerto Rico. He filed for Chapter 7 relief on October 6, 2023.

6. Defendant Earl Geertgens is a creditor and party to civil litigation against the Debtor and related parties.

7. Defendant Tama Geertgens is a creditor and party to the same litigation.

8. Defendant Karen Murray, Esq. is an attorney representing the Geertgens in the state court actions referenced herein.

**III. FACTUAL ALLEGATIONS**

9. On or before October 12, 2023, all Defendants were served with notice of the Chapter 7 bankruptcy petition and the automatic stay.

10. The underlying dispute arises from a 2015 contract between R. Malik Construction, LLC and the Geertgens. After a contractual dispute and a judgment was obtained in 2019, Defendants— through Attorney Karen Murray—began escalating collection actions not just against the Debtor but against his family, their businesses, and affiliated entities. *Filings submitted by Attorney Murray to the Superior Court of New Jersey in September and October 2023 establish that Docket No. BUR-L-1741-23 is a continuation of enforcement efforts from Docket No. BUR-*

L-002561-15. Despite formal notice of the Debtor's Chapter 7 bankruptcy and his subsequent dismissal from the state court action, Defendants continued post-petition litigation in BUR-L-1741-23 against the Debtor's wife, son, and dissolved business entities in an attempt to collect on the same judgment that predates the bankruptcy.

11. Actions included: a. Freezing of bank accounts held by non-debtor family members; b. Subpoenas, discovery, and surveillance targeting Andrew Malik and MC Remodeling, LLC; c. Attempts to serve and harass Karen Malik, leading to psychological breakdown, ICU hospitalization, and disability.

12. The fact that Debtor resides separately from his spouse or may be legally separated does not insulate Defendants' conduct from scrutiny. Karen Malik remains under active medical care and is unable to relocate to Puerto Rico solely because of the injuries and complications she sustained from a nervous breakdown in November 2023. Since that breakdown, her medical insurance and out-of-pocket treatment costs have exceeded $525,000, including neurological treatment, surgeries, and long-term therapy. These medical issues are directly tied to the harassment and pressure resulting from the Defendants' actions. Courts have recognized that where creditors' post-petition conduct targets non-debtor third parties, such as close family members, in a manner intended to exert pressure on the debtor, such conduct may constitute a violation of the automatic stay. *See In re Lansdale Family Restaurants, Inc., 977 F.2d 826, 829 (3d Cir. 1992); see also In re Rodriguez, 2021 WL 1208573 (Bankr. D.P.R. Mar. 29, 2021):*

*"the automatic stay may extend to non-debtor third parties if the creditor's actions against them are designed to pressure the debtor to pay."*

13. These actions have continued with the intent to exert pressure on the Debtor, to interfere with his bankruptcy case, and to circumvent the protections of the automatic stay despite the separate legal status of the parties affected. By targeting the Debtor's family and their affiliated businesses, Defendants knowingly disrupted his access to legal, financial, and personal support, thereby impeding his ability to fulfill bankruptcy obligations and protect his rights under the Bankruptcy Code.

*See In re Chateaugay Corp., 889 F.2d 1034, 1047 (2d Cir. 1989) (stay protects the debtor from indirect pressure through others); In re Continental Airlines, 177 B.R. 475, 481–82 (D. Del. 1993) (stay can extend to non-debtors where their involvement is crucial to debtor's reorganization); In re Johnson, 548 B.R. 770, 787 (Bankr. S.D. Ohio 2016) (creditor's actions against debtor's family members violated the stay because they were used to pressure the debtor).*

14. At least 27 post-petition actions were filed by Attorney Murray in violation of the stay. These include filings and certifications in Docket No. BUR-L-1741-23, where Attorney Murray expressly acknowledged, in correspondence submitted on September 14, 2023 and in a reply brief filed on October 12, 2023, that the matter was a continuation of the earlier judgment action in BUR-L-002561-15. She requested that orders from the earlier judgment docket be incorporated into the new proceeding and used them to justify post-petition enforcement actions, including a turnover order to seize funds. Copies of these filings are attached hereto as Exhibits A and B.

15. Plaintiff is a 64-year-old, assetless, self-employed contractor who filed for Chapter 7 in good faith. He relocated to Puerto Rico to reduce living expenses after determining he could not meet financial obligations. His wife remains in New Jersey due to medical incapacity and receives no disability income. The Defendants' unlawful actions have not only undermined the bankruptcy process but also caused extreme emotional and financial duress during a time of limited capacity and hardship.

## IV. CLAIMS FOR RELIEF

Count I – Violation of 11 U.S.C. § 362(a) and Request for Injunctive Relief

15. These violations caused severe financial, emotional, and health-related harm to the Debtor and his immediate family.

16. Plaintiff incorporates paragraphs 1–14 by reference.

17. Defendants' post-petition conduct violated the automatic stay.

18. Defendants knowingly and willfully continued actions against parties closely related to the Debtor, warranting extension of the stay under § 105(a).

