UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

IN RE:
**RIC F. MALIK**,
**Debtor**

Case No. 23-03241-ESL7
Chapter 7

*RECEIVED AND FILED
PRO SE UPLOAD TOOL
05/20/2025 - 06:25 AM
USBC
(WRT)*

**MOTION TO EXTEND THE AUTOMATIC STAY UNDER 11 U.S.C. §§ 362 AND 105 TO PROTECT NON-DEBTOR FAMILY MEMBERS AND AFFILIATED ENTITIES**

**TO THE HONORABLE ENRIQUE S. LAMOUTTE, UNITED STATES BANKRUPTCY JUDGE:**

COMES NOW, the Debtor, **Ric F. Malik**, appearing pro se, and respectfully states as follows:

## I. INTRODUCTION

This motion seeks to extend the automatic stay imposed by 11 U.S.C. § 362(a) to cover non-debtor family members and entities closely aligned with the Debtor—including **Andrew Malik**, **Karen Malik**, **MC Remodeling, LLC**, and **Moorestown Construction, LLC**—pursuant to the Court's equitable powers under 11 U.S.C. § 105(a).

The civil litigation currently pending in New Jersey state court (Docket No. BUR-L-1741-23) is, in substance and purpose, a continuation of the creditor's effort to collect a prepetition judgment from the Debtor. These actions violate the Bankruptcy Code's protections and, unless stayed, will erode the Debtor's right to a fresh start, impose undue burdens on the estate, and compromise the integrity of the bankruptcy process.

## II. BACKGROUND

1. The Debtor filed for Chapter 7 protection on **October 6, 2023**.

2. The Debtor's **Chapter 7 estate has no non-exempt assets** available for distribution to creditors.

3. On **September 12, 2023**, creditors **Earl and Tama Geertgens** filed a second lawsuit in New Jersey state court under **Docket No. BUR-L-1741-23**, naming as defendants the Debtor's **son (Andrew Malik)**, **spouse (Karen Malik)**, and companies associated with the Debtor's past construction activity.

4. The plaintiffs' allegations stem from a **2015 contract dispute and 2019 judgment** against the Debtor and reflect an attempt to collect from the Debtor's family members and alleged alter egos based on the same factual and legal theories previously litigated.

---

## III. LEGAL BASIS FOR EXTENDING THE STAY

### A. The Court Has Authority to Extend the Automatic Stay Under § 105(a)

Bankruptcy courts have broad authority under **11 U.S.C. § 105(a)** to issue orders necessary or appropriate to carry out the provisions of the Code. Courts routinely invoke this power to extend the automatic stay to non-debtors when the stay is needed to protect the debtor's rights and the bankruptcy process.

See:

- **A.H. Robins Co. v. Piccinin**, 788 F.2d 994 (4th Cir. 1986)
- **Queenie, Ltd. v. Nygard Int'l**, 321 F.3d 282 (2d Cir. 2003)
- **Maritime Elec. Co. v. United Jersey Bank**, 959 F.2d 1194 (3d Cir. 1991)

---

### B. The "Identity of Interest" Doctrine Applies

The automatic stay should be extended when there is a **sufficient identity of interest** between the debtor and the non-debtor such that a judgment or action against the non-debtor will directly impact the debtor. In this case:

- The pending suit is based entirely on the Debtor's prior conduct and business operations.
- The named non-debtors (Debtor's son, spouse, and their companies) are included solely due to their **familial or nominal ties** to the Debtor.
- The allegations assert derivative or successor liability for claims originally adjudicated against the Debtor.
- The relief sought in the state court action would indirectly enforce the judgment against the Debtor in violation of the automatic stay.

These facts fall squarely within the identity of interest doctrine.
See **Queenie, Ltd.**, 321 F.3d at 287 ("The automatic stay can apply to non-debtors where a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate.")

---

### C. The Litigation Has No Independent Purpose and Undermines the Fresh Start Policy

The New Jersey litigation serves **no independent or legitimate purpose** beyond circumventing the Bankruptcy Code's protections. This undermines the **fresh start** policy granted under Chapter 7.

See:

- **In re Johnson**, 548 B.R. 770 (Bankr. S.D. Ohio 2016): Extended the stay to protect a spouse where litigation interfered with the debtor's fresh start and imposed emotional and financial burdens on the family.
- **In re Lomas Financial Corp.**, 117 B.R. 64 (S.D.N.Y. 1990): Stay extended where litigation against co-defendants was functionally a continuation of the case against the debtor.

---

**D. The Estate's No-Asset Status Strengthens the Case for Injunctive Relief**

This is a **no-asset case**, meaning the creditors will receive **no distribution** from the estate. The absence of distributable assets proves that:

- Continuing litigation against family members is **not about protecting or recovering estate value**.
- The plaintiffs' motives are **punitive** and designed to **harass or coerce the Debtor** and those close to him.
- The lawsuit imposes legal and financial pressures that amount to a **de facto violation of the stay**, and a workaround to obtain relief that could not be lawfully obtained through the bankruptcy.

Under these circumstances, **injunctive relief under § 105(a)** is appropriate to prevent further abuse of process and protect the integrity of the debtor's discharge.

---

## IV. RELIEF REQUESTED

WHEREFORE, the Debtor respectfully requests that the Court:

1. **Extend the protections of the automatic stay** under 11 U.S.C. §§ 362(a) and 105(a) to cover:
   - **Andrew Malik**
   - **Karen Malik**
   - **MC Remodeling, LLC**
   - **Moorestown Construction, LLC**

2. Enjoin all parties from continuing or initiating any litigation, enforcement, or collection activity in the matter styled **Geertgens v. Malik et al., Docket No. BUR-L-1741-23**, or any similar proceeding, against the above-named individuals and entities while this bankruptcy case is pending.

3. Grant such other and further relief as the Court deems just and proper.

**RESPECTFULLY SUBMITTED**,

Dated: 5/20/2025

Vieques, Puerto Rico

**Ric F. Malik**
Pro Se Debtor
756 Vieques
Vieques, PR 00765
ricmalik3@gmail.com
(787) 530-7799

## CERTIFICATE OF SERVICE

I, **Ric F. Malik**, hereby certify that on this date, I served a true and correct copy of the **Motion to Extend the Automatic Stay Under 11 U.S.C. §§ 362 and 105 to Protect Non-Debtor Family Members and Affiliated Entities** upon the following parties:

**Via CM/ECF electronic notice:**

- **Wigberto Lugo-Mender**, Chapter 7 Trustee
  Email: trustee@lugomender.com

- **Office of the United States Trustee**
  Ochoa Building
  500 Tanca Street, Suite 301
  San Juan, PR 00901-1922
  Email: ustpregion21.hr.ecf@usdoj.gov

- **Charles P. Gilmore, Esq.**
  O'Neill & Gilmore Law Office, LLC
  Email: cpg@go-law.com

- **Warren S. Wolf, Esq.**
  Goldberg & Wolf, LLC
  Email: wwolf@goldbergwolf.com

I certify under penalty of perjury that the foregoing is true and correct.

---

**Executed on:** 5/20/2025
**Signed:**

**Ric F. Malik**
Pro Se Debtor
756 Vieques
Vieques, PR 00765
ricmalik3@gmail.com
(787) 530-7799