IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In Re: | Case No. 23-03241-ESL7 |
| RIC F. MALIK., | Chapter 7 |
| Debtor. | |

**GEERTGENS' OPPOSITION TO
DEBTOR'S MOTIONS (DKT # 114) TO ENFORCE
AUTOMATIC STAY AND FOR SANCTIONS DUE TO
VIOLATIONS BY KAREN MURRAY**

**TO THE HONORABLE COURT**:

COMES NOW, creditors Earl Geertgens and Tama Geertgens ("the Geertgens"), represented by the undersigned legal counsel, respectfully submit the following in opposition to the motion filed by Debtor at Dkt # 114 To Enforce Automatic Stay And For Sanctions.

1. This is submitted in response Debtor's motion to enforce automatic stay, addressed to alleged violations arising from state court litigation. Debtor has been dismissed from that case, but it continues against two co-defendants, Debtor's son and Debtor's son's company, MC Remodeling, LLC (referred to as the "Co-Defendants").

2. This Court has previously rejected Debtor's arguments, by the order entered at Docket # 111 (Motion to Enforce Automatic Stay at Docket # 90), and (Supplemental Motion To Declare State Court order Void and Reinforcement of Automatic Stay at Docket # 95), entered by the Court on May 9, 2025, and again by Order at Docket # 117 (Dismissing motion to extend automatic stay under 11 S.S.C. §§ 362, and 105 to protect non-debtor

1

family members and affiliated entities, at Docket #116), entered by the Court on May May 22, 2025.

3. The motion errantly states that it was original filed in Adversary Proceeding No 24-00015-ESL. This information is not accurate. The prior motions were filed in this case, and denied in this case. See, Docket # 111, 117.

4. The motion is admittedly repetitive, adding nothing new. Debtor states that it is "reasserted in the main case for full consideration," although filed in the main case originally, and denied in this case as well. The motion should be denied for the same reasons set forth in the Court's order at Docket # 111.

5. The claims against the Co-Defendants do not rely upon existence of a claim against the Debtor. They are independent claims relating to these parties' conduct in violation of injunctive relief and other orders of the Court in New Jersey, restricting transfers from Moorestown Construction, LLC to MC Remodeling, LLC (operating under the trade name "Moorestown Construction").

6. The pending claims, relating to transactions between Moorestown Construction, LLC and MC Remodeling, LLC do not impact upon the Debtor's estate. Neither the companies at issue, nor the assets at issue, are identified in Debtor's petition. Debtor never owned the assets, and has no claim to them now.

7. Attached as Exhibit A is a true copy of a Declaration of Karen Murray, Esq. which is incorporated herein.

8. Plaintiffs have not engaged in any post-petition action on any account owned by the Debtor. Pre-petition, the Geertgens did obtain a levy upon a bank account owned jointly by the Debtor and his spouse at TD Bank N.A., and bearing his residential address as

Grand Rapids, Ohio  That account had a balance of $100.00.  A true copy of the account statement from TD Bank is attached.

9. When Debtor filed bankruptcy several weeks later, Debtor failed to serve the Geertgens or their counsel with notice of his bankruptcy filing. See, Debtor's Motion, Exh. EE (Serving prior counsel, whom Debtor knew to be no longer represent the Geertgens).

10. Debtor's son supplied Debtor's Notice of Bankruptcy to the Court in relationship to Plaintiffs' Order To Show Cause seeking turn-over of TD Bank account proceeds.  As a result of that submission, Debtor was dismissed from the case.  TD Bank was advised to release the levy.  Debtor has never listed the bank account at TD Bank in his petition, and apparently makes no claim to it.  See Declaration of Murray, ¶ 5.

11. In the currently pending state court case, service of a subpoena was attempted upon non-debtor Karen Malik.  This was served in relationship to Mrs. Malik's role in the business affairs of MC Remodeling, LLC and Moorestown Construction, LLC.  The subpoena was never successfully served.  When attempted to be served at the family home, an individual answering the door advised that Mrs. Malik did not reside there. The process server's proof of service is provided herewith.  The process server notes no contact with Mrs. Malik.  Id., ¶ 6.

