**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF PUERTO RICO**

**Case No. 23-03241-ESL7**

**Chapter 7**

**IN RE:**

RIC F. MALIK,

Debtor.

*RECEIVED AND FILED*
*PRO SE UPLOAD TOOL*
*05/28/2025 - 07:40 PM*
*USBC*
*(WRT)*

---

## DEBTOR'S REPLY TO CREDITOR'S OPPOSITION (DKT. #121) TO SUPPLEMENTAL MOTION TO STAY AND ENFORCE AUTOMATIC STAY

**Filed by:**

Ric F. Malik, Pro Se

756 Vieques, PR 00765

ricmalik3@gmail.com

(787) 530-7799

TO THE HONORABLE COURT:

I, Ric F. Malik, Debtor, respectfully submit this reply to the Opposition filed by the Geertgens (Dkt. #121) and state as follows:

## I. PRELIMINARY STATEMENT

The Opposition filed by the Geertgens does not rebut the essential facts or legal arguments presented in my Motion and Supplemental Certification. Instead, it mischaracterizes both the procedural posture of the state court cases and the nature of the relief I seek. This reply is necessary to correct the record and reaffirm that the actions taken by the creditors and their attorney constitute clear, ongoing violations of the automatic stay imposed by 11 U.S.C. § 362.

## II. THE ACTIONS ARE CLEARLY BASED ON A STAYED JUDGMENT

The Opposition fails to dispute that:

- The 2015 judgment (BUR-L-002561-15) is the basis of all ongoing litigation in the 2023 state case (BUR-L-001741-23).

- The 2023 action names third parties solely due to their relationship with the Debtor and his alleged connection to the judgment.

- Subpoenas issued in 2025 under the 2023 docket name the Debtor directly and target his family members and associates in a transparent effort to continue judgment collection.

These facts support a finding that the 2023 litigation is not independent but derivative of the stayed 2015 judgment.

## III. THE OPPOSITION MISSTATES PRIOR COURT ACTION

The Geertgens argue that my motion should be denied because similar relief has been denied previously. However, my current motion and supplemental filing are based on **newly obtained evidence**, specifically the subpoenas disclosed by Mark Molz on May 23, 2025, and continued post-petition litigation efforts. These materials were not available or considered in earlier rulings.

Therefore, this is not a repetitive filing but a renewed motion based on **new and material developments** showing a pattern of misconduct.

## IV. THE AUTOMATIC STAY PROTECTS AGAINST INDIRECT COLLECTION

The Opposition fails to address that courts may extend the automatic stay to non-debtors where claims are used to pressure or punish the debtor. See *Maritime Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1205–06 (3d Cir. 1991). The pursuit of Andrew Malik, Karen Malik, and MC Remodeling LLC is clearly derivative and strategic, not based on independent causes of action.

## V. DISMISSAL FROM STATE COURT DOES NOT CURE VIOLATIONS

Creditors argue that I have already been dismissed from the 2023 state case. However, this does not excuse the continued service of subpoenas upon me or the use of my name and financial records in post-petition discovery. The enforcement strategy remains aimed at pressuring the Debtor, in violation of § 362(a)(1), (3), and (6).

Further, I have **not been formally dismissed from the 2015 state court case (BUR-L-002561-15)**, despite repeated filings and requests for relief. My name continues to appear in the docket history, and court communications have continued to refer to me as a party. The absence of a formal dismissal order further supports that the matter remains open and directed against me.

## VI. RELIEF REQUESTED

For the reasons stated above and those in my prior filings, I respectfully request that this Honorable Court:

1. Reaffirm the applicability of the automatic stay to the 2015 judgment and its derivative enforcement actions;

2. Order the Geertgens and their counsel to cease and desist from any further discovery or collection activity related to the 2015 judgment, including BUR-L-001741-23 and **BUR-L-002561-15**;

3. Refer the matter for a determination of stay violations and potential sanctions under 11 U.S.C. § 362(k);

4. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Ric F. Malik

Dated: May 28, 2025

Pro Se Debtor

756 Vieques, PR 00765

## CERTIFICATION OF SERVICE

I, Ric F. Malik, hereby certify that on this 28th day of May, 2025, I electronically filed the foregoing Debtor's Reply to Creditor's Opposition (Dkt. #121) to Supplemental Motion to Stay and Enforce Automatic Stay using the CM/ECF system, which will send notification of such filing to the following registered participants:

**Warren Wolf, Esq.**

Attorney for Earl and Tama Geertgens

Goldberg & Wolf, LLC

1949 Berlin Road, Suite 201

Cherry Hill, NJ 08003

Email: wwolf@goldbergwolf.com

**Office of the United States Trustee**

Ochoa Building

500 Tanca Street, Suite 301

San Juan, PR 00901-1922

**Wigberto Lugo-Mender, Trustee**

100 Carr. 165, Suite 501

Guaynabo, PR 00968-8052

I certify that the foregoing statements made by me are true and correct. I am aware that if any of the foregoing is willfully false, I am subject to punishment.

/s/ Ric F. Malik

Dated: May 28, 2025