*RECEIVED AND FILED
PRO SE UPLOAD TOOL
06/02/2025 - 04:29 PM
USBC
(WRT)*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF PUERTO RICO**

**In re:**
**Ric F. Malik**, Debtor
Chapter 7 | Case No. [Insert Case No.]

---

### SUPPLEMENTAL NOTICE IN SUPPORT OF DEBTOR'S MOTION FOR SANCTIONS (DKT. #114)

**Re: May 29, 2025 Filing in BUR-L-002561-15 and Ongoing Conduct in BUR-L-1741-23**

---

**TO THE HONORABLE COURT:**

Debtor and Defendant Ric F. Malik, appearing pro se, respectfully submits this supplemental notice in further support of his Motion for Sanctions (Dkt. #114), to bring to the Court's attention additional post-petition conduct by Plaintiffs Earl and Tama Geertgens and their attorney, Karen M. Murray. These actions support a finding of continued and willful violation of the automatic stay imposed by 11 U.S.C. § 362(a).

---

## I. BACKGROUND

1. On May 29, 2025, Plaintiffs filed an "Opposition to Motion to Stay Judgment" in state court docket BUR-L-002561-15, the same docket where the original judgment was entered against Debtor. A copy of that filing is attached as **Exhibit A**.

2. The opposition explicitly relies on discovery and filings from the 2023 matter, docket BUR-L-1741-23, which was initiated shortly before Debtor's Chapter 7 petition on October 6, 2023.

3. Plaintiffs' filings show that they are continuing to prosecute both dockets as a coordinated judgment enforcement effort, using the BUR-L-1741-23 action to collect the same prepetition debt—despite full notice of the automatic stay.

4. The misconduct also extends to filings involving **R. Malik Construction LLC**, a defunct company that ceased business in 2015 and holds no assets. Plaintiffs are using this non-debtor entity as a proxy to bypass the automatic stay, a tactic explicitly rejected under *In re Gandy*, 327 B.R. 796, 802 (Bankr. S.D. Tex. 2005).

---

## II. LEGAL BASIS FOR STAY VIOLATION

This ongoing litigation strategy violates the automatic stay under § 362(a)(1) and (a)(6), which prohibits:

- Commencing or continuing any action to collect a prepetition debt;
- Using legal process to obtain possession of or control over estate property;
- Pursuing collection by proxy through non-debtor entities like defunct companies.

Their actions appear willful and calculated, especially since Debtor previously served notice of the bankruptcy and filed motions in both dockets informing the state court of the stay.

## III. RELIEF REQUESTED

Debtor respectfully requests that this Court:

1. Take judicial notice of the filings in state court dockets BUR-L-002561-15 and BUR-L-1741-23;
2. Find that Plaintiffs' continued litigation efforts constitute willful violations of the automatic stay;
3. Impose appropriate sanctions under 11 U.S.C. § 362(k);
4. Award attorneys' fees and damages as warranted;
5. And grant any further relief this Court deems just and proper.

Respectfully submitted,
**/s/ Ric F. Malik**
Ric F. Malik, Pro Se
756 Vieques, PR 00765
ricmalik3@gmail.com
Dated: June 2, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2025, I served a true and correct copy of this Supplemental Notice, including Exhibit A, via CM/ECF upon:

- Warren Wolf, Esq. – wwolf@goldbergwolf.com
- Karen M. Murray, Esq. – kmurray@murraynjlaw.com
- Office of the United States Trustee – ustpregion21.hr.ecf@usdoj.gov

**/s/ Ric F. Malik**



# Law Offices of Karen Murray LLC

**Karen M. Murray Esq.**
kmurray@murraynjlaw.com

May 28, 2025

<u>Via E-courts</u>

Hon. Eric Fikry
Superior Court of New Jersey
Burlington County
Law Division – Civil Case Management
49 Rancocas Road
Mt. Holly, New Jersey 08060

    RE:    Geertgens v. Malik, et al
              Docket No. BUR-L-2561-15 and BUR-L-1741-23

Dear Judge Fikry:

    Please accept this correspondence in lieu of a more formal submission, in response to various filings made by Ric Malik, a debtor in bankruptcy, in the above referenced matters. A detailed list of filings to which a response is provided is appended as Attachment A to this correspondence. Based upon the multiplicity of filings, and lack adequacy of those filings consistent with Court Rules, it is unclear which might require a response.[1] Several are listed on the docket as motions returnable on <u>June 6, 2025</u>. I address these filings together.

