United States Bankruptcy Court
District of Puerto Rico

In re:  Case No. 23-03241-ESL
RIC F MALIK  Chapter 7
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0104-3      User: admin      Page 1 of 1
Date Rcvd: Jun 10, 2025      Form ID: pdf002      Total Noticed: 1

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 12, 2025:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | RIC F MALIK, PO BOX 756, VIEQUES, PR 00765-0756 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 12, 2025      Signature:      /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 10, 2025 at the address(es) listed below:

| Name | Email Address |
|---|---|
| CHARLES P GILMORE | on behalf of Creditor Earl Geertgens cpg@go-law.com yalfonseca@go-law.com |
| MONSITA LECAROZ ARRIBAS | ustpregion21.hr.ecf@usdoj.gov |
| SARAH M VEGA BONILLA | on behalf of Creditor NewRez LLC dba Shellpoint Mortgage Servicing as servicer for MCLP Asset Company Inc. svega@martineztorreslaw.com santosezdocs@gmail.com;ecruz@martineztorreslaw.com;ezdocsatty1@gmail.com;jrico@martineztorreslaw.com;rmelendez@martineztorreslaw.com |
| WIGBERTO LUGO MENDER | trustee@lugomender.com wlugo@ecf.axosfs.com |
| Warren Wolf | on behalf of Creditor Earl Geertgens wwolf@goldbergwolf.com |

TOTAL: 5

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE

RIC F. MALIK

Debtor

CASE NO. 23-03241 (ESL)

CHAPTER 7

FILED & ENTERED ON 6/10/2025

## ORDER REGARDING USE OF GENERATIVE ARTIFICIAL INTELLIGENCE IN FILINGS WITH THE COURT

This case is before the court upon its concern with the proper use of Generative Artificial Intelligence ("AI") tools. The basis for this court's concern was recently addressed in Puerto Rico Soccer League NFP, Corp., et al., v. Federación Puertorriqueña de Futbol, et al., 2025 WL 1080732 (D.P.R. 2025), where the Puerto Rico District Court found that "[c]itations were incorrectly formatted with incorrect reporter numbers, attributed to the wrong circuits or districts, or provided incorrect party names. Whether generative artificial intelligence was used or not is immaterial, what matters is that the [p]laintiffs provided the [c]ourt with a litany of inaccurate information in support of their claims." Id., at *3.

As an introductory matter, Rule 9011 of the Federal Rules of Bankruptcy Procedure ("Fed. R. Bankr. P. 9011") states that by signing, filing, submitting, or advocating a petition, pleading, written motion, or other document, an attorney or unrepresented party certifies that, to the best of their knowledge, information, and belief formed after an inquiry reasonable under the circumstances, "(1) it is not presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase litigation costs; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument to extend, modify, or reverse existing law, or to establish new law; (3) the allegations and factual contentions have evidentiary support--or if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence--or if specifically so identified, are reasonably based on a lack of information or belief." Fed. R. Bankr. P. 9011(b).

The purpose of Fed. R. Bankr. P. 9011 is to "deter baseless filings in bankruptcy court and thus avoid unnecessary judicial effort, thereby making proceedings in that court more expeditious and less expensive. In pursuit of this goal, all papers filed with the bankruptcy court require the signature of at least one attorney of record or, in the case of an unrepresented party, the signature of that party. The rule permits sanctions to be imposed on persons violating the rule and, it is hoped, will act to deter future conduct of the same nature." Alan N. Resnick & Henry J. Sommer, 10 Collier on Bankruptcy ¶ 9011.01 (16th ed., 2025); White v. Burdick (In re CK Liquidation Corp.), 321 B.R. 355, 362 (1st Cir. BAP 2005) ("The purpose of Rule 11 is to deter abusive litigation tactics and streamline the litigation process by lessening frivolous claims").

This court presumes that all filings comply with Fed. R. Bankr. P. 9011(b), unless and until a contrary determination is made. The use of Generative AI tools—including but not limited to ChatGPT, Microsoft Copilot, and Gemini—does not relieve the parties of their obligations under Fed. R. Bankr. P. 9011. Further, to the extent that Generative AI tools have been shown to generate legal research that includes nonexistent or fictitious judicial citations and decisions, and incorrect, false or inaccurate statements of law, among others, mere reliance on a Generative AI tool for veracity does not constitute reasonable inquiry under Fed. R. Bankr. P. 9011(b). See, e.g., Abdi Aidid, *Toward an Ethical Human-Computer Division of Labor in Law Practice*, 92 Fordham L. Rev. 1797, 1808 (2024); and Joe Regalia, *Lex Ex Machina: Forging A New Ethical Framework for Ai and Technology in the Law*, 55 Cumb. L. Rev. 53, 88 (2025).

As such, in the interest of transparency, integrity, and the reliable use of emerging technologies in the proceedings before this court, all parties, either represented by counsel or appearing *pro se*, who use Generative AI tools to aid in the drafting of petitions, pleadings, written motions, or other documents filed with this court must disclose such use (the "AI Disclosure"). The AI Disclosure may be made in the filing itself or in a separate notice filed concurrently therewith and shall specify: (1) the Generative AI tool that was used; (2) the manner in which it was used; and (3) include a certification that information generated by Generative AI tools has been reviewed by the party submitting the filing, including all citations and legal authority. If any

party used Generative AI tools to aid in the drafting of written motions or submissions filed before this *Order* was entered, they shall submit an AI Disclosure that meets the aforementioned requirements within twenty-one (21) days, identifying each of the written motions and submissions in which a Generative AI tool was used.

Failure to comply with this *Order*, including submitting a false or inaccurate AI Disclosure, may result in the imposition of sanctions, as deemed appropriate by the court and pursuant to Fed. R. Bankr. P. 9011(c) and other applicable statutes.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 10th day of June 2025.

Enrique S. Lamoutte
United States Bankruptcy Judge