IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In Re: | Case No. 23-03241-ESL7 |
| RIC F. MALIK., | Chapter 7 |
| Debtor. | |

**MOTION TO INFORM REGARDING DEBTOR'S
FILINGS AT DOCKET # 127, 130**

**TO THE HONORABLE COURT**:

COMES NOW, creditors Earl Geertgens and Tama Geertgens ("Geertgens"), represented by the undersigned legal counsel, and respectfully states as follows:

1. Debtor has filed, at Docket # 127, an Amended Motion for Clarification And Extension Of Automatic Stay To Include Defunct Wholly-Owned LLCS And For Related Relief, and at Docket # 130, a Notice Of Additional Support For Amended Motion For Clarification And Extension Of Automatic Stay. Neither filing is linked to any pending motion in the case.

2. To the extent that the Court will consider these filings, whether as an independent motion or as related to any pending matter before the Court, the Geertgens submit the following.

3. On May 9, 2025, the Court issued at order, at Docket # 111, addressing Debtor's argument that continuation of the pending New Jersey case[1] constitutes a violation of 11 U.S.C. 362(a). The Court held that only the Trustee has standing to assert claims of the estate under Chapter 7, and further, that the scope of the automatic stay is limited to actions against the Debtor, does not extend to non-debtors, and any additional relief would be required to be pursued by

---

[1] Geertgens hold a judgment in the matter docketed at Superior Court of New Jersey, BUR-L-2561-15. This matter is stayed and inactive. They are pursuing an additional complaint for transfers by Moorestown Construction, LLC in violation of Court orders, at Superior Court of New Jersey, BUR-L-1741-23. Debtor has been dismissed from the latter case. Geertgens continues to seek relief against the defendants, MC Remodeling, LLC and Andrew Malik.

adversary proceeding for injunctive relief meeting the standards of 11 U.S.C. § 105(a). During the status conference on the Geertgen's adversary complaint, on May 19, 2025, the Court explained to Debtor that even entities wholly owned by Debtor are not subject to the automatic stay.

4. On May 22, 2025, the Court issued an order, at Docket # 117, denying Debtor's motion at Docket # 116, which sought to extend the automatic stay to non-debtor co-defendants, and specifically sought relief as to "affiliates" of the Debtor in the pending New Jersey matter. The Court denied the motion based upon its decision at Docket # 111.

5. By these submissions, Debtor continues to request relief that has previously been denied on both substantive and procedural grounds, as to affiliated business entities.

6. The only new information now offered is that the Debtor has finally provided information within his bankruptcy petition, admitting ownership of these business entities. Yet even now, when disclosure is finally made, the substantive information provided is inaccurate as to Moorestown Construction, LLC.

7. To the contrary, Debtor leaves blank the section within the statement of financial affairs which identifies the date to which Moorestown Construction, LLC existed, but then claims in his filing that the date was 2021. This business continued through 2023, as found by the State Court, in proceedings held in April, 2023. Those findings are not open to further review. In re Heghmann, 316 B.R. 395, 403 (B.A.P. 1st Cir. 2004)("State court judgment issued prior to the filing of the bankruptcy case is res judicata in the bankruptcy case, and the debtor may not relitigate issues already decided by the state court."). Indeed, discovery requests served upon the Debtor for this information have remained unanswered for well over a year, with Debtor responding only to say that responsive documents are not available.

8. Ultimately, the parties are in agreement that Moorestown Construction, LLC had no assets by October of 2023, when Debtor's petition was filed. As a result, the Debtor's bankruptcy estate would be neither helped nor harmed by an extension of the stay to these entities. In those circumstances, extension of the stay is not warranted. See, Court's Order at Docket # 111 Order. (To extend stay by injunction under 11 U.S.C. § 105(a), relief must be "necessary to protect the interests of the bankruptcy estate."); see also, In re Lazarus Burman Assocs., 161 B.R. 891, 901 (Bankr. E.D.N.Y. 1993)("If a creditor is to be enjoined and stayed from prosecuting an action against a non-debtor pursuant to § 105(a), the movant must establish that the estate would be substantially and adversely affected by the continuance of such an action.").

9. Debtor cannot satisfy the standard for relief required to reorganize, as no reorganization is contemplated. Nor is there any liability imputed by law, such as an indemnity obligation between Debtor and the affiliated entities. Neither Debtor nor the entities have any obligation to, or on behalf of, the other. Indeed, the subject matter jurisdiction of this Court over the dealings between the two non-debtor entities is not clear. See, In re Int'l Home Prods. Inc., 491 B.R. 607, 617 (Bankr. D.P.R. 2013)(Court looks to "whether the outcome of that proceeding could conceivably have any effect on the estate being administered," to determine whether there is subject matter jurisdiction.).

10. Debtor does not advise what he hopes to gain from the relief sought, but to the extent that the application seeks to hinder the Geertgens' ability to obtain full discovery of all relevant information regarding the illicit transfers made between Moorestown Construction, LLC and MC Remodeling, LLC, the request for relief should be denied, as no basis for relief is offered, and the request is improperly asserted by motion. This issue has already been decided by the Court (See, Dkt # 116, 117).

WHEREFORE, the Geertgens respectfully request that the Court take no action regarding the filings made by Debtor at Docket # 127 and # 130, as addressing issues previously decided on motions that have been disposed.

## NOTICE

Within fourteen (14) days after service as evidenced by the certification, and an additional 3 days pursuant to F.R.B.P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the objection will be deemed unopposed and may be granted unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the court, the interest of justice requires otherwise. If you file a timely response, the court may, in its discretion, schedule a hearing.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, on this 17th day of June 2025.

I HEREBY CERTIFY that a true and correct copy of the foregoing has filed with the Clerk of the Court using the CM/ECF System.

**O'NEILL & GILMORE
LAW OFFICE, LLC**
City Towers, Suite 1701
252 Ponce de León Avenue
San Juan, Puerto Rico 00918
Phone: 787/620-0670
Email: cpg@go-law.com

By: /s/ Charles P. Gilmore
Charles P. Gilmore, Esq.
USDC No. 209614


**GOLDBERG & WOLF, LLC**
1949 Berlin Road, Suite 201
Cherry Hill, New Jersey 08003
Phone: 856-651-1600
Fax: 856-651-1615
Email: wwolf@goldbergwolf.com

By: /s/ Warren S. Wolf
Warren S. Wolf, Esq.
Co-counsel admitted Pro Hoc Vice