482752
8392

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| IN RE: | CASE NO: | **23-03241-ESL** |
|---|---|---|
| **RIC F MALIK** | CHAPTER: | **7** |
| **Debtor(s)** | | |

**OPPOSITION TO MOTION REQUESTING RECONSIDERATION
OF ORDER LIFTING STAY**

TO THE HONORABLE COURT:

COMES NOW secured creditor, **MCLP Asset Company Inc.[1]** (hereinafter referred to as
"MCLP"), by and through the undersigned attorney, and very respectfully alleges and requests:

1. RIC F MALIK hereinafter will be referred to as "the Debtor".

2. On 10/06/2023, the Debtor filed the instant petition for relief under the provisions of
Chapter 7 of the Bankruptcy Code.  [Refer to Docket Entry No. 1].

3. MCLP is the holder in due course of a mortgage note in the principal sum of **$272,000.00**
bearing interest at **5.000%** per annum (the "Note"). The indebtedness evidenced by the Note is
secured by a mortgage executed on **November 13, 2002** (the "Mortgage"). [Refer to Docket
Number 34]

4. The Mortgage encumbers the property described (hereinafter the "Property") as follows:
327 DELAWARE AVENUE, DELANCO TOWNSHIP, NJ 08075. [Refer to Docket Number 34]

---

[1]NewRez LLC dba Shellpoint Mortgage Servicing services the underlying mortgage loan and note for the property
referenced in this motion for (MCLP).

Case No. 23-03241-ESL
*Opposition*

5.  On 4/19/2024, MCLP filed a Motion for Relief from Stay due to the Debtor's default on payments due under the terms of the Note and the Mortgage. [Refer to Docket Number 34]

6.  On 05/07/2024, and Order Lifting the Automatic Stay was entered (the "Order"). [Refer to Docket Number 41]

7.  On 7/22/2025, the Debtor filed a Motion for Reconsideration of the Order. [Refer to Docket Number 152]

8.  On 7/23/2025, this Honorable Court entered an Order for MCLP to state its position as to the Debtor's Motion filed on 7/22/2025. [Refer to Docket Number 153]

9.  For the reasons hereinafter setforth, MCLP opposes the Debtor's Motion for Reconsideration and respectfully requests that the Motion for Reconsideration be denied.

10. As a preliminary matter, the relief requested by the Debtor is time barred.

11. A motion under Rule 60(b), made applicable under Bankruptcy Rule 9024, must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding. *USCS Fed Rules Civ Proc R 60*

12. Since the Order granting relief from Stay was entered back on May 7, 2024, more than a year has elapsed and the relief requested by the Debtor is untimely.

13. In addition, contrary to the Debtor's assertions, relief from stay was not sought based on falses pretenses, fraud, misrepresentation or misconduct.

14. At the time of the filing of the Motion for Relief, relief from stay was sought with the purpose of proceeding with all rights and remedies that may be available to MCLP outside of the Bankruptcy Court.

Case No. 23-03241-ESL
*Opposition*

15. In the filed Motion for relief, MCLP specifically requested for an order granting relief from stay in favor of MCLP, enabling MCLP to resume normal servicing of the loan, which may include collections, loss mitigation, and foreclosure activities. MCLP specifically also requested that upon stay being lifted in favor of Movant, Movant be deemed allowed to exercise all rights and remedies with respect to the mortgage loan as well as to the property pursuant to the terms of the note, security instrument, and applicable bankruptcy and non-bankruptcy law. [Refer to Docket Number 34, p. 4 ¶15]

16. Consequently, with the filing of a foreclosure action, MCLP has not misled this Honorable Court.

17. As of 08/02/2025, the Debtor has accrued $106,636.03 in arrears due to MCLP.  [Refer to the reinstatement figures attached hereto as **Exhibit I]**.

18. The Debtor's failure to make the payments due to MCLP serves as proof that the Debtor is in default with the loan terms; hence, the underlying reasons for relief from stay being granted remain unchanged.

19. At the time of the filing of the Motion for Relief the Debtor was in default with payments due to MCLP and the Debtor remains in default with payments due to MCLP. [Refer to Exhibit I]

20. In view of which, MCLP requests that the Order lifting the automatic stay remains in full force and effect.

Case No. 23-03241-ESL
*Opposition*

_____

21. Upon information and belief, the non-filing co-debtor in the loan documents has

appeared in the pending foreclosure action to contest the foreclosure proceeding and

transferring the litigation from the New Jersey Action to the Bankruptcy Court would be

inadequate and a waste of judicial resources, causing duplicity of claims that have already

advanced in another forum. [Refer to **Exhibit II** (page 2) in which non-filing co-debtor Karen S.

Malik states that the Debtor Ric F. Malik does not reside the subject property.]

22. Attached hereto as **Exhibit III** is the non-military service affidavit required for the entry of

an order by default by the Servicemembers' Civil Relief Act, 50 USC Appx. §521.

**WHEREFORE**, for the reasons stated herein MCLP requests that the order lifting the

automatic stay in the instant case remains in full force and effect and the Debtor's Motion filed

on 7/22/2025 (Docket Number 152) be denied.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 12 day of August 2025.

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this date, I electronically filed the foregoing with the Clerk of the Court
using the CM/ECF system which will send notification of such filing to all parties registered to
receive electronic notices in this case.

**MARTÍNEZ & TORRES LAW OFFICES, P.S.C.**
P.O. Box 192938 San Juan, PR 00919-2938
Tel. (787) 767-8244 & Fax (787) 767-1183

**<u>/s/ Sarah M. Vega Bonilla</u>**
By: Sarah M. Vega Bonilla
USDC-PR 303503
Email: svega@martineztorreslaw.com

-4-

**Exhibit I**

Reinstatement Balance - 3392

## LOAN DETAILS

| | |
|---|---|
| LoanID: | 3392 |
| Due Date: | 1/18/2024 |
| Current Principal Balance: | $166,054.01 |
| Escrow Balance: | ($19,958.46) |
| Unapplied Balance: | $573.52 |
| Late Charge Balance: | $62.11 |
| NSF Fee Balance: | $0.00 |
| Legal Fee Balance: | $12,491.25 |
| Accrual Balance: | $3,677.00 |
| Other Fees Balance: | $43,673.45 |
| Figure Good Thru Date: | 8/2/2025 |

## BORROWER INFO

| | |
|---|---|
| Primary Borrower Name: | MALIK, RIC F. |
| Co Borrower Name: | MALIK, KAREN S. |

## REINSTATEMENT FIGURES

| | |
|---|---|
| Total PITI Payments Due: | $50,982.74 |
| Default Interest Due: | |
| Total Corp Adv/Late/NSF/Atty Fees: | $56,226.81 |
| Unapplied Balance: | ($573.52) |
| Escrow Required: | $0.00 |
| Outstanding FC Fees & Costs: | $0.00 |
| **Total Reinstatement Figure*:** | **$106,636.03** |

*(Total PITI + Fees + Unapplied + Escrow Required + FC Fees & Costs)

The account may not be funded for the coming year

## PAYMENTS DUE DETAIL

| Due Date | Interest Rate | Prin & Int Pmt | Escrow Pmt | Total Payment | Principal Amount | Interest Amount | Principal Bal |
|---|---|---|---|---|---|---|---|
| 1/18/2024 | 5.000% | $1,242.16 | $0.00 | $1,242.16 | $550.27 | $691.89 | $165,503.74 |
| 2/18/2024 | 5.000% | $1,242.16 | $0.00 | $1,242.16 | $552.56 | $689.60 | $164,951.18 |
| 3/18/2024 | 5.000% | $1,242.16 | $0.00 | $1,242.16 | $554.86 | $687.30 | $164,396.32 |
| 4/18/2024 | 5.000% | $1,242.16 | $0.00 | $1,242.16 | $557.18 | $684.98 | $163,839.14 |
| 5/18/2024 | 5.000% | $1,242.16 | $0.00 | $1,242.16 | $559.50 | $682.66 | $163,279.64 |
| 6/18/2024 | 5.000% | $1,242.16 | $0.00 | $1,242.16 | $561.83 | $680.33 | $162,717.81 |
| 7/18/2024 | 5.000% | $1,242.16 | $2,230.93 | $3,473.09 | $564.17 | $677.99 | $162,153.64 |
| 8/18/2024 | 5.000% | $1,242.16 | $2,225.80 | $3,467.96 | $566.52 | $675.64 | $161,587.12 |
| 9/18/2024 | 5.000% | $1,242.16 | $2,225.80 | $3,467.96 | $568.88 | $673.28 | $161,018.24 |
| 10/18/2024 | 5.000% | $1,242.16 | $2,225.80 | $3,467.96 | $571.25 | $670.91 | $160,446.99 |
| 11/18/2024 | 5.000% | $1,242.16 | $2,225.80 | $3,467.96 | $573.63 | $668.53 | $159,873.36 |
| 12/18/2024 | 5.000% | $1,242.16 | $2,225.80 | $3,467.96 | $576.02 | $666.14 | $159,297.34 |
| 1/18/2025 | 5.000% | $1,242.16 | $2,003.11 | $3,245.27 | $578.42 | $663.74 | $158,718.92 |
| 2/18/2025 | 5.000% | $1,242.16 | $2,003.11 | $3,245.27 | $580.83 | $661.33 | $158,138.09 |
| 3/18/2025 | 5.000% | $1,242.16 | $2,003.11 | $3,245.27 | $583.25 | $658.91 | $157,554.84 |
| 4/18/2025 | 5.000% | $1,242.16 | $2,003.11 | $3,245.27 | $585.68 | $656.48 | $156,969.16 |
| 5/18/2025 | 5.000% | $1,242.16 | $2,003.11 | $3,245.27 | $588.12 | $654.04 | $156,381.04 |
| 6/18/2025 | 5.000% | $1,242.16 | $2,003.11 | $3,245.27 | $590.57 | $651.59 | $155,790.47 |
| 7/18/2025 | 5.000% | $1,242.16 | $2,003.11 | $3,245.27 | $593.03 | $649.13 | $155,197.44 |
| | | | Total Payments Due: | $50,982.74 | Count: | 19 | |