19. Plaintiff seeks injunctive relief to enjoin further actions by Defendants in violation of the stay.

Count II – Damages and Sanctions under 11 U.S.C. § 362(k)

20. Defendants' actions were willful and deliberate.

21. Plaintiff seeks actual damages, including emotional distress, financial losses, and legal costs.

22. Plaintiff further seeks punitive damages under § 362(k) and sanctions under § 105(a).

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

1. Enjoin Defendants from continuing or initiating any post-petition actions against the Debtor, his family, or affiliated entities;

2. Declare Defendants in willful violation of the automatic stay;

3. Award actual damages, including but not limited to:

   - $5,622.86 to Andrew Malik (seized funds),

   - $575.00 to Karen Malik (garnished funds),

   - $81,457.67 in lost commissions due to Karen Malik's inability to work following her medical breakdown,

   - $178,392.29 in net lost business revenue to MC Remodeling LLC, as supported by financial records,

   - Over $525,000 in incurred and anticipated medical expenses associated with Karen Malik's treatment and long-term neurological condition,

- Additional damages to be determined upon discovery or at an evidentiary hearing;

4. Award punitive damages and legal costs;

5. Issue an order to show cause as to why civil contempt should not be imposed;

6. Grant such other and further relief as is just and proper;

7. Declare that Defendants' continuation of litigation against affiliated non-debtors constituted a willful circumvention of the automatic stay, in violation of 11 U.S.C. § 362(a) and the principles set forth in Maritime Elec., Lansdale, and related decisions.

Respectfully submitted,

/s/ Ric F. Malik
Ric F. Malik, Pro Se
756 Vieques
Vieques, PR 00765
ricmalik3@gmail.com
(787) 530-7799
Dated: May 18, 2025

# Exhibit Motion 1

MOTION TO SUBMIT ADVERSARY COMPLAINT AND MOTION FOR PRELIMINARY INJUNCTION

# Exhibit Motion 2

MOTION TO SEAL  CONTAINING CONFIDENTIAL MEDICAL RECORDS OF KAREN MALIK
Medical Cost Summary – Karen Malik (pending seal motion):

Post-November 2023 medical bills exceed $525,000, including ICU stay, surgery, neurological therapy, and ongoing weekly care.

# Exhibit W2

Karen Murray's September 14, 2023 Certification or Correspondence:
This document acknowledges that BUR-L-1741-23 is a continuation of enforcement actions arising from the judgment entered in BUR-L-002561-15. Murray references the transition of dockets and the continuation of orders.

# Exhibit W3

Karen Murray's September 12, 2023 Verified Complaint:
This document references continuation of enforcement actions from BUR-L-002561-15,  the original judgment and confirms the use of BUR-L-002561-15 orders in BUR-L-1741-23.

# Exhibit W4

Karen Murray's September 7, 2023 Certification:
This document Murray Certification that  BUR-L-002561-15,  the original judgment and confirms the use of BUR-L-002561-15 are connected in BUR-L-1741-23.

# Exhibit C

Docket Excerpts from BUR-L-002561-15 and BUR-L-1741-23:
Docket timelines show a direct enforcement and litigation pattern extending from the 2015 judgment to current claims against family members.

# Exhibit P

 BUR-L-002561-15:
Geertgen Judgment against R Malik Construction, LLC and Ric F Malik

# Exhibit A3

Affidavit of Ric F. Malik – Statement of Financial Circumstances:
Affirms that Debtor has no assets, is 64 years old, relocated due to financial hardship, and filed Chapter 7 in good faith. Describes wife's condition and inability to travel.

# Exhibit F

Business Loss Summary – MC Remodeling LLC:
Shows over $178,000 in net lost revenue due to subpoenas, account freezes, and reputational damage caused by litigation.

# Exhibit C, U, U1, Q

Documentation of Surveillance, Subpoenas, and Client Interference:
Includes sworn statement that Andrew Malik has been followed daily, clients were subpoenaed, and business activities were chilled by fear.

# Exhibit B

Includes sworn statement that Karen Malik

*Motion 1*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF PUERTO RICO


IN RE:

RIC F. MALIK,                          Case No.: 23-03241-ESL7

   Debtor.                              Chapter 7



-------------------------------------------------------------


RIC F. MALIK,                          Adv. Proc. No. _____

   Plaintiff,


v.


EARL GEERTGENS, TAMA GEERTGENS,

and KAREN MURRAY, ESQ.,

   Defendants.



-------------------------------------------------------------



     MOTION TO SUBMIT ADVERSARY COMPLAINT AND MOTION FOR
PRELIMINARY INJUNCTION


TO THE HONORABLE COURT:


NOW COMES the Plaintiff, Ric F. Malik, pro se, and respectfully states and requests:


1. Plaintiff files this motion contemporaneously with the attached **Adversary Complaint for
Injunctive Relief and Enforcement of the Automatic Stay** and a **Motion for Preliminary
Injunction**, pursuant to 11 U.S.C. §§ 362 and 105.