12. Plaintiffs have undertaken no surveillance of the Debtor since his filing of bankruptcy.  Prior to his bankruptcy, surveillance efforts were undertaken to ascertain Debtor's whereabouts.  These efforts were concluded in June, 2023, four months prior to his bankruptcy filing.  Id., ¶ 7.

13. Based upon the foregoing, it is respectfully requested that the motion filed at Docket # 114 be denied, based upon the Court's order at Docket # 111.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been mailed by U.S.First class mail this _ _ day of M a y , 2 0 2 5 , to debtor, RIC F. MALIK, at PO BOX 756, VIEQUES, PR 00765-0756; and ricmalik3@gmail.com, and with the Clerk of the Court using the CM/ECF System, which will send notification to the CM/ECF participants.

        **O'NEILL & GILMORE**
        **LAW OFFICE, LLC**
        City Towers, Suite 1701
        252 Ponce de León Avenue
        San Juan, Puerto Rico 00918
        Phone: 787/620-0670
        Fax:     787/620-0671
        Email:   cpg@go-law.com

        By: /s/ *__Charles P. Gilmore_____*
        Charles P. Gilmore, Esq.
        USDC No. 209614

        **GOLDBERG & WOLF, LLC**
        1949 Berlin Road, Suite 201
        Cherry Hill, New Jersey 08003
        Phone: 856-651-1600
        Fax:     856-651-1615
        Email:   wwolf@goldbergwolf.com

        By: __/s/ Warren S. Wolf_____
        Warren S. Wolf, Esq.
        Co-counsel admitted Pro Hoc Vice

# Exhibit A

IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

IN RE: RIC F. MALIK

CASE NO: 23-03241-ESL7

Chapter 7

**DECLARATION OF
KAREN M. MURRAY, ESQ.**

I, KAREN M. MURRAY, ESQ., declare under penalty of perjury under the laws of the United States:

1. I am an attorney licensed to practice law in the State of New Jersey. I have represented Earl and Tama Geertgens since 2021. I submit the following in support of Earl and Tama Geertgens' response to Motion to Enforce Automatic Stay And For Sanctions.

2. The Geertgens have pending claims in New Jersey state court, relating to transfer of assets between Moorestown Construction, LLC and MC Remodeling, LLC. These claims do not impact upon Debtor's estate. Debtor has not claimed any interest in MC Remodeling, LLC. Neither of the companies at issue, nor the assets at issue, are identified in Debtor's petition or otherwise known to be property of the Debtor. Debtor never owned the assets, and has no claim to them now.

3. Plaintiffs have not engage in any post-petition action on any bank account owned by the Debtor. Pre-petition, the Geertgens did obtain a levy upon a bank account owned jointly by the Debtor and Karen Malik. The account was held at TD Bank. A true copy of a redacted account statement is attached. The account held a balance of $100.00.

1

4. When Debtor filed bankruptcy, in October, 2023, he failed to serve the Geertgens or their counsel with notice of his bankruptcy filing. He instead served the Geertgens' prior counsel, whom he knew to be no longer representing the Geertgens. See, Debtor's Motion, Exh. EE.

5. Debtor's son supplied a Notice of Bankruptcy to the Court in relationship to Plaintiffs' Order To Show Cause seeking turn-over of TD Bank account proceeds. As a result of that submission, Debtor was dismissed from the case. I advised TD Bank to release the levy. Debtor has never listed the bank account at TD Bank in his petition.

6. In the currently pending state court case, service of a subpoena was attempted upon non-debtor Karen Malik, in August, 2024. This was served in relationship to Mrs. Malik's role in the business affairs of MC Remodeling, LLC and Moorestown Construction, LLC. The subpoena was never successfully served. When the process server attempted to serve her at the family home in Delanco, New Jersey, an individual answering the door advised that Mrs. Malik did not reside there. The process server's proof of service is provided herewith. The process server notes no contact with Mrs. Malik.