    The matter at Docket # **BUR-L-2561-15** ("2015 Case") has been inactive since August 10, 2023, when the Court uploaded a warrant for Mr. Malik's arrest. The only activity since that date was the Court's filing of an expired writ of execution, upon its natural termination. There is a pending judgment in the case against Ric Malik and R. Malik Construction, LLC. Ric Malik filed bankruptcy in October, 2023. R. Malik Construction, LLC has not filed bankruptcy. The Plaintiffs in the 2015 Case are pursuing an Adversary Proceeding in Bankruptcy Court, in which they seek to exclude the judgment in the 2015 Case from any discharge granted to Ric Malik, as well as dismissal of the bankruptcy case as a whole. Those claims are contested and ongoing in the Bankruptcy Court in Puerto Rico.

    The matter at Docket # **BUR-L-1741-23** ("2023 Case") has been dismissed as to the Defendant Ric Malik since the Court was notified by others of his bankruptcy. That occurred in October, 2023. The matter remains active as to other defendants in that case. The Adversary Proceeding referenced above also seeks to exclude claims asserted in the 2023 Case from any discharge granted to Ric Malik. That claim is contested and ongoing in the Bankruptcy Court.

---

[1] The Geertgens object to filings that are out of compliance with Court Rules, including missing documents required for motion filings, needlessly repetitive filings, and unauthorized supplemental submissions.

8 East Main Street Moorestown, NJ 08057   |   Phone (856) 778-4002 | Fax (856) 778-4008

**Law Offices of Karen Murray, LLC**

On May 23, 2025 the Court held a hearing on pending motions in the 2023 Case. Ric Malik did not appear. At that time, the Court advised that that Mr. Malik had been dismissed from the 2023 Case since October, 2023, had not filed a motion to reinstate, and had no standing to be heard by the Court. Indeed, I believe that Mr. Malik would need to seek to modify the automatic stay, in order to participate in either case. He has not done so.

Based upon the Court's determination as announced at the hearing held on May 23, 2025, no further opposition is filed to the pending motions in the 2023 Case. In the event that the Court will hear these motions, an opportunity for filing of appropriate opposition is requested.

This would also be consistent with the fact that numerous requests for relief as to co-defendant Andrew Malik and MC Remodeling, LLC, have previously been made and rejected in the 2023 Case, after having been heard by both this Court and the Bankruptcy Court.

There is also no reason for the Court to take action as to the 2015 Case. Further action on the judgment is already stayed by § 362 of the Bankruptcy code. This statute offers relief by way of stay, but does not provide for a right to vacate or rescind pre-petition matters. As recognized by the Court in Kernan v. One Washington Park Urb. Renewal Assocs., 154 N.J. 437, 454 (1998), "[t]he purpose underlying the automatic stay provision of the Code is to preserve the status quo of the bankruptcy estate."

Mr. Malik's request for the Court to "vacate writ of execution" refers to the Court's filing of a writ of execution returned by the Sheriff in October, 2024. That writ has no continued force or effect, regardless of the status of the bankruptcy stay. Mr. Malik also asks that the Court "rescind the arrest warrant." While it is certainly appropriate for the Court to take no action on the arrest warrant, there is no basis to rescind or alter the case docket. Ric Malik's notice of bankruptcy (as sent to the Court by Andrew Malik's counsel) was also forwarded to the Sheriff's office. The pre-petition state court docket should be preserved, pending disposition of the bankruptcy or modification of the stay. I believe that all appropriate action has already been taken to stop further collection action against Ric Malik in the interim.

Please advise if there is any need for further response to the matters listed at Attachment A to this correspondence.

Respectfully submitted,

LAW OFFICES OF KAREN MURRAY LLC

*Karen M. Murray*
Karen M. Murray

cc: Mark Molz, Esq. (via e-courts)
    Ric Malik, Esq. (via e-courts)