**Please add any outstanding foreclosure fees and costs to this reinstatement

**shellpoint**

**RECEIVED**

APR 2 1 2025

SUPERIOR COURT
CLERK'S OFFICE

| **FORECLOSURE** | **FOR USE BY CLERK'S OFFICE ONLY** | |
|---|---|---|
| **CASE INFORMATION STATEMENT** | PAYMENT TYPE: ☑CK ☐CG ☐CA ☐MO | |
| **(FCIS)** | RECEIPT NO. 138 | |
| Use for initial Chancery Division — General Equity foreclosure pleadings (not motions) under Rule 4:5-1. Pleading will be rejected for filing, under Rule 1:5-6(c), if information is not furnished or if attorney's signature is not affixed. | AMOUNT: $250.00 | |
| | OVERPAYMENT: | |
| | BATCH NUMBER: 8200 | |
| | BATCH DATE: 4-21-25 | |

**SECTION A: TO BE COMPLETED BY ALL PARTIES**

| CAPTION MCLP Asset Company, Inc. Plaintiff v. Karen S. Malik, Defendant | COUNTY OF VENUE Burlington |
|---|---|
| | DOCKET NUMBER (when available) F-002663-25 |
| NAME(S) OF FILING PARTY(IES) (e.g. John Doe, Plaintiff) Karen S. Malik | DOCUMENT TYPE ☐ COMPLAINT ☑ ANSWER ☐ OTHER |

| ATTORNEY NAME (IF APPLICABLE) — | FIRM NAME (IF APPLICABLE) |
|---|---|

| MAILING ADDRESS 327 Delaware Ave, Delanco, NJ 08075 | DAYTIME TELEPHONE NUMBER 856.764.7581 |
|---|---|

**SECTION B: TO BE COMPLETED BY PLAINTIFF TO INITIAL COMPLAINT**

FORECLOSURE CASE TYPE NUMBER

☐ 088 IN PERSONAM TAX FORECLOSURE
☐ 089 IN REM TAX FORECLOSURE
☒ 0RF RESIDENTIAL MORTGAGE FORECLOSURE
☐ 0CF COMMERCIAL MORTGAGE FORECLOSURE
☐ 0CD CONDOMINIUM OR HOMEOWNER'S ASSOCIATION LIEN FORECLOSURE
☐ 091 STRICT FORECLOSURE
☐ 0FP OPTIONAL FORECLOSURE PROCEDURE (NO SALE)
☐ 0TS TIME SHARE FORECLOSURE

IS THIS A HIGH RISK MORTGAGE PURSUANT TO P.L.2009,C.84 AND P.L.2008,C.127  ☐ YES ☐ NO

PURCHASE MONEY MORTGAGE  ☒ YES ☐ NO

RELATED PENDING CASE  ☒ YES ☐ NO
IF YES, LIST DOCKET NUMBERS:
23-03241-ESL7 (Bankruptcy Chap. 7)

FULL PHYSICAL STREET ADDRESS OF PROPERTY:
327 Delaware Avenue
Delanco, NJ
ZIP CODE 08075  COUNTY: Burlington

MUNICIPALITY CODE (*) 0309

MUNICIPAL BLOCK: 1208

(LOTS) 4

**ALL FILING PARTIES MUST SIGN AND PRINT NAMES(S) AND DATE THE FORM BELOW**

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

| ATTORNEY / SELF REPRESENTED SIGNATURE | PRINT ATTORNEY / SELF REPRESENTED NAME Karen S. Malik | DATE 4.21.25 |
|---|---|---|

*The Municipality Codes can be found at njcourts.gov

Effective 02/01/2010, CN 10169

**RECEIVED**

**SUPERIOR COURT OF NEW JERSEY**

Chancery Division – Burlington County

Docket No.: F-002663-25

APR 2 1 2025

SUPERIOR COURT
CLERK'S OFFICE

MCLP Asset Company, Inc.,
Plaintiff,

v.

Karen S. Malik,
Defendant.

327 Delaware Ave.      Ph. 856.764.7581
Delanco, NJ 08075

**ANSWER TO FORECLOSURE COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS WITH EXHIBITS**

**Preliminary Statement:**

Defendant Karen S. Malik respectfully states that her estranged husband, Ric F. Malik, is also named as a defendant in this matter. However:

- Mr. Malik does not reside at the subject property located at 327 Delaware Ave., Delanco, NJ;

- To the best of her knowledge, she does not have personal knowledge as to whether Mr. Malik has been formally served with the foreclosure complaint;

- Mr. Malik is currently a debtor in an active Chapter 7 bankruptcy proceeding filed in the U.S. Bankruptcy Court for the District of Puerto Rico (Case No. 23-03241-ESL7).

Accordingly, any attempt to enforce claims against Mr. Malik may be subject to the automatic stay provisions of 11 U.S.C. § 362.

**Defendant's Answer:**

1. Admit that Karen S. Malik resides at 327 Delaware Ave., Delanco, NJ 08075.
2. Admit execution of a mortgage and note.
3. Deny the alleged default; demand strict proof thereof.
4. Deny the amount claimed due; demand strict proof thereof.
5. Deny Plaintiff's right to foreclose; demand strict proof thereof.
6. Deny all remaining allegations; demand strict proof thereof.

7. Lack of Standing Due to Lost Note

8. Pattern of Predatory Servicing Practices

Affirmative Defenses:

**9. Violation of RESPA:** Plaintiff failed to respond to a Qualified Written Request (QWR) dated March 19, 2025, seeking information on disputed legal fees, in violation of 12 U.S.C. § 2605(e). See Exhibit 1.

**10. Excessive Legal Fees, Penalties, and Interest:** Plaintiff seeks $43,532.04 in fees and additional charges that may exceed New Jersey limits and constitute an unlawful penalty. **In *Luciani v. Hill Wallack*, 347 N.J. Super. 415 (App. Div. 2002), the Appellate Division held that foreclosure-related attorney's fees must comply strictly with Rule 4:42-9(a) (4), and efforts to collect beyond those limits are improper.** Defendant asserts that the fees charged in this matter violate that standard.

**11. Lack of Standing:** Plaintiff has not shown proof of ownership or proper assignment of the mortgage and note.

**12. Failure to Mitigate Damages:** Plaintiff did not engage in good faith loss mitigation before initiating foreclosure.

**13. Refusal to Accept Payments:** Plaintiff has refused reasonable payments, in violation of FDCPA § 1692f(1).

**14. Excessive Flood Insurance Charges:** Force-placed flood insurance was added at inflated rates, violating NJ Consumer Fraud Act.

**15. Lack of Standing Due to Lost Note:** Plaintiff has not produced the original promissory note or a legally sufficient Lost Note Affidavit as required under N.J.S.A. 12A:3-309. **As held in *Bank of New York v. Raftogianis*, 418 N.J. Super. 323 (Ch. Div. 2010), a foreclosing plaintiff must demonstrate standing at the time of filing the complaint by producing the original note or showing a lawful assignment.** Plaintiff has failed to meet this burden and must be held to strict proof under law.

**16. Pattern of Predatory Servicing Practices:**
Upon information and belief, Shellpoint Mortgage Servicing has been the subject of multiple consumer complaints and class action lawsuits alleging unfair and deceptive servicing practices, including excessive legal fees, improper force-placed insurance, and refusal to accept payments—conduct similar to the allegations made here. Shellpoint has also received numerous complaints with the Better Business Bureau (BBB) and the Consumer Financial Protection Bureau (CFPB) relating to these practices.
**In *Gonzalez v. Wilshire Credit Corp.*, 207 N.J. 557 (2011), the New Jersey Supreme Court held that mortgage servicers may be liable under the Consumer Fraud Act for deceptive servicing conduct.** Defendant cites this as evidence of a pattern or practice relevant to the Plaintiff's violation of RESPA, FDCPA, and the New Jersey Consumer Fraud Act.

**Counterclaims:**

**9. RESPA Violation:**

Plaintiff's failure to respond to the Qualified Written Request (QWR) dated March 19, 2025, constitutes a violation of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2605(e).

**Defendant seeks actual damages, statutory damages of up to $2,000 pursuant to § 2605(f), and attorney's fees and costs as allowed by law.**

**10. FDCPA Violation:**

Plaintiff's conduct—including refusal to accept payments, charging inflated or unexplained legal fees, and failing to provide verification of the debt upon request—constitutes unfair, deceptive, and abusive practices in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692e and § 1692f.