2. These filings arise from ongoing post-petition actions taken by the Defendants—Earl and Tama Geertgens, through their counsel Karen Murray—which have continued despite formal notice of the Debtor's bankruptcy filing.

3. The Defendants' conduct includes the freezing of bank accounts, issuance of subpoenas, and continued litigation against family members and affiliated businesses of the Debtor, all in an apparent attempt to coerce or pressure the Debtor in violation of the automatic stay.

4. These actions have resulted in severe financial and emotional harm, including the collapse of the Debtor's son's business and the long-term medical disability of the Debtor's spouse.

5. The attached Adversary Complaint outlines the factual and legal basis for these allegations and requests injunctive and monetary relief.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

a. Accept for filing the enclosed adversary complaint and accompanying motion for preliminary injunction;

b. Take any other actions deemed necessary and proper under the circumstances.

Respectfully submitted,

/s/ Ric F. Malik

Ric F. Malik, Pro Se

756 Vieques

Vieques, PR 00765

Email: ricmalik3@gmail.com

Phone: (787) 530-7799

Dated: May 15, 2025

*Motion 2*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

IN RE:
RIC F. MALIK, Case No.: 23-03241-ESL7
Debtor. Chapter 7

RIC F. MALIK, Adv. Proc. No. _____
Plaintiff,

v.

EARL GEERTGENS, TAMA GEERTGENS,
and KAREN MURRAY, ESQ.,
Defendants.

MOTION TO SEAL  CONTAINING CONFIDENTIAL MEDICAL RECORDS OF KAREN MALIK

TO THE HONORABLE COURT:

NOW COMES the Debtor and Plaintiff, Ric F. Malik, pro se, and pursuant to 11 U.S.C. § 107(b) and
Federal Rule of Bankruptcy Procedure 9037, respectfully moves this Honorable Court for leave to file
under seal Exhibit AA to EE  to the adversary complaint, which contains confidential medical billing
records of non-party Karen Malik. In support of this motion, the Plaintiff states as follows:

I. BACKGROUND

1. In the adversary complaint filed in the above-captioned proceeding, Plaintiff seeks injunctive
   relief and sanctions for alleged violations of the automatic stay under 11 U.S.C. §§ 362 and 105.

2. Plaintiff has submitted Exhibit II - MM, a medical cost summary reflecting over $525,000 in
   healthcare expenses incurred by his wife, Karen Malik, following a severe nervous breakdown
   in November 2023.

3. These records are directly relevant to the emotional distress and financial hardship claims
   presented in the complaint. However, they contain private medical details which implicate
   strong privacy interests.

II. LEGAL BASIS

4. Under 11 U.S.C. § 107(b), the Court may protect an individual with respect to "scandalous or
   defamatory matter" or "confidential ... information."

5. Federal Rule of Bankruptcy Procedure 9037 further supports limited sealing of sensitive records
   where redaction is insufficient to protect privacy rights.

6. Courts routinely allow medical records to be sealed when the disclosure is not necessary to
   serve the public interest and the records contain protected health information.

### III. SCOPE OF REQUEST

7. The Plaintiff seeks only to seal Exhibit II - MM and not any other portion of the adversary complaint or related pleadings.

8. The Plaintiff will label Exhibit II - MM as "Filed Under Seal" and submit it using restricted-access upload procedures as required.

### IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

1. Grant leave to file under seal Exhibit II - MM to the adversary complaint;

2. Enter an order restricting access to the sealed exhibit to the Court, the Chapter 7 Trustee, the U.S. Trustee, and counsel for Defendants (subject to confidentiality restrictions);

3. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Ric F. Malik
Ric F. Malik, Pro Se
756 Vieques
Vieques, PR 00765
Email:
Phone: (787) 530-7799

Dated: May18, 2025

BUR-L-001741-23   09/14/2023 3:23:40 PM   Pg 1 of 1   Trans ID: LCV20232844588

Case 23-13237-ABA   Doc 44-2   Filed 06/19/25   Entered 06/19/25 16:44:06   Desc Main Document   Page 15 of 32



# Law Offices of Karen Murray LLC

**Karen M. Murray Esq.**
kmurray@murraynjlaw.com

*w 2*

September 14, 2023

Via e-courts

Hon. Eric G. Fikry
Superior Court of New Jersey
Law Division
49 Rancocas Road
Mt. Holly, New Jersey 08060

      RE:   Geertgens v. Malik, et al.
            Order to Show Cause w/ Temporary Restraints
            Docket No.  BUR-L-1741-23

Dear Judge Fikry:

      Enclosed for filing is Plaintiff's brief and certification in support of order to show cause.  These documents were previously submitted to the Court under seal, bearing prior docket number BUR-L-2561-15.  They are being filed separately upon filing by the Court of the original order to show cause and verified complaint.