7. Plaintiffs have not undertaken any surveillance of the Debtor since his filing of bankruptcy. Prior to his bankruptcy, surveillance efforts were undertaken to ascertain Debtor's whereabouts. These efforts were concluded in June, 2023, four months prior to his bankruptcy filing.

I hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Dated: May 27, 2025

Karen M. Murray, Esq.

2

  

**Bank**
America's Most Convenient Bank®          7     STATEMENT OF ACCOUNT

RIC F MALIK
KAREN S MALIK
20428 W STATE ROUTE 65
GRAND RAPIDS OH  43522-9809

Page:                               1 of 2
Statement Period:     Sep 08 2023-Oct 07 2023
Cust Ref #:                         ###
Primary Account #:                  123

## TD Convenience Checking

RIC F MALIK                                                                 123
KAREN S MALIK

### ACCOUNT SUMMARY

| | | | |
|---|---:|---|---:|
| Beginning Balance | 100.00 | Average Collected Balance | 10.00 |
| | | Interest Earned This Period | 0.00 |
| Other Withdrawals | 100.00 | Interest Paid Year-to-Date | 0.00 |
| Service Charges | 15.00 | Annual Percentage Yield Earned | 0.00% |
| Ending Balance | -15.00 | Days in Period | 30 |

| | Total for this cycle | Total Year to Date |
|---|---:|---:|
| Grace Period OD/NSF Refund | $0.00 | $0.00 |

### DAILY ACCOUNT ACTIVITY

**Other Withdrawals**

| POSTING DATE | DESCRIPTION | AMOUNT |
|---|---|---:|
| 09/11 | DEBIT, Levy #1106460 S TRO | 100.00 |
| | Subtotal: | 100.00 |

**Service Charges**

| POSTING DATE | DESCRIPTION | AMOUNT |
|---|---|---:|
| 10/06 | MAINTENANCE FEE | 15.00 |
| | Subtotal: | 15.00 |

### DAILY BALANCE SUMMARY

| DATE | BALANCE | DATE | BALANCE |
|---|---:|---|---:|
| 09/07 | 100.00 | 10/06 | -15.00 |
| 09/11 | 0.00 | | |

Call 1-800-937-2000 for 24-hour Bank-by-Phone services or connect to www.tdbank.com

Bank Deposits FDIC Insured | TD Bank, N.A. | Equal Housing Lender

SUPERIOR COURT OF NEW JERSEY, COUNTY OF BURLINGTON

| | |
|---|---|
| **EARL GEERTGENS AND TAMA GEERTGENS** <br> Plaintiff/Petitioner <br> vs. <br> **RIC MALIK, ET AL.** <br> Defendant/Respondent | Case No.: BUR-L-1741-23 <br> Hearing Date: 08/21/2024 <br> **DECLARATION OF NON-SERVICE OF SUBPOENA FOR DEPOSITION AND DOCUMENT PRODUCTION** |

Received by **Micheal Agboola**, on the **6th day of August, 2024 at 8:39 PM** to be served upon **Karen Malik** at 327 Delaware Avenue, Delanco, Burlington County, NJ 08075.

On the **7th day of August, 2024 at 3:26 PM**, I, Micheal Agboola, **NON-SERVED** Karen Malik.

**NON-SERVICE** after due search, careful inquiry and diligent attempts at 327 Delaware Avenue, Delanco, Burlington County, NJ 08075, I have been unable to effect process upon the person/entity being served due to the following reason(s):
8/7/2024 2:59 PM: There was no answer at the address.
8/7/2024 3:26 PM: I spoke with an individual who identified themselves as the resident and they stated subject unknown. I spoke with a neighbor who doesn't recognize name.

Service Fee Total: $105.00

I am a citizen of the United States, over the age of eighteen, not a party to nor interested in the above entitled action, and have the proper authority in the jurisdiction in which this service was made. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true and accurate.

| NAME: | /s/ Micheal Agboola | N/A <br> Server ID # | 08/07/2024 <br> Date |
|---|---|---|---|

REF: Malik

Page 1 of 1
Tracking #: 0139839284