**Defendant seeks statutory damages, actual damages, and any additional relief deemed appropriate under 15 U.S.C. § 1692k.**

**11. Consumer Fraud:**

Overcharging for force-placed insurance, imposing inflated foreclosure-related fees, and failing to provide full transparency regarding loan servicing constitute deceptive acts and unconscionable commercial practices in violation of the New Jersey Consumer Fraud Act (N.J.S.A. 56:8-1 et seq.).

**Defendant seeks treble damages, reasonable attorney's fees, and injunctive relief as permitted under the statute.**

**12. Lack of Standing Due to Lost Note:**

Plaintiff has not produced the original promissory note or a legally sufficient Lost Note Affidavit as required under N.J.S.A. 12A:3-309. Without such evidence, Plaintiff lacks standing to foreclose.

**As established in *Bank of New York v. Raftogianis*, 418 N.J. Super. 323 (Ch. Div. 2010), the foreclosing party must establish standing at the time the complaint is filed by demonstrating possession of the note or a valid assignment.**

Defendant demands strict proof of Plaintiff's right to enforce the alleged lost note and reserves the right to challenge any affidavit or assignment submitted.

**13. Pattern of Predatory Servicing Practices:**

**Upon information and belief, Shellpoint Mortgage Servicing has engaged in a systemic pattern of unlawful and deceptive servicing practices, including:**

- Charging excessive legal fees
- Force-placing inflated insurance products despite existing coverage
- Refusing to accept borrower payments
- Sending misleading mortgage statements
  These practices mirror conduct that has been challenged in federal courts across multiple jurisdictions:

- In **Checa Chong v. Shellpoint Mortgage Servicing**, No. 3:18-cv-02104 (S.D. Cal.), Shellpoint was accused of accepting illegal kickbacks for lender-placed insurance, resulting in inflated costs to borrowers. Shellpoint ultimately agreed to a class-wide settlement compensating affected borrowers for a percentage of those premiums.

- In **Dutcher v. Shellpoint Mortgage Servicing**, No. 2:21-cv-02062 (E.D. Pa.), Shellpoint settled for $500,000 after allegedly sending misleading statements to borrowers under CARES Act forbearance protections—raising claims under the Fair Debt Collection Practices Act (FDCPA).

- In **Cardin v. NewRez LLC**, No. 1:21-cv-03350 (N.D. Ill.), Shellpoint was sued for force-placing insurance even when borrowers already had valid property insurance, leading to increased mortgage costs.

Shellpoint has also received **numerous consumer complaints with the Better Business Bureau (BBB)** and the **Consumer Financial Protection Bureau (CFPB)** related to these same servicing practices.

**In *Gonzalez v. Wilshire Credit Corp.*, 207 N.J. 557 (2011),** the New Jersey Supreme Court held that mortgage servicers may be liable under the **New Jersey Consumer Fraud Act** for deceptive servicing conduct, including improperly imposed fees.

Defendant asserts that Shellpoint's conduct in the present case fits squarely within this broader pattern of misconduct and supports statutory and equitable relief under the **RESPA, FDCPA**, and **N.J.S.A. 56:8-1 et seq.**

- Relief Sought :
  - Dismissal of the foreclosure complaint with prejudice, due to Plaintiff's lack of standing and violations of applicable federal and state laws.
  - An order compelling Plaintiff to produce a full, itemized accounting of all fees, charges, penalties, and interest imposed on Defendant's mortgage account, including legal fees, force-placed insurance premiums, and servicing costs.
  - Statutory damages under the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2605(f), and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692k.
  - Restitution and/or disgorgement for improperly assessed and excessive force-placed insurance premiums in violation of New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 et seq.
  - An award of reasonable attorney's fees and costs as permitted by statute.
  - Any other relief the Court deems just and equitable.

I certify that the foregoing statements made by me are true to the best of my knowledge, information, and belief.

Date: 4.21.25

Signature: _____

Karen S. Malik

327 Delaware Ave.
Delanco, NJ 08075

Exhibits: see attached list and explanations

SUPERIOR COURT OF NEW JERSEY

Chancery Division – Burlington County

Docket No.: F-002663-25


MCLP Asset Company, Inc.,

Plaintiff,


v.


Karen S. Malik,

Defendant.


CERTIFICATION OF SERVICE


I, Karen S. Malik, pro se Defendant in the above-captioned matter, hereby certify as follows:


1. On April 21, 2025, I filed with the Clerk of the Superior Court, Foreclosure Processing Services, at the following address:


Superior Court Clerk's Office

Richard J. Hughes Justice Complex

25 Market Street

Trenton, NJ 08625


an original and two copies of the following documents:

- Answer to Foreclosure Complaint, Affirmative Defenses, and Counterclaims with Exhibits

- Exhibit 1: Qualified Written Request (QWR) dated March 19, 2025

- Exhibit 2: Certified Mail Receipt confirming delivery of the QWR

- Exhibit 3 through Exhibit 8: Supporting documentation, including consumer complaints, mortgage statements, flood insurance quotes, and class action litigation involving Shellpoint Mortgage Servicing

2. On the same date, I served a copy of the above-listed documents by certified mail, return receipt requested, on the Plaintiff's attorney at the following address:

Michel Lee, Esq.

Knuckles & Manfro, LLP

600 East Crescent Avenue, Suite 201

Upper Saddle River, NJ 07458

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Date: 4-21-25

Signature: _____

Karen S. Malik

327 Delaware Ave.

Delanco, NJ 08075

# Exhibit List – Karen S. Malik Foreclosure Defense

**Docket No.: F-002663-25**

**MCLP Asset Company, Inc. v. Karen S. Malik**

## Exhibit 1: Qualified Written Request (QWR)

### Description:

A letter sent by Defendant Karen S. Malik under RESPA on March 19, 2025, requesting an itemized accounting of all legal fees and charges related to the mortgage. This letter is foundational to Defendant's RESPA counterclaim.

## Exhibit 2: Certified Mail Receipt

### Description:

Proof of mailing and delivery confirmation for the QWR sent to Shellpoint Mortgage Servicing, showing timely compliance under 12 U.S.C. § 2605(e).

## Exhibit 3: Mortgage Statement / Payment History

### Description:

Shows that Defendant attempted to submit payments that were refused by Shellpoint, supporting the defense that Plaintiff failed to accept payments in violation of FDCPA § 1692f(1). *Payment were attempted on numerous occasion though the leaders "pay by phone" operators and denied each time*

## Exhibit 4: Flood Insurance Policy / Evidence of Existing Coverage

### Description:

Provides proof that the property already had valid flood insurance when Shellpoint force-placed additional insurance at inflated rates, supporting Consumer Fraud Act and RESPA violations.

## Exhibit 5: Consumer Complaints from BBB and CFPB

### Description:

Screenshots or printed summaries of publicly available complaints filed with the Better Business Bureau and Consumer Financial Protection Bureau against Shellpoint Mortgage Servicing, citing recurring issues with billing, customer service, and payment refusals.

## Exhibit 6: Class Action Litigation Notices

**Description:**

Public court summaries or settlement notices from lawsuits involving Shellpoint's servicing practices:

- **Checa Chong v. Shellpoint** (Force-placed insurance and kickbacks – S.D. Cal.)

- **Dutcher v. Shellpoint** (Misleading statements under CARES Act – E.D. Pa.)

- **Cardin v. NewRez LLC** (Force-placed insurance despite borrower policy – N.D. Ill.)

These cases support Defendant's claim of a pattern of predatory servicing conduct.

## Exhibit 7: Bankruptcy Docket for Ric Malik

**Description:**

Copy of public docket header or court filing confirming Ric F. Malik's pending Chapter 7 bankruptcy case (Case No. 23-03241-ESL7), as referenced in the Preliminary Statement. This shows any action against him is subject to the automatic stay under 11 U.S.C. § 362.

## Exhibit 8: Current Mortgage Statement from Shellpoint Mortgage Servicing

○ **Description :**

**A recent mortgage account statement issued by Shellpoint Mortgage Servicing showing:**

- The current balance and itemized charges

- Alleged arrears and penalties

- Any force-placed insurance fees or legal fee accruals
  This document supports the Defendant's challenge of **excessive fees, lack of transparency**, and **potential RESPA violations**. It may also demonstrate **refusal to apply or accept payments.**

_Exhibit 1: QWR_

**Karen S Malik**

327 Delaware Ave.
Delanco, NJ 08075
kmalik@comcast.net
609-929-0825

**March 19, 2025**

**Shellpoint Mortgage Servicing**
P.O. Box 10826
Greenville, SC 29603-0826

**Subject: Qualified Written Request (QWR) under RESPA – Formal Dispute of Foreclosure Fees & Payment Rejection**
**Account Number:** ▓▓▓▓▓▓▓▓▓

**To Whom It May Concern,**

I am writing as the borrower of the above-referenced mortgage loan, which is currently being serviced by **Shellpoint Mortgage Servicing**. Pursuant to the **Real Estate Settlement Procedures Act (RESPA) (12 U.S.C. § 2605(e))**, this letter serves as a **Qualified Written Request (QWR)** regarding:

- **Unlawful refusal to accept my mortgage payments**
- **Excessive and disputed foreclosure-related legal fees**
- **Loan ownership verification**