      Should you require anything further, please advise.

                    Respectfully submitted,

               LAW OFFICES OF KAREN MURRAY

                   */s/ Karen M. Murray*

                   Karen M. Murray

8 East Main Street Moorestown, NJ 08057 | Phone (856) 778-4002 | Fax (856) 778-4008

*W2*

Karen M. Murray, Esquire (#024571996)
LAW OFFICES OF KAREN MURRAY LLC
8 East Main St.
Moorestown, NJ 08057
(856)778-4002
(856)778-4008 fax
Attorneys for Plaintiffs

| | |
|---|---|
| EARL GEERTGENS and TAMA GEERTGENS, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION BURLINGTON COUNTY |
| Defendants/Third Party Plaintiff, | |
| v. | DOCKET NO. BUR-L-1741-23 |
| RIC MALIK, MOORESTOWN CONSTRUCTION, LLC, ANDREW MALIK, MC REMODELING, LLC, | CIVIL ACTION |
| Defendants. | **CERTIFICATION OF COUNSEL IN SUPPORT OF ORDER TO SHOW CAUSE** |

I, Karen M. Murray, hereby certify:

1.  I am an attorney at law licensed to practice in the State of New Jersey. I am responsible for the handling of this matter, and make this certification based upon personal knowledge.

2.  This arises from a post-judgment matter at docket BUR-L-2561-15, in which the Defendant/Third Party Plaintiffs Earl and Tama Geertgens hold a judgment in the amount of $266,813.25 against Ric Malik and R. Malik Construction, LLC. No part of that judgment has been paid, to date. Post-judgment proceedings have been heard before this Court over the past two years.

3.  I make this certification in support of an Order To Show Cause with Temporary Restraints, filed under a new Verified Complaint alleging fraudulent transfer and other claims, which seeks the temporary freeze, and ultimate turn-over, of funds held in an account of MC Remodeling, LLC d/b/a MC Remodeling Corporation, and Ric Malik, at TD Bank.

*W 3*

Karen M. Murray (024571996)
LAW OFFICES OF KAREN MURRAY LLC
8 East Main Street
Moorestown, NJ 08057
(856)778-4002
(856)778-4008 fax
kmurray@murraynjlaw.com
Attorneys for Plaintiffs

|  |  |
|---|---|
| EARL GEERTGENS AND TAMA GEERTGENS | SUPERIOR COURT OF NEW JERSEY BURLINGTON COUNTY LAW DIVISION |
|  | DOCKET NO. |
| Plaintiffs, | |
| v. | CIVIL ACTION |
| RIC MALIK, MOORESTOWN CONSTRUCTION, LLC, ANDREW MALIK, and MC REMODELING, LLC, | **VERIFIED COMPLAINT** |
| Defendants. | |

Plaintiffs, Earl and Tama Geertgens, by Verified Complaint against the Defendants, Ric Malik,

Moorestown Construction, LLC, Andrew Malik and MC Remodeling, LLC, complain and say:

## General Allegations

1. Plaintiffs, Earl and Tama Geertgens (the "Geertgens"), who reside in Edgewater Park,

   New Jersey, file this suit in pursuit of the satisfaction of a judgment entered in their favor

   on June 12, 2019, against Ric Malik and R. Malik Construction, LLC (together the

   "Malik Defendants"), after successful litigation of their New Jersey Consumer Fraud Act

   claims against the Malik Defendants relating to home improvement repair work to be

   performed on their home, in a matter docketed in the Superior Court of New Jersey, Law

   Division, Burlington County, Docket No. BUR-L-2561-15 ("the "Underlying

   Litigation").

2. The original judgement was entered in the amount of $257,960.75. The judgment was later amended to $266,813.25 (the "Judgment"), to reflect sanctions awarded to the Geertgens, due to the failure of Ric Malik to comply with post-judgment collection efforts. No amount of the Judgment has been paid.

3. This litigation is filed for purposes of addressing the transfer of assets by the Defendants, first to Moorestown Construction, LLC, then to the Defendants Andrew Malik and MC Remodeling, LLC, as well as to the operation of Moorestown Construction, LLC under the guise of MC Remodeling, LLC, in order to avoid payment of the judgment in the Underlying Litigation.

4. The defendants Ric Malik and Andrew Malik both reside at 327 Delaware Avenue, Delanco, New Jersey 08075.

5. The Defendant Moorestown Construction, LLC has its address at 300 Mill Street, Moorestown, New Jersey 08057, or at the residential address of its sole owner, Ric Malik.

6. The Defendant MC Remodeling, LLC has its address at 30 Fox Glove Drive, Delran, New Jersey 08075.

7. As of the date of this pleading, a warrant for the arrest of Ric Malik remains outstanding, for failure to comply with post-Judgment orders of the Court.

8. In 2016, during the course of the Underlying Litigation, Ric Malik terminated the operations of his construction remodeling company, known as R. Malik Construction, LLC, and began doing business through Moorestown Construction, LLC.