Additionally, please be advised that **Ric F Malik is listed on the mortgage but no longer resides at this property. Furthermore, Ric F Malik is currently in bankruptcy proceedings.**

Your refusal to accept payments, coupled with excessive legal fees, appears to be **an unfair servicing practice intended to force foreclosure rather than work toward resolution.**


## 1. Demand for Explanation of Payment Rejection

I have attempted to make payments toward my mortgage obligation, but **Shellpoint has refused to accept them**. I request a **written explanation** for this refusal, including:

✔ **The specific reason for rejecting my payments**

1

Exhibit 1: BWR

✔ **The amount required to reinstate my loan**
✔ **A full reinstatement quote (excluding disputed fees)**

Under **New Jersey foreclosure laws and federal regulations,** mortgage servicers **must act in good faith.** Your refusal to accept reasonable payments may be a violation of:

- **New Jersey Fair Foreclosure Act (N.J.S.A. 2A:50-53 to 2A:50-68)**
- **The Consumer Financial Protection Bureau's (CFPB) mortgage servicing rules**
- **12 U.S.C. § 2605(k)(1)(C) (RESPA violations for unfair mortgage servicing practices)**

If Shellpoint fails to provide a valid legal basis for refusing payments, I will proceed with **regulatory complaints and potential legal action.**


## 2. Request for Breakdown & Justification of Foreclosure Fees

I formally **dispute** the foreclosure-related legal fees of **$43,532.04** as **exceeding New Jersey statutory limits** and request an **itemized breakdown** of these charges, including:

✔ **Dates of charges**
✔ **Services rendered**
✔ **Names of law firms or third-party entities involved**
✔ **Invoices or supporting documentation**

Additionally, please provide **confirmation that these fees comply with New Jersey law:**

- **N.J.S.A. 22A:2-42 & NJ Court Rule 4:42-9(a)(4)** (Foreclosure attorney fees are capped)

If Shellpoint maintains that these fees are justified, provide **the specific statutory or contractual authority allowing them.**

Failure to justify these charges will result in **formal challenges before the foreclosure court and regulatory agencies.**


## 3. Request for Loan Ownership Information

I request **written confirmation of the current owner of my mortgage loan,**

2

Exhibit 1: QWR

including:

✔ **The legal entity that owns my mortgage (not just the servicer)**
✔ **If my loan was sold or transferred, provide the date of transfer**
✔ **Copies of all transfer or assignment documents**

Under **RESPA regulations, you are required to provide this information within 30 days.**

## 4. Response Deadline & Next Steps

Pursuant to **12 U.S.C. § 2605(e)(1)(A) (RESPA)**, you are **required to acknowledge receipt of this request within five (5) business days** and **provide a substantive response within thirty (30) business days**.

**Failure to respond fully and accurately will result in the following actions:**

✔ **Filing complaints with the CFPB and New Jersey Department of Banking & Insurance (DOBI)**
✔ **Petitioning the NJ foreclosure court to reduce unlawful fees & compel payment acceptance**
✔ **Potential legal claims for unfair servicing practices**

I expect your prompt response to this matter. Please send all requested documentation to my mailing address above or via email at <u>kmalik@comcast.net</u>.

**Sincerely,**

**Karen S Malik**
327 Delaware Ave.
Delanco, NJ 08075
<u>kmalik@comcast.net</u>
609-929-0825





UNITED STATES
POSTAL SERVICE.

RIVERSIDE
4 W SCOTT ST
RIVERSIDE, NJ 08075-9998
(800)275-8777
03/20/2025                              03:34 PM
-------------------------------------------------
Product                Qty   Unit      Price
                             Price
-------------------------------------------------
First-Class Mail®       1               $0.73
Letter
    Greenville, SC 29603
    Weight: 0 lb 0.60 oz
    Estimated Delivery Date
       Mon 03/24/2025
    Certified Mail®                      $4.85
       Tracking #:
       9589 0710 5270 0363 6396 16
    Return Receipt                       $4.10

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only
For delivery information, visit our website at www.usps.com®.

Greenville, SC 29603

| Certified Mail Fee | $4.85 | | 0075 |
| Extra Services & Fees (check box, add fee as appropriate) | | $4.10 | 01 |
| ☐ Return Receipt (hardcopy) | $ | $0.00 | |
| ☐ Return Receipt (electronic) | $ | $0.00 | Postmark |
| ☐ Certified Mail Restricted Delivery | $ | $0.00 | Here |
| ☐ Adult Signature Required | $ | $0.00 | |
| ☐ Adult Signature Restricted Delivery | $ | $0.00 | |
| Postage | $0.73 | | |
| Total Postage and Fees | | | 03/20/2025 |
| $9.68 | | | |

Sent To    Stellpont
Street and Apt. No., or PO Box No.   PO SB 108226
City, State, ZIP+4   Greenville  SC 29603 08226



Tell us about your experience.
Go to: https://postalexperience.com/Pos
or scan this code with your mobile device.

or call 1-800-410-7420.

-------------------------------------------------
UFN: 337275-0075
Receipt #: 840-50800075-1-3445121-2
Clerk: 01

Exhibit 2: Certified Mail Receipt

**SENDER: COMPLETE THIS SECTION**

- ☒ Complete items 1, 2, and 3.
- ☒ Print your name and address on the reverse so that we can return the card to you.
- ☒ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Shellpoint
POB 10826
Greenville SC 29603-0826

9590 9402 9014 4122 4205 35

2. Article Number (Transfer from service label)

9589 0710 5270 0363 6396 16

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
  ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☒ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery (over $500)

- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053                Domestic Return Receipt

**Shellpoint** 

| | |
|---|---|
| | Account Number |
| | Payment Date |
| | Statement Date: 07/03/2024 |

DO NOT SEND MAIL OR PAYMENTS TO THIS ADDRESS
P.O. Box 619063 • Dallas, TX 75261-9063

**Payment Date** 07/18/2024

**Payment Amount** $55,786.25

K███████ MALIK
327 DELAWARE AVE
DELANCO NJ 08075-4315

Phone: 800-365-7107
Website: www.shellpointmtg.com

## Explanation of Payment Amount

| | |
|---|---|
| Principal | $564.17 |
| Interest | $677.99 |
| Escrow (Taxes and Insurance) | $2,230.93 |
| Less Buydown | $0.00 |
| **Regular Monthly Payment** | **$3,473.09** |
| Total Fees and Charges | $13.50 |
| Past Unpaid Payment | $52,299.66 |
| **Total Payment Amount** | **$55,786.25** |

## Bankruptcy Message

**Our records show that either you are a debtor in bankruptcy or you discharged personal liability for your mortgage loan in bankruptcy.**

**We are sending this statement to you for informational and compliance purposes only. It is not an attempt to collect a debt against you.**

If you want to stop receiving statements, write us.

## Important Messages

**\*Partial Payments:** Any partial payments listed here are not applied to your mortgage, but instead are held in one or more separate suspense accounts. Once we receive funds equal to a full monthly payment, we will apply those funds to your mortgage.

## Additional Messages

For questions regarding the servicing of your loan, please contact us at 800-365-7107 Monday-Friday 8:00AM-9:00PM, and Saturday 10:00AM-2:00PM Eastern Time.

Federal law requires us to tell you how we collect, share, and protect your personal information. Our Privacy Policy has not changed. You can review our policy and practices with respect to your personal information at www.shellpointmtg.com or request a copy to be mailed to you by calling us at 800-365-7107.

## Past Payments Breakdown

| | Paid Last Month | Paid Year to Date |
|---|---|---|
| Principal | $0.00 | $543.45 |
| Interest | $0.00 | $698.71 |
| Escrow | $0.00 | $0.00 |
| Fees/Late Charges | $0.00 | $0.00 |
| Partial Payment (Unapplied) | $0.00 | $57.84 |
| **Total** | **$0.00** | **$1,300.00** |

## Account Information

| | |
|---|---|
| Outstanding Principal | $167,147.70 |
| Interest Rate | 5.0000% |
| Prepayment Penalty | None |
| Property Address: | 327 DELAWARE AVENUE |
| | DELANCO TOWNSHIP NJ 08075 |
| Contractual Due Date: | November 18, 2023 |
| Current Escrow Balance | -$11,379.09 |
| Deferred Principal | $0.00 |
| Deferred Interest | $0.00 |
| Assistance Balance | $0.00 |
| Reserve Balance | $0.00 |
| Maturity Date | 05/18/2040 |

## \*\*Account History\*\*

**Recent Account History**

| | |
|---|---|
| Payment due 01/18/24: | unpaid balance of $46,102.36 |
| Payment due 02/18/24: | unpaid balance of $1,242.16 |
| Payment due 03/18/24: | unpaid balance of $1,242.16 |
| Payment due 04/18/24: | unpaid balance of $1,242.16 |
| Payment due 05/18/24: | unpaid balance of $1,242.16 |
| Payment due 06/18/24: | unpaid balance of $1,242.16 |
| Payment due 07/18/24: | current payment due |

**Total: $55,786.25 unpaid amount that, if paid, would bring your loan current.**

**If You Are Experiencing Financial Difficulty:** See back for information about mortgage counseling or assistance.

See Total Payment Amount Breakdown on page 2.

**For information about your payments, total amount due, and any additional payment history, see reverse side.**

Detach and return with payment.