9. Ric Malik formed Moorestown Construction, LLC In 2016, as its sole owner and member, and has operated the company since that time.

2

LAW OFFICES OF KAREN MURRAY LLC
Attorneys for Earl and Tama Geertgens

Dated: September 7, 2023                    /s/ Karen M. Murray
                                             Karen M. Murray

### CERTIFICATION

Pursuant to R. 4:5-1, the undersigned certifies that this matter in controversy is not the

subject of any other action pending in any court or of any pending arbitration proceeding,

and no other actions or arbitration proceedings are contemplated, except as follows:

Earl Geertgens and Tama Geertgens v. Ric Malik and R. Malik Construction, LLC,

Superior Court of New Jersey, Burlington County, BUR-L-2561-15 (post-judgment

proceedings). At this time, the Plaintiff knowns of no other party who should be joined in

this action.

### DESIGNATION OF TRIAL COUNSEL

Karen M. Murray, Esq. is hereby designated as trial counsel for the Defendant.

LAW OFFICES OF KAREN MURRAY LLC
Attorneys for Earl and Tama Geertgens

Dated: September 7, 2023                    /s/ Karen M. Murray
                                             Karen M. Murray

BUR-L-002561-15   07/01/2019 12:17:55 PM  Pg 1 of 3 Trans ID: LCV20191147804

~~BUR L 002561-15   06/12/2019   Pg 1 of 15   Trans ID: LCV2019100022~~   *Exhibit P*

EARP COHN P.C.
20 Brace Road - 4ᵗʰ Floor
Cherry Hill, NJ 08034
(856) 354-7700
(856) 354-0766 (Fax)

FILED WITH THE COURT

JUN 12 2019

SUSAN L. CLAYPOOLE, J.S.C.

**Attorneys for Defendants/Counterclaim and
Third-Party Plaintiffs Earl Geertgens and
Tama Geertgens**

BY:   **CAROL S. HARDING, ESQUIRE**
       I.D. #034541992
       **CHARLES P. MONTGOMERY, ESQUIRE**
       I.D. #024312010

| | |
|---|---|
| R. MALIK CONSTRUCTION, LLC, | **SUPERIOR COURT OF NEW JERSEY**<br>**BURLINGTON COUNTY - LAW**<br>**DIVISION** |
| Plaintiff | |
| v. | **DOCKET NO. L-002561-15** |
| EARL GEERTGENS and TAMA<br>GEERTGENS, | |
| Defendants | |
| | |
| EARL GEERTGENS and TAMA<br>GEERTGENS, | |
| Third-Party Plaintiffs | |
| v. | |
| R. MALIK CONSTRUCTION, LLC and<br>RIC MALIK, | **ORDER FOR FINAL**<br>**JUDGMENT** |
| Counterclaim Defendant<br>and Third-Party Defendant | |

This matter having been brought before the Court upon the application of Earp Cohn

P.C., counsel for Defendants Earl and Tama Geertgens, with Carol S. Harding, Esquire,

07/01/2019 12:17:55 PM   Pg 2 of 3   Trans ID: LCV20191147804

appearing, and the Court having GRANTED SUMMARY JUDGMENT AS TO Count IV of

Defendants'/Third-Party and Counterclaim Plaintiffs' Complaint, the Court having considered

the application for attorneys' fees and costs of the Geertgens, and good cause having been

shown;

     IT IS HEREBY ORDERED this _12_ day of ___June___, 2019, that the

motion of Defendants Earl and Tama Geertgens for Summary Judgment as to all counts of

Plaintiff's Complaint and as to Count IV of Defendants/Third-Party Plaintiffs'

Counterclaim/Third-Party Complaint **GRANTED** as follows:

     1.   Judgment is entered in favor of Earl and Tami Geertgens against Counterclaim

Defendant R. Malik Construction, LLC and against Third-Party Defendant Ric Malik as to Count

IV of Defendants/Third-Party Plaintiffs' Counterclaim/Third-Party Complaint, jointly and

severally, in the amount of $108,000; and

     2.   Pursuant to N.J.S.A. 56:8-19, Defendants/Third-Party Plaintiffs Earl and Tama

Geertgens are entitled to recover their reasonable attorneys' fees, filing fees, reasonable costs of

suit, therefore Judgment is entered in favor of Defendants/Third-Party Plaintiffs Earl and Tama

Geertgens against Counterclaim Defendant R. Malik Construction, LLC and against Third-Party

Defendant Ric Malik, jointly and severally, in the amount of $140,639.06 for attorney and

paralegal fees, $750.00 in initial filing and motion filing fees, $8,571.69 in costs and

disbursements; NOW THEREFORE

     IT IS ORDERED that **FINAL JUDGMENT** be entered in favor of Defendants/Third-

Party Plaintiffs Earl and Tama Geertgens (H/W) and against Counterclaim Defendant R. Malik

Construction, LLC and against Third-Party Defendant Ric Malik, jointly and severally, in the total

amount of $257,960.75; and

Defendants/Third-Party Plaintiffs Earl and Tama Geertgeens shall serve a copy of this

Order on Plaintiff and Third-Party Defendant with __7__ days of their receipt of this Order.