*Exh it 3*

Account Number

## Total Payment Breakdown

| | | | |
|---|---|---|---|
| Total of all Payments Due | $13,410.37 | Other Fee Balance (details below)** | $42,433.72 |
| Total Principal Balance | $0.00 | Total Deferred Principal Balance | $0.00 |
| Total Interest Balance | $0.00 | Total Deferred Interest Balance | $0.00 |
| Default Interest | $0.00 | Total Additional Balance | $0.00 |
| Late Charge Balance | $0.00 | Unapplied Amount | ($57.84) |
| Insufficient Funds Balance | $0.00 | | |
| Legal Fee Balance (details below)* | $0.00 | Total | $55,786.25 |

## Fee Details

Other fee components**

| | | | | | |
|---|---|---|---|---|---|
| Motion For Relief | $1,149.00 | Prior Unpaid Costs | $41,190.22 | Property Inspection | $94.50 |

## Payment Breakdown

| | Unpaid Balance | | Unpaid Balance | | Unpaid Balance |
|---|---|---|---|---|---|
| Payment Due 07/18/2024 | $3,473.09 | Payment Due 04/18/2024 | $1,242.16 | Payment Due 02/18/2024 | $1,242.16 |
| Payment Due 06/18/2024 | $1,242.16 | Payment Due 03/18/2024 | $1,242.16 | Payments Due 11/18/2023 to 01/18/2024 | $3,726.48 |
| Payment Due 05/18/2024 | $1,242.16 | | | | |

## Transaction Activity (06/05/2024 - 07/04/2024)

| Date | Description | Charges | Payments |
|---|---|---|---|
| 06/07/2024 | Lender Placed Hazard Disbursement | $516.74 | $0.00 |
| 06/07/2024 | Lender Placed Flood Disbursement | $161.42 | $0.00 |
| 07/02/2024 | Property Inspection Disbursement | $13.50 | $0.00 |

Payments made by check are processed electronically by using the information listed on the check. Payments by check authorize us to create a one-time electronic funds transfer and process the payment as either a paper check or electronic draft. The check will not be returned to you. Allowable fees may apply for returned or rejected payments.

Newrez LLC dba Shellpoint Mortgage Servicing is a debt collector. This is not an attempt to collect a debt due to your bankruptcy filing. Newrez LLC dba Shellpoint Mortgage Servicing's NMLS ID is 3013.

**Important Notice:** Please be advised that post-petition fees, expenses or charges reflected on this statement might be subject to additional disclosure to the bankruptcy court under Rule 3002.1 of the Federal Rules of Bankruptcy Procedure. In the event such post-petition fees, expenses or charges are disallowed by the bankruptcy court, a subsequent waiver will be applied to your account.

If you are a customer in bankruptcy or a customer who has received a bankruptcy discharge of this debt: please be advised that this notice is to advise you of the status of your mortgage loan. This notice constitutes neither a demand for payment nor a notice of personal liability to any recipient hereof, who might have received a discharge of such debt in accordance with applicable bankruptcy laws or who might be subject to the automatic stay of Section 362 of the United States Bankruptcy Code.

**Notice of Error or Information Request Address**

You have certain rights under Federal law related to resolving errors in the servicing of your loan and requesting information about your loan. If you want to request information about your loan or if you believe an error has occurred in the servicing of your loan and would like to submit an Error Resolution or Informational Request, please write to us. Additionally, if you believe we have furnished inaccurate information to credit reporting agencies, please write to us with specific details regarding those errors and any supporting documentation that you have and we will assist you. Error Resolution, including concerns of inaccurate information sent to credit reporting agencies, or requests for information should be sent to the following address:

Shellpoint Mortgage Servicing
P.O. Box 10826
Greenville, SC 29603

**Housing Counselor Information:** If you would like counseling or assistance, you can contact the following:
U.S. Department of Housing and Urban Development (HUD): For a list of homeownership counselors or counseling organizations in your area, go to http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm or call 800-569-4287.

¿Hablas español? Esta carta contiene información importante sobre su préstamo hipotecario. Si usted no entiende el contenido de esta carta, por favor contacte a uno de nuestros representantes que hablan español al número **800-365-7107**.

If you prefer to receive communication in a language other than English, please contact us at 800-365-7107 to speak with a translator in your preferred language about the servicing of your loan or a document you received.

A successor in interest is someone who acquires an ownership interest in a property secured by a mortgage loan by transfer upon the death of a relative, as a result of a divorce or legal separation, through certain trusts, between spouses, from a parent to a child, or when a borrower who is a joint tenant or tenant by the entirety dies. If you are a successor in interest, or you think you might be, please contact by phone, mail or email to start the confirmation process.

Repayment options may be available to you. **Call 800-365-7107** to discuss payment arrangements. Failure to act on this matter may result in us exercising our legal rights as permitted by the contract and applicable law.

## Exhibit 4: Comparative Flood Insurance Quotes for 327 Delaware Ave., Delanco, NJ

| Provider | Coverage Amount | Annual Premium | Notes |
|---|---|---|---|
| **National Flood Insurance Program (NFIP)** | $250,000 | $1,000–$1,200 | Standard federal policy; premiums are consistent across providers. |
| **Better Flood Insurance (Private)** | $250,000 | $405–$700 | Private insurer offering lower premiums in low-risk zones. |
| **Rocket Flood (Private)** | $250,000 | $868.75 | Utilizes LiDAR technology for precise risk assessment; offers competitive rates. |
| **New Jersey Flood Insurance (Private)** | $250,000 | Varies | Offers enhanced coverage options through private carriers; premiums tailored to specific areas. |
| **Insurox (Private)** | $250,000 | Varies | Provides flood insurance quotes for Delanco, NJ; potential for savings. |

These quotes indicate that comparable flood insurance coverage is available at significantly lower premiums than what Shellpoint may be charging. This information can support your argument that Shellpoint's force-placed insurance premiums are excessive and not reflective of market rates.

**Exhibit 5: BBB 4/17/25**

## Customer Complaints Summary

- 2,272 total complaints in the last 3 years.
- ✓ 993 complaints closed in the last 12 months.

### Pattern of Complaints

BBB files indicate that this business has a pattern of complaints concerning consumer who allege poor customer service, payments not being applied to their accounts, and consumers receiving foreclosure letters. On 10/22/2024, BBB submitted a written request to the company encouraging them to address the pattern of complaints. The business has responded and agreed to take the following action: Add 250 agents in customer service and require additional staff training; Sending the impacted borrowers a letter and video explaining the MFA process, as well as how to sign into their account; This creates more self-service opportunities on their website, mobile app, and system to allow consumers to get immediate responses.

https://www.bbb.org/us/sc/greenville/profile/loan-servicing/shellpoint-mortgage-servicing-0673-90007399/complaints

## Exhibit 5: Consumer Complaints Against Shellpoint Mortgage Servicing 4/17/2025

### 1. Complaint ID: 7438109

- **Issue:** Unfair and deceptive foreclosure practices.
- **Summary:** The consumer alleges that Shellpoint engaged in unfair and deceptive practices during the foreclosure process.Consumer Financial Protection Bureau

### 2. Complaint ID: 7948900

- **Issue:** Dispute over mortgage account accuracy.
- **Summary:** The consumer reports concerns regarding the accuracy of their mortgage account managed by Shellpoint.Consumer Financial Protection Bureau

### 3. Complaint ID: 9553543

- **Issue:** Alleged misappropriation of funds.
- **Summary:** The consumer claims that Shellpoint misappropriated $25,000 from their account. Consumer Financial Protection Bureau

### 4. Complaint ID: 9543323

- **Issue:** Discrepancies in escrow balance.
- **Summary:** The consumer reports that Shellpoint maintained inaccurate escrow balances, leading to fraudulent fees.

### 5. Complaint ID: 9538477

- **Issue:** Issues with loss mitigation process.
- **Summary:** The consumer experienced problems with Shellpoint's handling of the loss mitigation process, particularly regarding communication and documentation.Consumer Financial Protection Bureau

### 6. Complaint ID: 10169724

- **Issue:** Force-placed insurance despite existing coverage.
- **Summary:** The consumer alleges that Shellpoint billed them for lender-placed hazard insurance even though they had active property insurance.Consumer Financial Protection Bureau

**CFPB Consumer Complaint Database (Shellpoint Mortgage Servicing):**
https://www.consumerfinance.gov/data-research/consumer-complaints/search/?
searchField=all&searchText=Shellpoint+Mortgage+Servicing

## EXHIBIT 6: Checa Chong v. New Penn Financial, LLC (Shellpoint Mortgage Servicing)

### Case Summary:

- **Case Name:** Checa Chong v. New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing
- **Court:** U.S. District Court for the Southern District of Florida
- **Case Number:** 9:18-cv-80948-RLR
- **Filed:** July 18, 2018
- **Presiding Judge:** Hon. Robin L. Rosenberg�findings

### Allegations:

The plaintiff, Dorothy Kerr Checa Chong, filed a class action lawsuit against Shellpoint Mortgage Servicing, alleging that the company accepted illegal kickbacks from insurance companies for lender-placed insurance policies. Specifically, when Shellpoint secured lender-placed insurance policies for borrowers, insurance companies such as Overby-Seawell and Proctor Financial allegedly paid Shellpoint for choosing them, resulting in inflated costs to borrowers. These practices were claimed to be in violation of federal and state laws.⚓