**SO ORDERED.**

BY THE COURT:

_Susan L. Claypoole_ ,J.S.C.

Susan L. Claypoole, J.S.C.

See attached Statement of Reasons

## Affidavit of Ric F. Malik — Statement of Financial Circumstances

I, Ric F. Malik, am 64 years old and have spent my entire adult life as a self-employed builder. Other than a single summer painting job in my youth, I was never employed in a traditional wage-earning role and therefore made only minimal contributions to Social Security. I do not receive a pension, I have no retirement savings, and I own no significant assets.

My wife is approximately the same age and, like me, has never significantly contributed to Social Security. She has spent the majority of her life as a business manager and home maker, and we always intended to retire together. However, in November of 2023, she suffered a severe nervous breakdown, resulting in long-term neurological damage to her right arm. This has left her with limited use of that limb and the need for multiple medical appointments each week and ongoing surgeries. Her condition is both physically disabling and emotionally overwhelming.

While we originally planned for her to join me in Vieques, Puerto Rico, she is not able to travel or relocate at this time due to her fragile condition. She currently remains in New Jersey under medical supervision and family care. The physical separation and emotional stress have further complicated an already overwhelming financial situation.

I relocated to Vieques in April 2023 after concluding that the cost of living in New Jersey was no longer sustainable. Puerto Rico, while still part of the United States, offers a significantly more affordable lifestyle and allows me to live modestly and responsibly in my retirement years. My relocation was not made to evade creditors or hide assets — I have none — but rather to survive with dignity.

I filed this Chapter 7 petition in good faith. I am not attempting to escape responsibility, but seeking a lawful, transparent resolution to longstanding financial burdens that I am no longer capable of repaying. I respectfully ask that the Court consider my age, my lifelong self-employment, my wife's medical condition, and my financial circumstances in evaluating this case.

The Biblical Year of Jubilee, as set forth in Leviticus 25, called for the forgiveness of debts and restoration of liberty every fifty years. While not binding law in modern courts, its spirit is reflected in the purpose of the Bankruptcy Code—to provide a fresh start to those who can no longer survive under crushing debt. I respectfully ask that the Court view this petition through that lens of mercy and restoration.

**I am deeply grateful for the protections offered by this Court and the bankruptcy process, which are designed to restore dignity and provide a path forward. Thank you for considering my situation.**

With deepest respect,


*Exhibit Q*

## MC Remodeling LLC. Bank Deposits

**TD Bank**

| | Month | Year | Deposits | | |
|---|---|---|---|---|---|
| **2022** | Jan | 2022 | $ 2,185.64 | | |
| | Feb | 2022 | $ 9,830.00 | | |
| | Mar | 2022 | $ 16,353.02 | | |
| | Apr | 2022 | $ 32,466.31 | | |
| | Jun | 2022 | $ 26,000.01 | | |
| | Jul | 2022 | $ 31,675.40 | | |
| | Aug | 2022 | $ 49,229.50 | | |
| | Sep | 2022 | $ 54,810.74 | | |
| | Oct | 2022 | $ 94,348.25 | | |
| | Nov | 2022 | $ 22,572.40 | | |
| | Dec | 2022 | $ 73,536.87 | | |
| | **Total Annual Rev** | | $413,008.14 | | |
| | **Avg Month Rev** | | $ 37,546.19 | | |
| **2023** | Jan | 2023 | $ 92,978.88 | | |
| | Feb | 2023 | $ 51,728.81 | | |
| | Mar | 2023 | $ 74,415.57 | | |
| | Apr | 2023 | $ 52,954.28 | | |
| | May | 2023 | $ 60,113.21 | | |
| | *Subpoena to 1 st client* | | | | |
| | Jun | 2023 | $ 197,444.11 | | |
| | Jul | 2023 | $ 13,094.98 | | |
| | Aug | 2023 | $ 24,900.00 | | |
| | Avg Month Rev Prior to Seizing | | | $49,031.90 Loss per month | |
| | Sep | 2023 | $ 344.86 | **Account Frozen funds seized** | $48,687.04 |
| | Oct | 2023 | $ 291.00 | | $48,740.90 |
| | Nov | 2023 | $ - | | $49,031.90 |
| | Dec | 2023 | $ - | | $49,031.90 |
| | **Total Annual Rev** | | $568,265.70 | | |
| | **Avg Month Rev** | | $ 47,355.48 | | |