### Settlement Details:

- **Settlement Amount:** Class members were entitled to receive 8.875% of the premiums charged for lender-placed insurance policies.
- **Eligibility:** Consumers who were charged for a lender-placed insurance policy by Shellpoint on or after March 1, 2014, and who paid all or a portion of the premium for that policy between March 1, 2014, and April 4, 2019.
- **Claim Deadline:** November 12, 2019
- **Final Approval Hearing:** September 13, 2019⚓

### Relevance to Current Case:

This case demonstrates a pattern of alleged predatory servicing practices by Shellpoint Mortgage Servicing, including the imposition of inflated insurance costs on borrowers. The allegations and subsequent settlement in Checa Chong v. New Penn Financial, LLC provide context and support for claims of similar conduct in the present foreclosure action.⚓

### Sources:

- Top Class Actions: Shellpoint Mortgage Lender Placed Insurance Class Action Settlement
- Justia Dockets & Filings: Checa Chong v. New Penn Financial, LLC⚓

## EXHIBIT 6

**Dutcher v. Shellpoint Mortgage Servicing**

United States District Court for the Eastern District of Pennsylvania

Case No. 2:21-cv-02062

Summary:

In Dutcher v. Shellpoint Mortgage Servicing, the plaintiffs alleged that Shellpoint violated the Fair Debt Collection Practices Act (FDCPA) by sending misleading mortgage statements to borrowers who were under COVID-19 forbearance plans authorized by the CARES Act. The lawsuit claimed that these statements falsely represented that borrowers were required to make payments, despite their accounts being placed in forbearance, and that Shellpoint failed to properly disclose the protections afforded by the CARES Act.

The case was settled for $500,000, providing compensation to affected class members. The settlement included monetary relief and injunctive measures intended to prevent future misrepresentations in communications with borrowers.

This case is submitted in support of Defendant's Counterclaim No. 13: Pattern of Predatory Servicing Practices, to demonstrate that Shellpoint has been formally challenged in federal court for misleading communications with borrowers during a national mortgage relief period, consistent with the types of abuses alleged in the present case.

Source: https://topclassactions.com/lawsuit-settlements/closed-settlements/shellpoint-mortgage-servicing-misleading-statements-500k-class-action-lawsuit-settlement/

## EXHIBIT 6

Cardin v. NewRez LLC (N.D. Ill. 2021)

Case Title: Cardin v. NewRez LLC
Court: U.S. District Court, Northern District of Illinois
Case Number: 1:21-cv-03350
Filing Date: June 22, 2021

Summary:
The plaintiff, David Cardin, filed a class action lawsuit against NewRez LLC d/b/a Shellpoint
Mortgage Servicing, alleging that the company wrongfully charged borrowers for force-
placed insurance coverage. According to the complaint, Shellpoint continued to bill Mr.
Cardin for hazard insurance even though he maintained his own valid policy for the
property. This practice resulted in significantly inflated mortgage payments and alleged
violations of the Real Estate Settlement Procedures Act (RESPA), Illinois Consumer Fraud
and Deceptive Business Practices Act, and breach of contract.

The complaint highlights a systemic servicing issue where Shellpoint allegedly failed to
properly process insurance documentation and intentionally imposed unauthorized
charges for financial gain.

This case supports the Defendant's argument that Shellpoint has engaged in a pattern of
predatory servicing practices that violate federal and state consumer protection laws.

Source: https://www.classaction.org/media/cardin-v-newrez-llc.pdf

## EXHIBIT - 7

Ric F. Malik – Proof of Chapter 7 Bankruptcy Filing

Debtor Name: Ric F. Malik
Bankruptcy Court: United States Bankruptcy Court for the District of Puerto Rico
Case Number: 23-03241-ESL7
Chapter: 7
Filing Date: October 6, 2023

Summary:
This exhibit includes proof that Ric F. Malik filed for protection under Chapter 7 of the
United States Bankruptcy Code on October 6, 2023, in the U.S. Bankruptcy Court for the
District of Puerto Rico. As such, any attempt to enforce a claim against Mr. Malik—including
foreclosure proceedings—may be subject to the automatic stay provisions of 11 U.S.C. §
362.

The attached docket entry confirms the filing and assignment of case number 23-03241-
ESL7 under Judge Enrique S. Lamoutte.

For verification and public access, the bankruptcy case can be located on PACER (Public
Access to Court Electronic Records) at the following URL:
https://ecf.prb.uscourts.gov/



**shellpoint**®

Statement Date: 02/05/2025

DO NOT SEND MAIL OR PAYMENTS TO THIS ADDRESS
P.O. Box 619063 • Dallas, TX 75261-9063

| | |
|---|---|
| **Account Number** | |
| Next Due Date | 02/18/202_ |
| **Amount Due** | **$43,532.0** |

*If payment is received after 03/05/2025, $62.11 late fee may be assessed.*

R___ __MALIK
K_____ MALIK
827 DELAWARE AVE
DELANCO NJ 08075-4315

Phone: 800-365-7107
Website: www.shellpointmtg.com

### Explanation of Amount Due

| | |
|---|---|
| Principal | $0.0_ |
| Interest | $0.0_ |
| Escrow (Taxes and Insurance) | $0.0_ |
| Less Buydown | $0.0_ |
| **Regular Monthly Payment** | **$0.0_** |
| Total Fees and Charges | $1,590.0_ |
| Overdue Payment | $41,942.0_ |
| **Total Amount Due** | **$43,532.0_** |

### Account Information

| | |
|---|---|
| Outstanding Principal | $166,054.01 |
| Interest Rate | 5.0000% |
| Prepayment Penalty | None |
| Property Address: | 327 DELAWARE AVENUE |
| | DELANCO TOWNSHIP NJ 08075 |
| Contractual Due Date: | January 18, 2024 |
| Current Escrow Balance | -$12,181.43 |
| Deferred Principal | $0.00 |
| Deferred Interest | $0.00 |
| Assistance Balance | $0.00 |
| Reserve Balance | $0.00 |
| Maturity Date | 05/18/2040 |

### Past Payments Breakdown

| | Paid Last Month | Paid Year t Dat |
|---|---|---|
| Principal | $0.00 | $0.0_ |
| Interest | $0.00 | $0.0_ |
| Escrow | $0.00 | $0.0_ |
| Fees/Late Charges | $0.00 | $0.0_ |
| Unapplied Partial Payment | $0.00 | $573.5_ |
| **Total** | **$0.00** | **$573.5_** |

### Transaction Activity (01/05/2025 - 02/04/2025)

| Date | Description | Charges | Payment |
|---|---|---|---|
| 01/09/2025 | Property Inspection Disbursement | $30.00 | $0.0_ |
| 01/09/2025 | Lender Placed Hazard Disbursement | $528.62 | $0.0_ |
| 01/09/2025 | Lender Placed Flood Disbursement | $161.42 | $0.0_ |
| 01/21/2025 | Attorney Cost Disbursement | $1,560.00 | $0.0_ |

### Important Messages

**\*Partial Payments:** Any partial payments listed here are not applied to your mortgage, but instead are held in one or more separate suspens_ accounts. Once we receive funds equal to a full monthly payment, we will apply those funds to your mortgage.

### Additional Messages

For questions regarding the servicing of your loan, please contact us at 800-365-7107 Monday-Friday 8:00AM-9:00PM, and Saturday 10:00AM-2:00PM Eastern Time.

Federal law requires us to tell you how we collect, share, and protect your personal information. Our Privacy Notice has not changed. You can review our policy and practices with respect to your personal information at www.shellpointmtg.com or request a copy to be mailed to you by calling us at 800-365-7107.

For information about your payments, total amount due, and any additional payment history, see reverse side.

### \*\*Delinquency Notice\*\*

**You are late on your loan payments. Failure to bring your loan current ma_ result in fees and foreclosure – the loss of your home. As of 02/05/2025, you are 384 days delinquent on your loan.**

**Recent Account History**

| | |
|---|---|
| Payment due 09/18/23: | fully paid on 10/05/23 |
| Payment due 10/18/23: | fully paid on 05/12/24 |
| Payment due 11/18/23: | fully paid on 08/07/24 |
| Payment due 12/18/23: | fully paid on 08/07/24 |
| Payment due 06/18/23: | fully paid on time |
| Payment due 07/18/23: | fully paid on time |
| Payment due 08/18/23: | fully paid on time |

**Total: $43,532.04 due. You must pay this amount to bring your loan current.**

**If You Are Experiencing Financial Difficulty:** See back for information about mortgage counseling or assistance.

See Total Payment Amount Breakdown on page 2.