**Other Bank**

| | Month | Year | Deposits | | |
|---|---|---|---|---|---|
| **2024** | Apr | 2024 | $ 13,480.60 | | $35,551.30 |
| | May | 2024 | $ 32,645.78 | | $16,386.12 |
| | Jun | 2024 | $ 27,874.64 | | $21,157.26 |
| | Jul | 2024 | $ 17,763.67 | | $31,268.23 |
| | *Subpoena to 2nd client* | | | | |
| | Aug | 2024 | $ 28,761.26 | | $20,270.64 |
| | Sep | 2024 | $ 26,122.09 | | $22,909.81 |
| | Oct | 2024 | $ 22,384.00 | | $26,647.90 |
| | Nov | 2024 | $ 24,744.53 | | $24,287.37 |
| | Dec | 2024 | $ 28,213.46 | | $20,818.44 |
| | **Total Annual Rev** | | $221,990.03 | | |
| | **Avg Month Rev** | | $ 24,665.56 | | |
| | Jan | 2025 | $ 16,312.14 | | $32,719.76 |
| | Feb | 2025 | $ 5,033.45 | | $43,998.45 |
| | Mar | 2025 | $ 8,031.83 | | $41,000.07 |
| | Apr | 2025 | $ 38,487.86 | | $10,544.04 |
| | May | | | | |



| | |
|---|---|
| **Total Annual Rev** | **$ 67,865.28** |
| **Avg Month Rev** | **$ 16,966.32** |

| | |
|---|---|
| **Gross Revanue Business Loss After Account Seized** | $543,051.11 |
| **15% Commision Due Karen Malik** | $81,457.67 |
| **10% Overhead, 10% Profit** | $96,934.62 |
| **Total Net Loss** | **$178,392.29** |

*Exh.S.7
C*

## AFFIDAVIT OF ANDREW MALIK
### State of New Jersey
### County of Burlington

I, Andrew R. Malik, being duly sworn, declare under penalty of perjury as follows:

### 1. Introduction and Background
- My name is Andrew Malik.
- I am the son of Ric Malik (Debtor), who filed for Chapter 7 bankruptcy (Case No. 23-03241-ESL7) on October 6, 2023.
- I am not the debtor in this case. I am the sole owner of MC Remodeling LLC, an independent business entity.
- I am listed as a creditor in my father's bankruptcy case due to financial assistance I provided him prior to the petition.
- I am aware that Earl and Tama Geertgens are listed creditors in this case and are represented by attorney Karen Murray.

### 2. Notice of Bankruptcy Filing and Stay
- My father filed for bankruptcy on October 6, 2023, in the U.S. Bankruptcy Court for the District of Puerto Rico.
- To my knowledge, notice of the bankruptcy and the automatic stay under 11 U.S.C. § 362 was sent to Earl and Tama Geertgens and their counsel, Karen Murray, by certified mail and/or electronic means no later than October 12, 2023.

### 3. Violations of the Automatic Stay
- Despite receiving proper notice of the bankruptcy, the Geertgens, through Karen Murray, have willfully continued litigation and collection activities:
• They continued to pursue Case No. BUR-L-1741-23 in the Superior Court of New Jersey, Burlington County, alleging fraudulent transfers involving me and MC Remodeling LLC.
• On October 13, 2023, and continuing to this day, they have initiated or continued actions such as:
   - Serving subpoenas and legal notices to me and my clients
   - freeze business accounts
   - Issuing deposition requests targeting both personal and professional relationships

### 4. Impact on Business Operations
- Their actions have caused direct and severe disruption to MC Remodeling LLC:
• I have lost significant time and energy dealing with legal threats and responses, diverting attention from my business.
• Ongoing litigation has tarnished my reputation among clients, leading to cancelled or delayed projects.
• I estimate a loss of approximately $300,000 in gross revenue compared to the previous fiscal year.

### 5. Emotional and Psychological Harm
- These actions have taken a heavy emotional toll:
• I have suffered anxiety, sleeplessness, and emotional stress due to continued harassment despite no wrongdoing on my part.

• I feel the need to keep my home blinds drawn and live in a heightened state of concern for personal and family privacy.
• My mother and girlfriend have also suffered emotionally and financially due to the indirect effects of the ongoing litigation.

**6. Legal and Financial Consequences**
- I have been forced to retain legal counsel to defend against improper actions, incurring thousands of dollars in legal fees.
- My bank accounts were subject to seizure attempts, forcing me to limit my use of traditional banking systems.
- I now operate largely in cash, which limits my ability to take on larger or government-financed construction projects, stalling my professional growth.

**7. Conclusion**
- Based on the above facts, it is evident that the Geertgens and their attorney, Karen Murray, have willfully violated the automatic stay by pursuing post-petition legal actions against a non-debtor.
- These violations have had serious consequences on my livelihood, financial stability, and emotional health.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: 4/4/25
Signature: _____
Andrew R. Malik
30 Foxglove Dr.
Delran, NJ 08075

MARYLOU LAYMAN
NOTARY PUBLIC
STATE OF NEW JERSEY
MY COMMISSION EXPIRES JANUARY 5 2030

Exhibit B

# AFFIDAVIT OF KAREN MALIK
### State of New Jersey
### County of Burlington

I, Karen Malik, being duly sworn, declare under penalty of perjury the following:

## 1. Introduction and Background
- My name is Karen Malik.
- I am the wife of Ric F. Malik (the Debtor), who filed for Chapter 7 bankruptcy (Case No. 23-03241-ESL7) on October 6, 2023, in the U.S. Bankruptcy Court for the District of Puerto Rico.
- Although I am not a party to the bankruptcy case, I have been directly affected by actions taken by the creditors and their attorney.