**DO NOT SEND MAIL OR PAYMENTS TO THIS ADDRESS**
P.O. Box 619063 • Dallas, TX 75261-9063



R          MALIK
K          MALIK
327 DELAWARE AVE
DELANCO NJ 08075-4315

| Account Number | |
|---|---|
| Next Due Date | 02/18/2025 |
| **Amount Due** | **$78,808.43** |

If payment is received after 03/05/2025, $62.11 late fee may be assessed.

| Phone: | 800-365-7107 |
|---|---|
| Website: | www.shellpointmtg.com |

## Explanation of Amount Due

| | |
|---|---|
| Principal | $580.83 |
| Interest | $661.33 |
| Escrow (Taxes and Insurance) | $2,003.11 |
| Less Buydown | $0.00 |
| **Regular Monthly Payment** | **$3,245.27** |
| Total Fees and Charges | $1,590.00 |
| Overdue Payment | $73,973.16 |
| **Total Amount Due** | **$78,808.43** |

## Account Information

| | |
|---|---|
| Outstanding Principal | $166,054.01 |
| Interest Rate | 5.0000% |
| Prepayment Penalty | None |
| Property Address: | 327 DELAWARE AVENUE |
| | DELANCO TOWNSHIP NJ 08075 |
| Contractual Due Date: | January 18, 2024 |
| Current Escrow Balance | -$12,871.47 |
| Deferred Principal | $0.00 |
| Deferred Interest | $0.00 |
| Assistance Balance | $0.00 |
| Reserve Balance | $0.00 |
| Maturity Date | 05/18/2040 |

## Past Payments Breakdown

| | Paid Last Month | Paid Year to Date |
|---|---|---|
| Principal | $0.00 | $0.00 |
| Interest | $0.00 | $0.00 |
| Escrow | $0.00 | $0.00 |
| Fees/Late Charges | $0.00 | $0.00 |
| Unapplied Partial Payment | $0.00 | $573.52 |
| **Total** | **$0.00** | **$573.52** |

## Transaction Activity (01/05/2025 - 02/10/2025)

| Date | Description | Charges | Payments |
|---|---|---|---|
| 01/09/2025 | Property Inspection Disbursement | $30.00 | $0.00 |
| 01/09/2025 | Lender Placed Hazard Disbursement | $528.62 | $0.00 |
| 01/09/2025 | Lender Placed Flood Disbursement | $161.42 | $0.00 |
| 01/21/2025 | Attorney Cost Disbursement | $1,560.00 | $0.00 |
| 02/07/2025 | Lender Placed Hazard Disbursement | $528.62 | $0.00 |
| 02/07/2025 | Lender Placed Flood Disbursement | $161.42 | $0.00 |

## Important Messages

**\*Partial Payments:** Any partial payments listed here are not applied to your mortgage, but instead are held in one or more separate suspense accounts. Once we receive funds equal to a full monthly payment, we will apply those funds to your mortgage.

## Additional Messages

For questions regarding the servicing of your loan, please contact us at 800-365-7107 Monday-Friday 8:00AM-9:00PM, and Saturday 10:00AM-2:00PM Eastern Time.

Federal law requires us to tell you how we collect, share, and protect your personal information. Our Privacy Policy has not changed. You can review our policy and practices with respect to your personal information at www.shellpointmtg.com or request a copy to be mailed to you by calling us at 800-365-7107.

## \*\*Delinquency Notice\*\*

**You are late on your loan payments.** Failure to bring your loan current may result in fees and foreclosure – the loss of your home. As of 02/11/2025, you are 390 days delinquent on your loan.

**Recent Account History**

| Payment due 08/18/24: | unpaid balance of $58,383.94 |
|---|---|
| Payment due 09/18/24: | unpaid balance of $3,467.96 |
| Payment due 10/18/24: | unpaid balance of $3,467.96 |
| Payment due 11/18/24: | unpaid balance of $3,530.07 |
| Payment due 12/18/24: | unpaid balance of $3,467.96 |
| Payment due 01/18/25: | unpaid balance of $3,245.27 |
| Payment due 02/18/25: | current payment due |

**Total: $78,808.43 due. You must pay this amount to bring your loan current.**

**If You Are Experiencing Financial Difficulty:** See back for information about mortgage counseling or assistance.

See Total Payment Amount Breakdown on page 2.

**For information about your payments, total amount due, and any additional payment history, see reverse side.**

Detach and return with payment.

## Total Payment Breakdown

| | | | |
|---|---|---|---|
| Total of all Payments Due | $34,756.39 | Other Fee Balance (details below)** | $42,483.45 |
| Total Principal Balance | $0.00 | Total Deferred Principal Balance | $0.00 |
| Total Interest Balance | $0.00 | Total Deferred Interest Balance | $0.00 |
| Default Interest | $0.00 | Total Additional Balance | $0.00 |
| Late Charge Balance | $62.11 | Unapplied Amount | ($573.52) |
| Insufficient Funds Balance | $0.00 | | |
| Legal Fee Balance (details below)* | $2,080.00 | Total | $78,808.43 |

## Fee Details

### Legal fee components*

| | | | | |
|---|---|---|---|---|
| Attorney Cost | $1,560.00 | FC Costs | $520.00 | |

### Other fee components**

| | | | | | |
|---|---|---|---|---|---|
| Motion For Relief | $1,149.00 | Property Inspection | $127.50 | Certified Mail Cost | $16.73 |
| Prior Unpaid Costs | $41,190.22 | | | | |

## Payment Breakdown

| | Unpaid Balance | | Unpaid Balance | | Unpaid Balance |
|---|---|---|---|---|---|
| Payment Due 02/18/2025 | $3,245.27 | Payment Due 11/18/2024 | $3,467.96 | Payment Due 09/18/2024 | $3,467.96 |
| Payment Due 01/18/2025 | $3,245.27 | Payment Due 10/18/2024 | $3,467.96 | Payment Due 01/18/2024 to 08/18/2024 | $14,394.01 |
| Payment Due 12/18/2024 | $3,467.96 | | | | |

Payments made by check are processed electronically by using the information listed on the check. Payments by check authorize us to create a one-time electronic funds transfer and process the payment as either a paper check or electronic draft. The check will not be returned to you. Allowable fees may apply for returned or rejected payments.

Newrez LLC dba Shellpoint Mortgage Servicing is a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. Newrez LLC dba Shellpoint Mortgage Servicing's NMLS ID is 3013.

If you are a customer in bankruptcy or a customer who has received a bankruptcy discharge of this debt: please be advised that this notice is to advise you of the status of your mortgage loan. This notice constitutes neither a demand for payment nor a notice of personal liability to any recipient hereof, who might have received a discharge of such debt in accordance with applicable bankruptcy laws or who might be subject to the automatic stay of Section 362 of the United States Bankruptcy Code.

### Notice of Error or Information Request Address

You have certain rights under Federal law related to resolving errors in the servicing of your loan and requesting information about your loan. If you want to request information about your loan or if you believe an error has occurred in the servicing of your loan and would like to submit an Error Resolution or Informational Request, please write to us. Additionally, if you believe we have furnished inaccurate information to credit reporting agencies, please write to us with specific details regarding those errors and any supporting documentation that you have and we will assist you. Error Resolution, including concerns of inaccurate information sent to credit reporting agencies, or requests for information should be sent to the following address:

Shellpoint Mortgage Servicing
P.O. Box 10826
Greenville, SC 29603

**Housing Counselor Information:** If you would like counseling or assistance, you can contact the following:
U.S. Department of Housing and Urban Development (HUD): For a list of homeownership counselors or counseling organizations in your area, go to http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm or call 800-569-4287.

Amounts paid in excess of your payment amount will first be used to satisfy any delinquency. If there are no past due amounts then excess funds paid will be posted to your principal balance. We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.

Shellpoint Mortgage Servicing may assess a returned check fee consistent with the laws for your state and your loan documents on all checks returned by your financial institution.

¿Hablas español? Esta carta contiene información importante sobre su préstamo hipotecario. Si usted no entiende el contenido de esta carta, por favor contacte a uno de nuestros representantes que hablan español al número 800-365-7107.

If you prefer to receive communication in a language other than English, please contact us at 800-365-7107 to speak with a translator in your preferred language about the servicing of your loan or a document you received.

A successor in interest is someone who acquires an ownership interest in a property secured by a mortgage loan by transfer upon the death of a relative, as a result of a divorce or legal separation, through certain trusts, between spouses, from a parent to a child, or when a borrower who is a joint tenant or tenant by the entirety dies. If you are a successor in interest, or you think you might be, please contact by phone, mail or email to start the confirmation process.

Repayment options may be available to you. Call 800-365-7107 to discuss payment arrangements. Failure to act on this matter may result in us exercising our legal rights as permitted by the contract and applicable law.



**shellpoint.**

Statement Date: 04/05/202.

**DO NOT SEND MAIL OR PAYMENTS TO THIS ADDRESS**
P.O. Box 619063 • Dallas, TX 75261-9063

| Account Number | |
|---|---|
| Next Due Date | **04/18/2025** |
| **Reinstatement Amount** | **$85,683.97** |

*If payment is received after 05/03/2025, $62.11 late fee may be assessed.*

Phone:     800-365-7107
Website:   www.shellpointmtg.com

R█████ MALIK
K█████ MALIK
327 DELAWARE AVE
DELANCO NJ 08075-4315

## Explanation of Amount Due

**Accelerated Amount**                                        $234,636.96

The loan is in default for failure to pay amounts due, and the sums evidenced by the Note and security instruments are now due and payable in full. As of this date of this letter, this is the amount that is now due in full. Please note that this is not a payoff statement and the amounts due may change due to outstanding or unrealized costs or fees. Contact us for a payoff or reinstatement amount.

**Reinstatement Amount**                                     $85,683.97

As of the date of this letter, we are willing to accept this amount to reinstate your loan. Please note that the amounts due may change due to outstanding or unrealized costs or fees. Contact us at 800-365-7107 for an accurate reinstatement amount.