## 2. Notice of Bankruptcy and the Automatic Stay
- I am aware that Earl and Tama Geertgens are listed creditors in this case.
- To my knowledge, they and their attorney, Karen Murray, were served notice of the bankruptcy filing and the automatic stay via certified mail and/or electronic means by October 12, 2023.

## 3. Violations of the Automatic Stay by Creditors and Counsel
- Despite receiving notice of the bankruptcy and the protections afforded under 11 U.S.C. § 362, the creditors, through their counsel Karen Murray, have continued to engage in collection activity.
- These actions include:
  • Continuing litigation in the Superior Court of New Jersey, Burlington County, under Case No. BUR-L-1741-23.
  • Filing claims and subpoenas involving my son, Andrew Malik, and his business, MC Remodeling LLC.
  • Freezing bank accounts, contacting clients of MC Remodeling LLC, and issuing legal threats—all after the automatic stay took effect.
  • Personally targeting me with legal notices, despite my not being a party to the bankruptcy.

## 4. Emotional and Physical Impact
- These actions have placed extreme emotional stress on my family and me.
- In the days following Thanksgiving 2023, I suffered a severe mental health episode and was found unconscious in my home. I was hospitalized in the intensive care unit for nearly a month and continue to suffer physical and mental health challenges as a result.
- The anxiety, harassment, and fear created by these legal actions have severely damaged my quality of life both personally and in my work.

## 5. Financial Impact and Household Disruption
- Our family's finances have been directly harmed by the Geertgens' continued pursuit of legal action, particularly through the freezing of assets and interference with Andrew's income.
- I am currently unable to work due to my health, and these actions have limited our access to necessary funds for basic needs.

## 6. Conclusion
- I respectfully submit this affidavit to support Ric F. Malik's defense against the Motion to Dismiss and to document serious violations of the automatic stay.
- The conduct of Karen Murray and the creditors has caused my family irreparable harm and disregards the protections provided under federal bankruptcy law.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: _4: 6 25_

Signature: _____

*Karen Malik*
327 Delaware Ave.
Delanco, NJ 08075

UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

RECEIVED AND FILED PRO SE UPLOAD
TOOL 05/18/2025 - 06:22 PM USBC
(DRR)

IN RE:
RIC F. MALIK, Case No.: 23-03241-ESL7
Debtor. Chapter 7

---

RIC F. MALIK, Adv. Proc. No. _____
Plaintiff,

v.

EARL GEERTGENS, TAMA GEERTGENS,
and KAREN MURRAY, ESQ.,
Defendants.

---

CERTIFICATE OF SERVICE

I, Ric F. Malik, hereby certify that on this day, I served a true and correct copy of the following document:

- Complaint for Injunctive Relief, Enforcement of Automatic Stay, Damages, and Sanctions Pursuant to 11 U.S.C. §§ 362, 105 and Rule 7001

- Complaint for Injunctive Relief, Enforcement of Automatic Stay, Damages, and Sanctions pursuant to 11 U.S.C. §§ 362, 105 and Rule 7001

- Adversary Complaint for Injunctive Relief and Sanctions

- Motion for Preliminary Injunction

- Motion to Seal Exhibit E

- Exhibit Package (including Exhibits A–W4, with Exhibit II -MM submitted separately under seal)

upon the following parties via electronic mail and/or U.S. Mail, postage prepaid:

Warren Wolf, Esq.
Attorney for Earl and Tama Geertgens
Goldberg & Wolf, LLC
1949 Berlin Rd, Suite 201
Cherry Hill, NJ 08003
Email: wwolf@goldbergwolf.com

Karen M. Murray, Esq.
Attorney for Earl and Tama Geertgens
Karen M. Murray, LLC

211 Benigno Blvd., Suite 201
Bellmawr, NJ 08031
Email: karenmurrayesq@aol.com

Wigberto Lugo-Mender
Chapter 7 Trustee
100 Carr. 165, Suite 501
Guaynabo, PR 00968-8052

Office of the United States Trustee
Ochoa Building
500 Tanca Street, Suite 301
San Juan, PR 00901-1922

I certify under penalty of perjury that the foregoing is true and correct.

Executed on this 18 day of May 2025.

/s/ Ric F. Malik
Ric F. Malik, Pro Se
756 Vieques
Vieques, PR 00765
Email: ricmalik3@gmail.com
Phone: (787) 530-7799