## Account Information

| | |
|---|---|
| Outstanding Principal | $166,054.01 |
| Interest Rate | 5.0000% |
| Prepayment Penalty | None |
| Property Address: | 327 DELAWARE AVENUE |
| | DELANCO TOWNSHIP NJ 08075 |
| Contractual Due Date: | January 18, 2024 |
| Current Escrow Balance | -$13,358.11 |
| Deferred Principal | $0.00 |
| Deferred Interest | $0.00 |
| Assistance Balance | $0.00 |
| Reserve Balance | $0.00 |
| Maturity Date | 05/18/2040 |

## Past Payments Breakdown

| | Paid Last Month | Paid Year to Date |
|---|---|---|
| Principal | $0.00 | $0.00 |
| Interest | $0.00 | $0.00 |
| Escrow | $0.00 | $0.00 |
| Fees/Late Charges | $0.00 | $0.00 |
| Unapplied Partial Payment | $0.00 | $573.52 |
| **Total** | **$0.00** | **$573.52** |

## Transaction Activity (03/05/2025 - 04/04/2025)

| Date | Description | Charges | Payments |
|---|---|---|---|
| 03/07/2025 | Lender Placed Hazard Disbursement | $486.64 | $0.00 |
| 03/12/2025 | Title Cost Disbursement | $325.00 | $0.00 |
| 03/17/2025 | Property Inspection Disbursement | $30.00 | $0.00 |

## Important Messages

**\*Partial Payments:** Any partial payments listed here are not applied to your mortgage, but instead are held in one or more separate suspense accounts. Once we receive funds equal to a full monthly payment, we will apply those funds to your mortgage.

## Additional Messages

For questions regarding the servicing of your loan, please contact us at 800-365-7107 Monday-Friday 8:00AM-9:00PM, and Saturday 10:00AM-2:00PM Eastern Time.

Federal law requires us to tell you how we collect, share, and protect your personal information. Our Privacy Policy has not changed. You can review our policy and practices with respect to your personal information at www.shellpointmtg.com or request a copy to be mailed to you by calling us at 800-365-7107.

## **Delinquency Notice**

**You are late on your loan payments and the foreclosure process has been initiated.** Failure to bring your loan current may result in fees and foreclosure – the loss of your home. As of 04/05/2025, you are 443 days delinquent on your loan.

**Recent Account History**

| | |
|---|---|
| Payment due 10/18/24: | unpaid balance of $65,704.86 |
| Payment due 11/18/24: | unpaid balance of $3,530.07 |
| Payment due 12/18/24: | unpaid balance of $3,467.96 |
| Payment due 01/18/25: | unpaid balance of $3,245.27 |
| Payment due 02/18/25: | unpaid balance of $3,245.27 |
| Payment due 03/18/25: | unpaid balance of $3,245.27 |
| Payment due 04/18/25: | current payment due |

**Total: $85,683.97 due. You must pay this amount to bring your loan current.**

**If You Are Experiencing Financial Difficulty:** See back for information about mortgage counseling or assistance.

See Total Payment Amount Breakdown on page 2.

**For information about your payments, total amount due, and any additional payment history, see reverse side.**

## Total Payment Breakdown

| | | | |
|---|---|---|---|
| Total of all Payments Due | $0.00 | Other Fee Balance (details below)** | $42,868.45 |
| Total Principal Balance | $166,054.01 | Total Deferred Principal Balance | $0.00 |
| Total Interest Balance | $10,787.80 | Total Deferred Interest Balance | $0.00 |
| Default Interest | $0.00 | Total Additional Balance | $13,358.11 |
| Late Charge Balance | $62.11 | Unapplied Amount | ($573.52) |
| Insufficient Funds Balance | $0.00 | | |
| Legal Fee Balance (details below)* | $2,080.00 | Total | $234,636.96 |

## Fee Details

**Legal fee components***

| Attorney Cost | $1,560.00 | FC Costs | | $520.00 | | |
|---|---|---|---|---|---|---|

**Other fee components****

| Certified Mail Cost | $16.73 | Prior Unpaid Costs | | $41,190.22 | Title Cost | $325.00 |
|---|---|---|---|---|---|---|
| Motion For Relief | $1,149.00 | Property Inspection | | $187.50 | | |

## Principal Breakdown

| | Unpaid Balance | | |
|---|---|---|---|
| Principal Balance | $166,054.01 | | |

## Interest Breakdown

| | Unpaid Balance | |
|---|---|---|
| Interest to 04/05/2025 | $10,787.80 | · |

## Additional Breakdown

| | Unpaid Balance | |
|---|---|---|
| Escrow Balance | $13,358.11 | |

Payments made by check are processed electronically by using the information listed on the check. Payments by check authorize us to create a one-time electronic funds transfer and process the payment as either a paper check or electronic draft. The check will not be returned to you. Allowable fees may apply for returned or rejected payments.

Newrez LLC dba Shellpoint Mortgage Servicing is a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. Newrez LLC dba Shellpoint Mortgage Servicing's NMLS ID is 3013.

**Amount Due on Accounts in Foreclosure or Bankruptcy:** If your account is in foreclosure or bankruptcy, the amount listed as the Amount Due may not be the full amount necessary to bring your account current. To obtain up-to-date amount due information, please contact us at the number listed on the statement.

If you are a customer in bankruptcy or a customer who has received a bankruptcy discharge of this debt: please be advised that this notice is to advise you of the status of your mortgage loan. This notice constitutes neither a demand for payment nor a notice of personal liability to any recipient hereof, who might have received a discharge of such debt in accordance with applicable bankruptcy laws or who might be subject to the automatic stay of Section 362 of the United States Bankruptcy Code.

**Notice of Error or Information Request Address**
You have certain rights under Federal law related to resolving errors in the servicing of your loan and requesting information about your loan. If you want to request information about your loan or if you believe an error has occurred in the servicing of your loan and would like to submit an Error Resolution or Informational Request, please write to us. Additionally, if you believe we have furnished inaccurate information to credit reporting agencies, please write to us with specific details regarding those errors and any supporting documentation that you have and we will assist you. Error Resolution, including concerns of inaccurate information sent to credit reporting agencies, or requests for information should be sent to the following address:

Shellpoint Mortgage Servicing
P.O. Box 10826
Greenville, SC 29603

**Housing Counselor Information:** If you would like counseling or assistance, you can contact the following:
U.S. Department of Housing and Urban Development (HUD): For a list of homeownership counselors or counseling organizations in your area, go to http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm or call 800-569-4287.

Amounts paid in excess of your payment amount will first be used to satisfy any delinquency. If there are no past due amounts then excess funds paid will be posted to your principal balance. We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.

Shellpoint Mortgage Servicing may assess a returned check fee consistent with the laws for your state and your loan documents on all checks returned by your financial institution.

¿Hablas español? Esta carta contiene información importante sobre su préstamo hipotecario. Si usted no entiende el contenido de esta carta, por favor contacte a uno de nuestros representantes que hablan español al número 800-365-7107.

**Exhibit III**

## Department of Defense Manpower Data Center

Results as of : Aug-12-2025 10:11:34 AM EDT

SCRA 5.25



**Status Report**
**Pursuant to Servicemembers Civil Relief Act**

| | |
|---|---|
| SSN: | XXX-XX-1283 |
| Birth Date: | |
| Last Name: | MALIK |
| First Name: | RIC |
| Middle Name: | F |
| Status As Of: | Aug-12-2025 |
| Certificate ID: | KVGY66PXQ3041HX |

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, Space Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

*Sam Yousefzadeh*

Sam Yousefzadeh, Director
Department of Defense - Manpower Data Center
4800 Mark Center Drive, Suite 04E25
Alexandria, VA 22350

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. § 3901 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service. Service contact information can be found on the SCRA website's FAQ page (Q35) via this URL: https://scra.dmdc.osd.mil/scra/#/faqs. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. § 3921(c).

This response reflects the following information:  (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days  preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d) (1).  Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available.  In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds.  All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support.  This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs).  Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate.  SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC § 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction.  The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING:  This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester.  Providing erroneous information will cause an erroneous certificate to be provided.

Case:23-03241-ESL7  Doc#:156  Filed:08/12/25  Entered:08/12/25 18:18:45  Desc: Main
Department of Defense Manpower Data Center Document  Page 37 of 38

Results as of : Aug-12-2025 10:13:43 AM EDT

SCRA 5.25



**Status Report**
**Pursuant to Servicemembers Civil Relief Act**

SSN:            XXX-XX-4115
Birth Date:
Last Name:      MALIK
First Name:     KAREN
Middle Name:    S
Status As Of:   Aug-12-2025
Certificate ID: BDVHQQT53WJ3RZT

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, Space Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

*Sam Yousefzadeh*

Sam Yousefzadeh, Director
Department of Defense - Manpower Data Center
4800 Mark Center Drive, Suite 04E25
Alexandria, VA 22350

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. § 3901 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service. Service contact information can be found on the SCRA website's FAQ page (Q35) via this URL: https://scra.dmdc.osd.mil/scra/#/faqs. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. § 3921(c).

This response reflects the following information:  (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days  preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d) (1).  Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available.  In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds.  All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support.  This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs).  Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate.  SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC § 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction.  The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING:  This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester.  Providing erroneous information will cause an erroneous certificate to be provided.