IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In Re: | Case No. 23-03241-ESL7 |
| RIC F. MALIK., | Chapter 7 |
| Debtor. | |

**PROPOSED STATEMENTS OF FACT AND
CONCLUSION OF LAW
BY CREDITORS, EARL AND TAMA GEERTGENS**

**TO THE HONORABLE COURT**:

COMES NOW, creditors Earl Geertgens and Tama Geertgens ("the Geertgens"),
represented by the undersigned legal counsel, respectfully submit the following proposed
statements of fact and conclusions of law, in response to the Court's Order To Show Cause (Docket
# 53), and the Court's subsequent Order extending dates (Docket # 147). The Geertgens also
incorporate by reference the legal authority cited in their response to this Order to Show Cause,
filed at Docket # 68, on March 18, 2025:

### I.  Proposed Statements of Fact

| Seq. | Refc Doc.# | Description | Date | Proposed Facts |
|---|---|---|---|---|
| 1. | BR Dkt | Debtor's Petition, BR Dkt # 1[1] | 10/06/2023 | Debtor filed a Chapter 7 bankruptcy petition on October 6, 2023 |
| 2. | 24, 62, 64, 67 | 341 Mtg #1 T7:3-7; Ohio DL; Ohio Bank Statements | | At his 341 Meeting of Creditors ("341") Debtor claims to have resided in New Jersey his entire life, owning a home at 327 Delaware Avenue, Delanco, New |

---

[1] Documents are referenced by Document # as shown on attached Exhibit A. Documents filed in the Bankruptcy Case are referenced as "BR Dkt # ____" while documents filed in the Geertgens' adversary proceeding, at Case # 24-00015-ESL, are referenced as "AP Dkt # _____."

| | | | | |
|---|---|---|---|---|
| | | Check, Dep. 8-25-22 T103-106 | | Jersey, prior to his alleged relocation to Puerto Rico.  He has actually held an Ohio driver's license, and owns bank accounts bearing an address in Ohio, at 20428 West River Road, Grand Rapids, Ohio, which are not disclosed in his petition. |
| 3. | 4 | AP Dkt #1 | 2014 | Debtor has operated his home remodeling business through various corporate and limited liability entities, and in 2014, contracted with creditors Earl and Tama Geertgens (the "Geertgens") for reconstruction of their home in Edgewater Park, New Jersey, after it was destroyed by fire |
| 4. | 4 | AP Dkt #1 | 2014 | The Geertgens terminated the services of Debtor's company, R. Malik Construction, Inc., shortly after inception of the contract. |
| 5. | 4 | AP Dkt #1 | 11/15/2015 | On November 15, 2015, R. Malik Construction, Inc. instituted suit against the Geertgens for breach of contract. |
| 6. | 4 | AP Dkt #1 | | The Geertgens filed a counterclaim against R. Malik Construction, Inc. and Ric Malik, seeking to recover damages under the New Jersey Consumer Fraud Act, including return of their deposit and other relief. |
| 7. | 36, 37 | Formation document – Moorestown Construction, LLC | | In 2016, while litigation was ongoing, Debtor formed Moorestown Construction, LLC.  Debtor was its sole member.  He operated the company to provide home improvement services including residential construction and renovation projects in New Jersey.  The company was issued Home Improvement contract License # 13VH09384700.  It's federal tax identification number is 82-2848186. |
| 8. | 67 | Ric Malik Dep. 8/25/22 T40, T66, T80, T94 | | R. Malik Construction, Inc. did no further business after the formation of Moorestown Construction, LLC, but remained in business until Geertgens' attempted bank levy. |

| 9. | 37,38 | Sub S Election, EIN Assignment | 2016 | Debtor chose to have Moorestown Construction, LLC taxed as a Subchapter "S" corporation, and filed appropriate Subchapter S elections.  As a Subchapter S entity,  Moorestown Construction, LLC was required to file tax returns each year. |
| 10. | 4 | Judgment | 06/12/2019 | On June 12, 2019, the Geertgens recovered a judgment against Ric Malik and R. Malik Construction, Inc., for consumer fraud.  The final judgment was entered in the amount of $257,960.  No appeal was filed and the judgment because final. |
| 11. | 67 | Malik Dep. 8/22/25 T83:12-84:10, T94 | 2019-2021 | R. Malik Construction, LLC held business bank accounts with TD Bank N.A., until collection efforts were undertaken by the Geertgens, at which point Debtor closed the accounts to avoid collection efforts. |
| 12. | 42 | Republic Bank Acct #1654 | 2021-2023 | Moorestown Construction, LLC held business bank accounts with Republic Bank N.A., now Fulton Bank N.A., in Moorestown, New Jersey |
| 13. | 43-45 | Myers contract and payment documents | 08/10/2021 | In August, 2021, Moorestown Construction, LLC entered into a contract to provide construction services to Anne and Stephen Myers at 216 Laurel Lane, Mt. Laurel, New Jersey, in the amount of $78,972.00, commencing in or about October, 2021. |
| 14. | 43-45 | Myers construction permit Open Public Rec. Response | 11/12/2021 | In November, 2021, Mt. Laurel New Jersey issues construction permits for project at the home of Anne and Stephen Myers, to Moorestown Construction, LLC. |
| 15. | 23 | Information Subpoena Request | 11/28/2021 | In November, 2021, the Geertgens' counsel issues a post-judgment information subpoena to R. Malik Construction, Inc. and Ric Malik, seeking disclosure of assets available for collection. |

| | | | | |
|---|---|---|---|---|
| 16. | 23 | Response to Information Subpoena # 1 | | In response to the Geertgens' information subpoena, Debtor provided incomplete information, including a portion of an unsigned 2018 tax return, and a handwritten statement with no signature or other identifying information, stating: ***327 Delaware Ave. Delanco, NJ Has 3 mortgages 2 other Judgements against Ric Malik, so yours is the 3rd*** |
| 17. | 38 | 2021 Tax Return of Moorestown Construction, LLC | 12/31/2021 | For calendar year 2021, Moorestown Construction, LLC files federal tax return reporting $589,775.39 in gross revenues, and $260,441 in gross profits, and depreciation deductions taken for assets of $69,186. |
| 18. | 15, 24 | Response to Information Subpoena #2 | 02/19/2022 | Debtor did not respond to follow-up requests for a completed information subpoena; Geertgens filed a motion to enforce litigants' rights (civil contempt). The motion was ultimately withdrawn when Debtor retained counsel and provided a certified response, albeit a defective one. |
| 19. | 16 | Charging Order | 02/23/2022 | On February 23,2022, the Geertgens filed and served a motion for a charging order against the Debtor's interest in Moorestown Construction, LLC, and in aid of that relief, sought to impose restraints upon transfer of the assets of Moorestown Construction, LLC and upon disguised payments to the Debtor (the "Charging Order").  The motion was served on 2/23/22, but heard in April, 2022. |
| 20. | 16 | Charging Order | 02/23/2022 | Upon services of the motion for charging order, Debtor was put on notice that assets and financial affairs of Moorestown Construction, LLC would potentially be subject to injunctive and other relief, including disclosure of business records. |

| 21. | 42 | Republic Bank #1654 Records | 02/28/2022 | In February, 2022, Moorestown Construction, LLC deposited $54,645.66 into its account with Republic Bank, including $30,000 paid by Anne and Stephen Myers for work on their home at 216 Laurel Lane, Mt. Laurel, NJ. |
| 22 | 42, 45 | Republic Bank # 1654 Records, Myers Payment Records, Ck # 241 | 03/07/2022 | In March, 2022 Moorestown construction, LLC deposited $31,842.00 into its account with Republic Bank, paid by Anne and Stephen Myers for work on their home at 216 Laurel Lane, Mt. Laurel, New Jersey. |
| 23. | 24, 42 | Response to Information Subpoena # 2 | 03/16/2022 | On March 16, 2022, Debtor issued a certified response to the Geertgens' information subpoena, providing inaccurate and incomplete responses, including an incorrect social security number, and a statement that Debtor had no sources of income and no ownership interest in any business entity, omitting ownership and income from his ongoing enterprise, Moorestown Construction, LLC. |
| 24. | 45, 55 | TD Bank #1119 Records, Myers Payment Records | 03/31/2022 | With the Charging Order motion pending in March, 2022, Moorestown Construction, LLC deposits its receipts directly into the bank account of MC Remodeling Corp., a dissolved corporation controlled by Debtor's son. This includes check # 243 from Anne and Stephen Myers for $9,180.00, on Moorestown Construction LLC invoice 020339 and 020341, |
| 25. | 42 | Republic Bank # 1654 Records | 03/31/2022 | In March, 2022, Moorestown Construction, LLC deposits a total of $55,058 into its bank account # 1654 at Republic Bank, but by the end of the same month, its balance had dropped to $2046.98, and no further customer receipts were deposited into its own account.  It continues to receive revenue, |

|     |        |                                                      |            | but directs that revenue to the bank accounts held in the name of MC Remodeling Corp. at TD Bank |
| --- | ------ | ---------------------------------------------------- | ---------- | ------------------------------------------------------------ |
| 26. | 55     | TD Bank Account # 1119  Records                      | 03/31/2022 | Debtor, an authorized signer on the bank account of MC Remodeling Corp., retains continued access to funds of Moorestown Construction, LLC, after deposit to the account of MC Remodeling Corp. |
| 27. | 51, 55 | TD Bank Account # 1119 Records                       | 3/31/22    | MC Remodeling Corp. the account holder on the business accounts at TD Bank, is a defunct corporate entity, which Debtor's son dissolved prior to commencement of operations in 2012.  The Account is utilized by Moorestown Construction, LLC (solely owned by Debtor), MC Remodeling, LLC (solely owned by Debtor's son), and the Malik family. |
| 28. | 55     | TD Bank Account #1119 Records, 341 Mtg. Part 1, T12:5-11 |          | The Malik family's use of the bank accounts of MC Remodeling Corp. serves no other function than to secret assets from collection efforts. |
| 29  | 45, 55 | Myers payment Records, TD Bank #1119 Deposits        | 04/01/2022 | On April 1, 2022, Moorestown Construction LLC deposits a check from Anne and Stephen Myers, paying Moorestown construction, LLC invoices #20342, for "front porch deposit," in the amount of $10,065.00, into account #1119 of MC Remodeling at TD Bank |
| 30. | 45, 55 | Myers Payment Records, TD Bank #1119 Deposits        | 04/04/2022 | On April 4, 2022, Moorestown Construction, LLC deposits a check from Anne and Stephen Myers, paying Moorestown Construction, LLC invoice # 020343, in the amount of $10,000.00, into account #1119 of MC Remodeling at TD Bank. |

| 31. | 5,10, 11, 12, 13, 20 | Charging Order, Subsequent Motions to Enforce | 04/25/2022 | On Apil 25, 2022, the court enters a Charging Order, requiring any distributions due to Debtor from Moorestown Construction, LLC be made to the Geertgens prohibiting transfers of assets; prohibiting disguised payments to Debtor; requiring disclosure of financial affairs of the company (the "Charging Order"). Debtor contests the motion, claiming no ownership in the company Moorestown Construction, LLC. Court finds Debtor is owner, incorporates finding into the Court's order. Moorestown Construction, LLC does not comply. |
|-----|----------------------|-----------------------------------------------|------------|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| 32. | 26, 27, 28 | Malik Certifications | 09/29/22, 11/29/22, 12/06/22 | As a result of the Charging Order, Debtor advises the Court and the Geertgens that Moorestown Construction, LLC is not owned by him, then no longer in operations, but he continues those operations, first through Moorestown Construction, LLC, and then later through MC Remodeling, LLC, as detailed below. |
| 33. | 45, 55 | TD Bank Records | 04/25/2022 | After the Charging Order was entered, in the period between April, 2022 and September, 2023, Moorestown Construction deposited over $800,000 into the accounts of MC Remodeling Corp., effectively operating its financial affairs by transfer of funds and/or customer contracts through the "MC Remodeling" companies owned by Debtor's son. These include the checks paid by the Myers and the Prolls. |
| 34. | 50, 64 | Title for Truck, 341 Mtg. Pt 1 T8:14-18(truck sale sole income since Spring, 2022) | 05/03/2022 | On May 3, 2022, Moorestown Construction, LLC disregards the Charging Order, and transfers title to Ford F250 Pickup Truck to MC Remodeling LLC. No proof of payment has ever been produced. If such payments were made, Moorestown Construction, LLC did not receive payment. |

| 35. | 38, 39, 58 | Ric Malik Dep. Photographs, Tax Return 2021, Financial Statements 2021 listing assets | May, 2022 and thereafter | Both physical equipment and intangible assets utilized by Moorestown Construction, LLC to operate its business become the assets of MC Remodeling, LLC, in an apparent violation of the Charging Order's prohibition on transfer of assets and disguised payments to Debtor.  Equipment listed on 2021 year end financials at a value of $69,186 become the assets of MC Remodeling, LLC. |
|-----|-----------|---------------------------------------------------------------------------------------------|----------------------------|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| 36. | 55, 70. | Van Tijn Facebook Review | June, 2022 | Richard Gilligan and Judy Van Tijn hire Moorestown Construction, LLC for water heater replacement and other repairs, and post a favorable review of Moorestown Construction, LLC and Mr. Malik on the company's Facebook page.  Their checks, #1034 for $2,702, #1035 for 805.00, and #1037, for $3,875.20, are deposited into the bank account #1119 of MC Remodeling at TD Bank. |
| 37. | 55 | TD Bank Records | May, 2022 and thereafter | Debtor and his wife utilize the bank accounts of MC Remodeling Corp to satisfy their personal living expenses. |
| 38. | 47-49 | Proll Contract and Payment Records | 07/12/2022 | The business of Moorestown Construction, LLC continues.  On July 12, 2022, John and Catherine Proll ("Proll") of 648 Lippincott Avenue in Moorestown, NJ enter into a contract with Moorestown Construction, in the amount of $221,785, for construction of an addition to their home.  The Charging Order remains in effect. |
| 39. | 48 | Proll Contract and Payment Records | 07/12/2022 | The Prolls issue a check to "Moorestown Construction" for $10,000 as a deposit for the project at their home. |
| 40. | 55 | TD Bank Records | 07/20/2022 | Moorestown Construction, LLC deposits the Prolls' check # 3009 into bank account #1119 of MC Remodeling Corp. at TD Bank, rather than depositing to its own account at Republic Bank. |

8

| 41. | 25 | Debtor's Certification dated August 18, 2022 | 08/18/2022 | With the Proll project just about to begin, Debtor submits to the Geertgens a response to document request claiming that he works for Moorestown Construction but does not own the company, denies that he has any bank accounts, identifies a debt to his brother in the amount of $50,000 (the "Jack Malik Loan"); and supplies a drivers' license with his address shown as 20428 West River Road, Grand Rapids, Ohio. Proll documents are not supplied. |
| --- | --- | --- | --- | --- |
| 42. | Br Dkt, 24 | Debtor's Petition, BR Dkt #1, compare Information Subpoena Response 3/16/22 | | In Debtor's petition, he now identifies the Jack Malik Loan as a debt in the amount of $150,000, increasing it from the $50,000 reported in the August 18, 2022 certification.  No proof provided.  Debtor now claims that it is over seven years old, raising a serious question about the validity of the amount listed in the petition, as against the amount certified in 2022.  Jack Malik makes no claim in the bankruptcy. |
| 43. | 6 | Order of 8-24-22 | 08/24/2022 | Following Debtor's submission of unresponsive and incomplete information in the State court collection proceedings, on August 24, 2022 the State Court orders Ric Malik to appear and testify at deposition, and to produce responsive documents at that time. |
| 44. | 66/67 | Deposition Transcript of Debtor Ric Malik T7:18-19 (no income); T16;18-24 (no income) T17:6-7 (retired) T99 (no income last 2 years) T121 (only a director of MC)  T42:4-24 (refusal to testify) | 08/25/2022 | Debtor appears and testifies at deposition that he is retired, has no source of income for past two years, and does not own Moorestown Construction, LLC.  Only association is as its "Director."  He claims to have transferred Moorestown Construction, LLC but refuses to testify about transfer: ***"you're going to have to get an order to get that out of me"*** because he claims that the transfer constitutes ***private documents.***  Debtor testifies that he has no business records, |

|  |  |  |  | no bank records, no business ownership, no real estate other than 327 Delaware Ave, Delanco.. |
|---|---|---|---|---|
|  |  | Deposition Transcript of 08/25/22 - T66, T117 (no business records)(T107:18-25 (No bank records) T66-7 (no business office); T67, T87, T118 (no business records at home, no other office, no leases) T85-86 (no businesses owned) T101 (no other real estate, no motor vehicle), T115, T118, no future contracts |  | Debtor testifies that he has no business records at any location, no bank records, no checks written in past year, no business owned, no real estate other than 327 Delaware Ave, Delanco, no motor vehicle owned. |
| 45. | 49 | Moorestown Township Construction Permits and application for work at Proll home | 09/27/2022 | Debtor's operation of Moorestown Construction, LLC continues.  On September 27, 2022, the Township of Moorestown New Jersey issues construction permits to Moorestown Construction, LLC for its construction project at the home of the Prolls at 648 Lippincott Avenue, Moorestown, New Jersey.  Construction permit correctly notes Federal Tax ID and New Jersey Home Improvement Contractor registration number for Moorestown Construction, LLC, as well as its address, telephone number, and e-mail address, based upon an application signed by the Debtor. |
| 46 | 48 | Proll Invoices | 09/14/2022 | MC Remodeling, LLC begins invoicing Prolls for work, but lists HIC Reg # of Moorestown Construction, LLC on its |

| | | | | invoices, along with logo and company name for "MOORESTOWN CONSTRUCTION" at same phone number.  Address is changed from 310 Mill Street, to 300 Mill Street – both are same premises leased  to Ric Malik, individually. |
|---|---|---|---|---|
| 47. | 53, 52 | HIC Registration for MC Remodeling;  MC Remodeling formation document | 09/29/2022 | Debtor's son, Andrew Malik, as the sole member of MC Remodeling, LLC (a pre-existing but unlicensed company) obtains a home improvement contractor license #13VH12309400 from the New Jersey Division of Consumer Affairs, allowing for it to commence work as a home improvement contractor in the State of New Jersey. |
| 48. | 26 | Certification of Ric Malik dated September 29, 2022 | 09/29/2022 | On September 29, 2022, Debtor certifies to the State Court, in the pending post-judgment collection proceedings, that Moorestown Construction, LLC is not currently performing any work, and that he is not employed.  Debtor fails to disclose Proll project by Moorestown Construction, LLC, for which construction permits were issued just two days prior. |
| 49. | 54 | Alternate Name filing for MC Remodeling | 10/07/2022 | On October 7, 2022, MC Remodeling, LLC (Debtor's son's company) files "Alternate Name" with New Jersey Division of Revenue and Enterprise Services,  authorizing company to do business as "Moorestown Construction." Application certified that trade name has not been used prior to the date of the 10/7/2022 filing. |
| 50. | 48, 54 | Alternate Name Filing, Proll Invoices | | Debtor and his son continue operating Moorestown Construction, LLC but claim company is now Moorestown Construction (actually MC Remodeling, LLC). |
| 51. | 39 | Moorestown Construction, LLC 2021 Financial | 10/11/2022 | On October 11, 2022, Moorestown Construction, LLC, acting through the Debtor, submits financial statements for calendar year 2021 to its accountant John |

| | | Statements | | Votta, who prepares corporate and individual returns for Debtor. Moorestown Construction, LLC lists the balance in MC Remodeling Corp. TD Bank Account # 1119 as a cash asset on its year-end financial statement. |
|---|---|---|---|---|
| 52 | 42 | Proll Construction Permit Records | 10/11/2022 | Work of Moorestown Construction, LLC is ongoing.  Permit records note that foundation inspection is approved at Proll project. |
| 53. | 55 | TD Bank Acct #1119 Records | 10/14/22 | Ric Malik makes $5000 cash withdrawal from MC Remodeling account #1119 at TD Bank |
| 54. | 38, 48, 49 | 2021 Return; 2021 Financials; Proll Contract and Payment Records; Proll Permit Inspection Records, Dep Transcript 1/27/23 T217:5-8 (Directed CPA on filing) | 10/19/2022 | As part of the tax preparation process, Debtor advises his accountant to file a final tax return for Moorestown Construction, LLC. Return is marked "FINAL RETURN" of Moorestown Construction, LLC for filing with IRS. Construction project for the Prolls at 648 Lippincott Ave in Moorestown, NJ continues at the time of the filing. |
| 55. | 7 | Order of 10/19/22 | 10/19/2022 | On October 19, 2022, the State Court enters an order compelling Debtor to produce discovery, including tax returns, disclose financial information in his possession regarding Moorestown Construction, LLC, and compels Debtor's responses at deposition on all matters relating to his income and ownership of Moorestown Construction, LLC. Debtor's motion for protective order denied. |

| 56. | 48, 55 | Bank Records – TD Bank, Proll Payment Records | 10/20/2022 | On October 20, 2022, the Prolls issue checks in the amounts of $23,324.00 and $22,642.00 to Moorestown Construction, LLC for work on their project.  Recipient Moorestown Construction deposits checks into the TD Bank account of MC Remodeling Corp. |
| 57. | 27, 48, 55 | Certification of Ric Malik dated 11/29/22, Proll Payment Records, TD Bank Records | 11/29/2022 | In response to the Court's order compelling production of 10-19-2022, Ric Malik files a certification with the State Court on November 29, 2022. stating that Moorestown Construction, LLC is no longer in existence.  Contrary to this certification, the Proll project is ongoing.  On the same date, Moorestown Township issues approval for framing work at Proll project. |
| 58. | 55 | TD Bank Acct # 1119 | 12/1/2022 | On December 1, 2022, Moorestown Construction deposits check #111 from the Prolls in the amount of $20,000, in to the bank account of MC Remodeling at TD Bank. |
| 59. | 28, 68 | Certification of Ric Malik dated December 6, 2022; Deposition Transcript 1/27/23 T190:7-25. (Debtor is only one who dealt with CPA for tax returns). | 12/6/22 | In further post-judgment proceedings to enforce the Geertgens' rights under the Charging Order, Debtor certifies to the State Court that he has no documents regarding Moorestown Construction, LLC.  In his deposition of January, 2023, he admits that he had financial documents used to prepare the 2021 tax returns, at the time of filing of those returns.  (Doc. 68 T190:7-25). |
| 60. | 55 | TD Bank Records | 12/22/22 | On December 22, 2022, Moorestown Construction LLC deposits check # 3039 from the Prolls in the amount of $20,000 into the bank account of MC Remodeling at TD Bank. |
| 61. | 40, 55 | Votta Letter, Tax Return 2022 | 12/31/2022 | For year-end 2022, Ric Malik files a personal tax return showing $75,000 in Schedule C business income, with sources identified as "various" but no W-2 or |

|  |  |  |  | 1099 income.  He reports no income from his son's business, MC Remodeling, LLC, or from Moorestown Construction, LLC. His accountant prepares a written statement to accompany the return, stating that the return was prepared to include $75,000 gross business income at the direction of Debtor. |
| --- | --- | --- | --- | --- |
| 62 | 64 | 341 Mtg. Transcript T8:14-18 |  | Debtor testifies at 341 Meeting, claims his business was closed in spring of 2022, does not disclose income earned through Moorestown Construction, LLC, including revenues received from Prolls. |
| 63. | 45, 48, | Payment Records for Prolls, Myers, Malik Cert. | 12/31/2022 | Moorestown Construction, LLC files no tax return for 2022, although revenues are earned by Moorestown Construction, LLC for the Myers and Prolls construction projects (and various others) during this year.  Still subject to the disclosure requirements of the Charging Order, Debtor again fails to provide financial information to the Geertgens regarding the company's receipts and finances. |
| 64. | 68 | Deposition Transcript 1/27/23 T134:5-13 (no new income, T136:13-15)(Moorestown Construction did not work in 2022), T156-162, 166, 177, T182-3 (admits ownership of company, claims it no longer exists, admits no transfer made) | 01/27/2023 | On January 27, 2023, Ric Malik testifies at deposition, and claims that he has had no additional income since August, 2022 (when he had claimed no sources of income).  He testifies that Moorestown Construction, LLC did no work in calendar year 2022; but now admits he is the sole member of Moorestown Construction, LLC. In response to direct questions about sources of income, he has not disclosed the source of the $75,000 in income that is ultimately reported on his 2022 tax return. He fails to report that the Proll and Myers contracts alone generated revenue of $295,628 in 2022. |

| | | | | |
|---|---|---|---|---|
| 65. | 67 | Deposition Transcrip 1/27/23 T163 (Company had no assets), T207:9-T211 (Does not know how son got Moorestown Construction assets) | 1/27/2023 | On January 27, 2023, when questioned at deposition about how assets of Moorestown Construction LLC ended up in the possession of MC Remodeling, LLC Debtor claims that he does not know. |
| 66. | 67 | Deposition Transcript 1/27/23 T200:14-17 (may have signed building permit application), T202:17-203:7 (Debtor made contract with Prolls on behalf of son's company) | 01/27/2023 | On January 27, 2023, when questioned at deposition about the work of Moorestown Construction, LLC at the Proll project, Debtor testifies that this is a job of his son's company, and that the construction permits must have been errantly issued by the Moorestown Township Construction office. Finally admits he may have signed application for permits. |
| 67. | 20, 21 | Motion, Certification of Counsel | 02/25/2023 | On February 25, 2023, the Geertgens counsel files a motion to enforce litigants' rights (civil contempt), seeking to impose a constructive trust upon the proceeds of the Prolls project, as well as additional relief for transfer of assets, and sanctions against the Debtor along with an order for arrest for continued noncompliance with the Charging Order disclosure and payment provisions. |
| 68. | 9 | Court Order Dated March 17, 2023 | 03/17/2023 | After Debtor fails to submit opposition to the pending motion to enforce litigant's rights, his counsel seeks a last-minute extension of the hearing date.  The State Court adjourns but enters an order restraining transfer of assets of Moorestown Construction, LLC pending hearing on the Geertgen's motion. |

| 69. | 10 | Court's Order April 6, 2023 | 04/06/2023 | On April 6, 2023, the State Court hears the Geertgens' motion to enforce litigants' rights, and enters an order imposing a constructive trust over proceeds of Proll project and further, enjoining transfer of assets of Moorestown Construction, LLC, compelling an accounting of the Proll project proceeds, requiring financial disclosures (the "Constructive Trust Order"). The Order is not appealed. |
| --- | --- | --- | --- | --- |
| 70. | 10 | Court Order of April 6, 2023 | 04/06/2023 | At the April 6, 2023 hearing on motion for constructive trust, Ric Malik's counsel advises the State Court that he has been terminated as counsel to Ric Malik, but does not file a motion to withdraw and so remains counsel of record. Debtor's opposition does not contest the factual allegations of the motion regarding transfers in violation of Charging Order.. |
| 71. | 10, 11 | Court Order of April 6, 2023, Court Order of 05/06/2023 | 05/06/2023 | Debtor files no accounting, as required to be filed within 30 days, by the Court Order of April 6, 2023. |
| 72. | 21, 11 | Court Order of 05/06/2023 | 05/26/2023 | On May 26, 2023, the Court enters another civil contempt order, imposing sanctions against Debtor for $8,852.50, allowing 14 days for Debtor to enter a substitution of counsel, but none is filed in response. Court denies request for arrest warrant without prejudice, offering Debtor a final opportunity to comply. Court schedules in-person hearing for Debtor to attend. |
| 73. | 55, 57 | Lease; TD Bank Records | 05/26/2023 | Ric Malik signs a 3-month lease for a residence in Vieques PR, with payment made through bank account of MC Remodeling Corp., at TD Bank. |

| 74. | 63/64 | 341 Transcript Pt 1, T8:14-18, T11:25-T12:1-4 | | When Debtor is later questioned at his 341 Meeting about his sources of income prior to his bankruptcy, he does not disclose his access to and use of funds from TD Bank Account, and testifies that he utilized proceeds of the sale of the Ford Truck. |
|---|---|---|---|---|
| 75. | 58 | Ollivier Proof of Service | 06/06/2023 | On June 6, 2023, Private Investigator David Ollivier watches Ric Malik pack the Ford F250 Truck for work, at his home in Delanco, NJ, and he and Andrew Malik travel to a local convenience store, where Debtor meets with his son Andrew in the parking lot. Ollivier attempts to serve Andrew with a subpoena, which Andrew throws on the ground before Andrew and Ric leave and drive away in trucks marked "Moorestown Construction." |
| 76. | 55, 64 | TD Bank Records, 341 Mtg Part 1, T8:14-18, T12:5-11. | 07/03/2023 | Debtor issues an electronic payment to his Vieques Landlord Frank Raday, from the bank account of MC Remodeling.  This source of funds is not disclosed at 341 Meeting, when asked about sources of income and bank accounts. |
| 77. | 48 | Proll Payment Records | 07/01//2023 – 08/22/23 | In early July, 2023, Prolls issue final payment to Moorestown Construction by check for $3,610.00.  The check is not immediately cashed.  MC Remodeling is now represented by counsel, due to a court-ordered subpoena to attend deposition and disclose transfers from Moorestown Construction, LLC.  Counsel admits that turnover is required per the Court's Constructive Trust Order of May 6 2023, but then fails to do so after his client (Debtor's son) fails to respond to repeated requests from counsel by phone, text and email.  The deposition does not take place. |

| 78. | 12,22 | Order for Warrant | 07/10/2023 | State Court enters an order to issue warrant for arrest of Debtor for failure to appear, and failure to provide an accounting, as required by the Constructive Trust Order.  Debtor's counsel is given leave to withdraw.  The Order recites the Court's finding of proper service upon Debtor. |
| --- | --- | --- | --- | --- |
| 79. | 13 | Warrant | 08/10/2023 | On August 10, 2023, the Court issues a warrant for Debtor's arrest. |
| 80. | 36 | Cert. of Dissolution | 09/12/2023 | Debtor signs and files a certificate of dissolution with New Jersey Division of Revenue and Enterprise Services, for Moorestown Construction, LLC, attesting that all assets of the company have been distributed or discarded.  Disposition of assets identified on 2021 tax returns remains undisclosed. |
| 81. | 64, 38, 39 | 341 Mtg Pt. 1, T11-12, 2021 Financial Stmts and Tax Return | | At 341 Meeting, Debtor claims his company had no assets other than the truck that was transferred to his son. Disposition of remaining assets still undisclosed. |
| 82. | 45, 46 | Myers Payment Records and Text message | 09/28/2023 | Debtor exchanges text messages with Myers, asking that they provide a check for $6,000 to Debtor's son Andrew.  They agree to do so. |
| 83. | 40 | 2022 Tax Return | 10/16/2023 | Ric Malik files his personal tax return for 2022, claiming $75,000 in gross revenues from business identified only as "various" but no expenses.  No tax return filed for Moorestown Construction, LLC. |
| 84. | 64 | 341 Meeting Transcript | 11/09/2023 | Ric Malik appears for 341 Meeting, testifies that he has used proceeds from sale of truck as sole source of income for past 6 months, and for travel to Puerto Rico; claims no other source of income besides "odd jobs." |

| 85. | 55, 64, 65 | TD Bank Records Acct #1119, Malik 2004 Transcript | 09/2023 | Bank records from MC Remodeling Corp. on which Debtor remained an authorized signer, show frequent travel expenses for travel to and from Puerto Rico between April and September, 2023, as well as living expenses in Puerto Rico.  Account is not disclosed on Debtor's petition, or in response to discovery requests, or at 341 Meeting |
| --- | --- | --- | --- | --- |
| 86. | 55, 56 | TD Bank Levy Letter | 09/11/2023 | A levy is imposed on bank accounts of MC Remodeling and Debtor at TD Bank, based upon an order issued by the State Court, enforcing the terms of the Constructive Trust Order. 3 |
| 87. | 45, 64 | Myers Payment Records | 09/11/2023 | Anne and Stephen Myers issue a check for $13,470 to Moorestown Construction, but check is not deposited into the TD Bank account of MC Remodeling, LLC, or the Republic Bank account of  Moorestown Construction, LLC.  Neither Debtor nor his son have disclosed disposition in discovery.  Debtor does not disclose at 341 Meeting. |
| 88. | 50, 67 | Malik 9/27/23 Letter issued in Bankruptcy Proceeding; Malik Dep. 8/25/22 T101:19-23 (no vehicle owned) | 09/27/2023 | In a letter dated September 27, 2023, Ric Malik claims that he had sold his Ford F250 truck to MC Remodeling for $21,000, and was paid $500 to $1000 per week starting from May 6, 2022 until April, 2023.  (But see, Deposition 08/25/22– Debtor testifying no  motor vehicle owned).  The Truck was actually transferred by Moorestown Construction, LLC to MC Remodeling, LLC in violation of the Charging Order, and all proceeds belong to Moorestown Construction, LLC. |
| 89. | BR Dkt #1 | Petition | 10/06/2023 | Date of Debtor's petition filing in this case |
| 90. | 62, 64 | TD Bank Account Statement - Ric Malik Acct # 0123 | 10/27/23 | TD Bank to release levy on personal bank account of Ric Malk ending in 0123, due to notice of bankruptcy.  Account lists Debtor's home address at 20428 West |

| | | 341 Mtg T12:5-12, Malik Dep. 8/25/22 T103 (Ohio DL) | | River Road, Grand Rapids, Ohio at time of his bankruptcy filing. The Ohio account is not disclosed in Debtor's petition, or in response to request for records of bank accounts. Account is also not disclosed in response to requests made at 341 Meeting, or in response to discovery requests. |
|---|---|---|---|---|
| 91. | 33 | Debtor Discovery Responses | 10/31/2023 | Debtor deposits $10,000 into his new bank account in Puerto Rico |
| 92. | 64, 65 | 341 Meeting Transcript | 11/01/23; 12/13/23 | At his 341 Meeting, Debtor testifies as following regarding his income:<br><br>Q. Mr. Malik, what do you do for a living?  A. I'm a carpenter.  Q.  Working for who?  A. Well, I'm trying to get a job here in Puerto Rico, and I'm doing odd jobs right now, so basically for – for homeowners."  T5:8-13 Day 1-11/01/23.<br><br>Q.:  How [have] you live[d] then since 2022 and up to moving to Puerto Rico?  A:  I sold – I sold my truck that I had to my son.  He was paying me – paying me money.  And you know, that's how I saved upon the money to come down here.Day 1-T8:14-18.<br><br>Q.  Is there – are there any changes, in terms of the information being provided in the first meeting, any changes, amendments to the schedules or any additional information that we need to include or update regarding your prior testimony, Mr. Malik?  A:  I don't -- don't think so.  I don't think so.  Day 2-T4:7-14.<br><br>Mr. Chardon Dubois:  If I may --  trustee, he has started a business in Vieques.  That would be the only new information.  Day 2-T4:16-18. |

| 93 | 55 | TD Bank Records Acct # 1119 | 12/05/2023 | Just prior to Day 2 of 341 Meeting, MC Remodeling updates account authorizations with TD Bank, removes Ric Malik as authorized signatory, although accounts are now inactive and no longer utilized. |
| 94. | | Petition, Page 48, Current Monthly Income | 10/06/2023 | Debtor's petition lists $1,823 income in September, 2023, $3,360.00 income in August, 2023, $400 income in May, 2023, no income in April, June, July, 2023. Never amended. |
| 95. | 55, Br Dkt # 30-1 (Filed 2/20/24) | TD Bank Records Acct # 1119 | October, 2023 | TD Bank Account of MC Remodeling shows numerous charges for travel to and from Puerto Rico, restaurant, bar and hotel charges in Puerto Rico, business charges in Puerto Rico; MC Remodeling LLC added as creditor after shown bank records at 2004 Deposition, no records provided regarding claimed loan which is dated only as incurred October, 2023. |
| 96 | 71 | 2004 Production | 02/07/2024 | Debtor produced tax returns for 2004 examination, but omits all Schedule C documents, showing income from business.  (Compare #71 to #38) |
| 97. | 29 | 02/22/2024 Letter Request | 02/22/2024 | On February 22, 2024, the Geertgen's counsel issues a letter request subsequent to Debtor's 2004 examination, requesting certain documents discussed during his testimony:<br><br>• Ford F250 Truck - Disposition<br>• Statements for All Bank Accounts – 3 years<br>• Information regarding debt to Mortgagee GE Capital on Delanco, NJ home<br>• Documents regarding loans from Jack Malik<br>• Records of travel between New Jersey and Puerto Rico in 6 months prior to bankruptcy |

| | | | | |
|---|---|---|---|---|
| | | | | No response is given, leadings to the Court's issuance of this Order To Show Cause. |
| 98. | 30-32 | Discovery Requests in Adversary Proceeding | 11/20/2024 | On November 20, 2024, the Geertgens' counsel serve interrogatories, requests for production, and requests for admissions upon the Debtor in the Geertgens' adversary proceeding. |
| 99. | 30-32 | Discovery Requests in Adversary Proceeding | 11/20/2024 | The discovery requests served upon Debtor are addressed to deficiencies Debtor's petition, and request Debtor provide information required by State court, accounting for business dealings in 2 years prior.  Debtor makes no meaningful response to these requests, except continued claim of no records. |
| 100. | 30-32 | Request For Admissions | 11/20/24 | Discovery requests (Requests for Admissions) served on Debtor included various documents bearing his signature, confirming that he had signed as proprietor of Moorestown Construction, LLC in the context of each of the transactions known to the Geertgens and at issue in the adversary proceeding, as having  violated the Charging Order and Constructive Trust Order prohibiting transfers. |
| 101. | 30-32 | Request For Admissions | 12/20/2024 | Debtor did not respond to the Request For Admissions served on November 20, 2024. |
| 102. | 35 | Order Granting Motion to Compel | 03/10/2025 | The Geertgens file a motion to compel discovery responses, based on lack of any response to the November 20, 2024 requests served in the Adversary Proceeding.  This Court grants motion by order dated 03/27/2025. |

| 103. | 33, 56, 61 | Response to Document Request In Adversary Proceeding, TD Bank Response to Levy, BMO Harris Check | 03/20/2025 | On March 20, 2025, Ric Malik produces documents limited to a driver's license, an electronic filing authorization form, a vehicle title, and pages of raw data exported to Excel from what Debtor contends is his sole personal bank account.  Bank statements not produced, Bank Accounts at TD Bank #0123, and BMO Harris Acct. # 1067 not disclosed. MC Remodeling bank accounts not disclosed. |
| --- | --- | --- | --- | --- |
| 104. | 34 | Deficiency Letter of April 1, 2025 | 04/01/2025 | Geertgens' counsel issue a deficiency letter to Debtor's counsel, detailing the deficiencies in the production -- failure to provide records of the financial activities of business entities not disclosed in Debtor's petition, assets not disclosed in the petition, and business and financial affairs sought and not disclosed in State Court proceedings since November, 2021. |
| 105. | 34 | Deficiency Letter of April 1, 2025 | 04/01/2025 | Deficiency Letter of April 1, 2025, clearly advises counsel that Debtor's interrogatory responses have not been provided. |
| 106. | 10, 11, 12, 13, 23-28 | AP Dkt # 103-104 | 05/19/2025 | Debtor appears at pretrial conference in Geertgens' adversary proceeding.  Claims he is unaware of need to answer interrogatories.  Claims that records of the activity of Moorestown Construction, LLC were withheld from production because previously produced in State Court proceedings.  No such documents were ever produced in the State Court proceedings, which is why the State Court issued an arrest warrant for the Debtor and substantial sanctions.  See # 23 - #28. |
| 107. | 10, 11, 12, 13, 33 | | Current Date | Debtor has never provided a meaningful response addressed to the State Court's requirement for an accounting of cash receipts, or the discovery served in this |

| | | | | matter addressed to the same issues, and based upon discovery requests served and left unanswered, such failure is intentional and intended to hinder the Geertgens' efforts to pursue their claim. |
|---|---|---|---|---|
| 108. | 33, 34, 59, 67 | Deposition Testimony 8/25/22 T101, 114-116 (no Real Estate owned) | Current Date | Debtor has failed to provide information about his ownership or interest in vacant land adjacent to his home in Delanco New Jersey, and owned by an entity known as 325 Delaware Avenue, LLC, for which he executed land transactions as managing member in publicly recorded land documents. Debtor has not identified the land in his petition, or disclosed his interest therein. |
| 109. | BR Dkt | BR Dkt # 126, #71 Tax Returns Supplied inn 2004 Examination | 06/25/2025 | On June 5, 2025, Debtor finally amends his petition to identify his 100% ownership interest in Moorestown Construction, LLC, but fails to provide discovery regarding its financial affairs, and has never complied with State Court orders to disclose all financial documents relating to the company, nor has Debtor accounted for its receipts in 2022. Tax returns supplied at 2004 examination exclude portions listing business income from Moorestown Construction, LLC. |
| 110. | 61 | Check # 3945156224, BMO Harris Bank N.A. #1067 | June 30, 2025 | By subpoena issued to Debtor's New Jersey Landlord, it is disclosed that Debtor maintains a bank account at BMO Harris Bank N.A., Acct # 1067, bearing his account address at 2428 W River Road, Grand Rapids, Ohio. The account is not listed in Debtor's petition, and has not been disclosed in discovery. |
| 111. | 60,67 | Lease Agreement and Check, See also, Debtor's Dep of 8/25/22 T118:20-24 (no leases of space in which you | June 30, 2025 | Debtor's New Jersey landlord discloses that Debtor currently maintains a lease for property located at 300 Mill Street (also known as 310 Mill St.), Moorestown, New Jersey, and that such lease has been in place since 2011 and is paid current. Lease is for commercial space, to be used |

|     |     |              |            |                                                                                                                    |
| --- | --- | ------------ | ---------- | ------------------------------------------------------------------------------------------------------------------ |
|     |     | operate your business) |            | for office and parking purposes.  The lease is not disclosed in Debtor's petition.                       |
| 112 | 72  | Debtor email | 08/11/2025 | Debtor offers to produce discovery in mediation, only if produced in mediation and reviewed under confidential mediation rules. |
| 113 |     |              | 08-11-2025 | Debtor supplies supplemental discovery responses, but supplies no further discovery information or documents        |

## II.    CONCLUSIONS OF LAW

The Geertgens respectfully submits the following proposed conclusions of law, based upon the foregoing facts.

1. Debtor has been under Court Order and other legal obligation to disclose his financial affairs and assets in collections proceedings, in relationship to the Judgment creditors Earl and Tama Geertgens, since collections proceedings commenced in November, 2021. These obligations have included a New Jersey Information Subpoena, asset deposition testimony, the Charging Order requiring disclosure of financial documents of Debtor's company Moorestown Construction, LLC, and the Constructive Trust Order specifically requiring accounting of the company's receipts and transfer of assets, disclosure of its financial records, disclosure of its method of keeping books and records, identity of the individual preparing financial statements for the company, location of business offices, telephone numbers, telephone bills, and contracts for websites.

2. Debtor has an obligation of truthful disclosure in his petition; in his 341 Meeting testimony; in his 2004 examination; and in response to discovery requests served in this case the Geertgens' Adversary Proceeding. Debtor has provided no meaningful responses to the myriad efforts of the Geertgens, to obtain truthful, accurate, and timely information regarding the Debtor's financial affairs.

3. Debtor has, at all times since 2021, provide false information, and secreted his business and financial affairs, in order to avoid collection efforts, and now, in order to avoid liability for doing so and to obtain the benefits of a discharge. He does not meet the standards for discovery compliance in the Geertgen's Adversary Proceeding, and does not meet the obligations of an honest but unfortunate Debtor, entitled to the protections of this Court.

4. Debtor's claims as to lack of availability of records runs contrary to his own choice to pursue bankruptcy in this forum, far from his homes in both New Jersey and Ohio, and to his ongoing obligations, pursuant to court orders of 2022-2023, for production of the documents at issue. State Court proceedings finally culminated in an order for the Debtor's arrest, due to his purposeful noncompliance and disregard of Court directives regarding production of business and personal financial affairs. This Court should give full effect to such orders, in addressing the Debtor's continuing failure to produce discovery and to account for his finances before this Court.

5. Debtor has no viable basis to avoid production of records of his finances, because he has been under clear and definite court-ordered obligation to disclose his finances, and those arising from his business pursuits, for several years prior to his bankruptcy.

6. The Geertgens seek relief based upon the Debtor's failure to maintain, disclose and produce information and discovery materials, on the following legal bases:

a.  Obligation of Disclosure in Bankruptcy Case.  Fed. R. Bankr. P. 2004.

b.  Discovery Obligation in Adversary Proceeding. Fed. R. Civ. P. 34, Fed. R. Bankr. P. 7034

c.  Failure to Produce Discovery, Fed. R. Civ, P. 37, Fed. R. Bankr. P. 7037

d.  Failure to Preserve and Maintain records;  11 U.S.C. 727(a)(3)(Count 8 of Adversary Complaint)

e.  Failure to Disclose Loss of Assets; 11 U.S.C. § 727(a)(5)(Count Seven of Adversary Complaint)

f.  False Oaths; 11 U.S.C. § 727(a)(4)(A)(Count Five of Adversary Complaint)

g.  False Claims, 11 U.S.C. § 727 (a)(4)(B)(Count Six of Adversary Complaint)

h.  Bad Faith;  11 U.S.C. § 707.

Relief is appropriately granted, for each of the reasons set forth below.

7.  Debtor has failed to fully and completely disclose his assets and financial affairs within his petition for bankruptcy dated October 6, 2023 (the "Petition"), and such omissions are material to his bankruptcy case.

8.  Debtor has failed to timely or adequately amend his Petition, to properly disclose his assets, income and financial affairs, and such failures are material to his bankruptcy case.

9.  Debtor has pursued bankruptcy relief for the primary purpose of avoiding the collection efforts of one creditor, the Geertgens, and more specifically to avoid injunctions against transfer and contempt orders issued by the New Jersey Superior Court, including an arrest warrant issued for his noncompliance with Court orders, arising from the judgment entered against Debtor in the matter docketed at Superior Court of New Jersey, BUR-L-2561-15, and related relief in the subsequent matter docketed at Superior Court of New Jersey, BUR-L-1741-23 ("State Court Cases").

10. Within his bankruptcy, Debtor has not adequately responded to discovery requests regarding his financial affairs, and such failure is not substantially justified.

11. Within the Geertgens' Adversary Proceeding, Debtor has not adequately responded to discovery requests regarding his financial affairs, and such failure is not substantially justified.

12. Debtor is subject to a judgment entered in Superior Court of New Jersey, on June 12, 2019, in the amount of 257,960.75.  The judgment was not appealed, and no part of the judgment has been paid.

13. The June 12, 2019 judgment against Debtor was amended on June 26, 2023, to include sanctions in the amount of 8852.50, increasing the judgment amount to $266,813.25.

14. The Judgment, as amended, is a final order, entitled to preclusive effect in the Adversary Proceeding.

15. Debtor has not fully disclosed his personal bank accounts, or provided statements from such bank accounts. Debtor has failed to produce bank accounts for accounts held at TD Bank #0123; or BMO Harris # 1067, has never disclosed his access to or accounts statements from the bank accounts of MC Remodeling, including but not limited to TD Bank Accounts #1119, 1101, 9451, and has never provided statements for purported account # 1160 at Banco Popular;.

16. Debtor has an ownership or controlling interest in real property located at 325 Delaware Avenue (now known as 308 Second Street), Delanco, New Jersey ("325 Delaware Avenue). Debtor made a false oath relating to a material fact in his bankruptcy case by failing to disclose his interest in the 325 Delaware Avenue property in his Petition.

17. Debtor has not adequately disclosed his account records regarding the mortgage on his home at 327 Delaware Avenue, Delanco, New Jersey, having failed to provide any loan documents, promissory note, account statement, or other indication of amount due or the terms of such loan, and such documents are deemed to be within his possession, custody or control, by request to the creditor.

18. Debtor made a transfer of a 2015 Ford F250 Truck ("Ford Truck"), owned by Moorestown Construction, LLC, to MC Remodeling, LLC, on May 3, 2022, and that transfer violated an existing Court Order of the New Jersey Superior Court dated April 25, 2022, prohibiting transfers of the assets of Moorestown Construction, LLC.

19. Debtor has made false oaths regarding materials facts in connection with his bankruptcy proceeding, regarding the Ford Truck, including (a) at his 341 Meeting, testifying that the sale of the Ford Truck was his sole source of income from May, 2022 to May, 2023; (b) by correspondence submitted prior to his 2004 Examination, attesting to sale of the truck from his own personal assets rather than from the assets of Moorestown Construction, LLC; (c) submitting documents to the Court that falsely state that New Jersey Motor Vehicle Commission records demonstrate that the truck was sold to his son's company by a Seller other than Moorestown Construction, LLC; and (d) by testimony at his 2004 Examination, stating that he could not recall the owner of the Ford Truck prior to its sale.

20. Debtor produced incomplete documents at his 2004 examination, purporting to be his tax returns for 2020 through 2021, but excluding the portion of the return showing income received from his wholly owned company, Moorestown Construction, LLC, which solely owned company had been intentionally omitted from Debtor's petition.

21. Debtor has not adequately or honestly disclosed his income derived from Moorestown

Construction, LLC for calendar years 2021, 2022 or 2023.

22. Debtor has not adequately or honestly disclosed his income derived from MC Remodeling, LLC for calendar year 2022 or 2023.

23. Debtor has filed false tax returns, or failed to file tax returns, including the following:

    a. In October, 2022, Debtor filed a false tax return for Moorestown Construction, LLC for tax year 2021, stating that it was the "Final Return" for Moorestown Construction, LLC. This 2021 "Final" return was filed after revenues had already been earned by the company in the first ten months of the 2022 calendar year.

    b. Debtor failed to file a tax return for his solely owned company, Moorestown Construction, LLC in 2022, despite the company's receipt of revenues for work performed during that calendar year.

    c. Debtor has failed to file tax returns accurately reporting revenues received by Moorestown Construction, LLC in 2022 or 2023.

    d. Debtor has failed to file any tax return reporting monies received from MC Remodeling, LLC in 2022 or 2023.

    e. Debtor filed a 2022 tax return listing as "Schedule C" gross business income $75,000 derived from sources identified as "various" although his income derived from specific sources, Moorestown Construction, LLC or MC Remodeling, LLC, both of which would have been required to report his income by way of a Form K-1, W-2, or 1099. By doing so, Debtor "hid" the income derived from these entities.

24. In discovery, and in his 2004 examination, and in his 341 Meeting of Creditors, Debtor reported on his sources of income but failed to disclose sources of income identified on his 2022 tax return, listed as "Schedule C" business income derived from "various" sources. Such omission constitutes a false oath regarding a material fact in connection with the bankruptcy case.

25. In discovery, and in his 2004 examination, and in his 341 Meeting of Creditors, Debtor reported on his sources of income but failed to disclose sources of income derived from Moorestown Construction, LLC or MC Remodeling, LLC. Such omission constitutes a false oath regarding a material fact in connection with the bankruptcy case.

26. On April 6, 2023, the New Jersey Superior Court ordered that Debtor had violated the Charging Order, by improper transfer of assets and monies from Moorestown Construction, LLC to MC Remodeling, LLC.

27. The Constructive Trust Order is a final order of the State Court, entitled to preclusive effect in the Adversary Proceeding.

28. Debtor has never provided the accounting required by the Constructive Trust Order, and as found by the State Court in its orders of May 26, 2023 and July 10, 2023, stands in contempt of the terms of the Constructive Trust Order.

29. Debtor has withheld discovery in order to conceal financial matters upon which he had an ongoing obligation to report, starting in November, 2021, and which he now has an obligation to report, and produce records, in order to be entitled to discharge in his bankruptcy.

30. Debtor has withheld discovery in order to conceal financial matters that remain undisclosed in his Petition. Such concealments constitute false oaths relating to a material fact in connection with the bankruptcy case.

31. Debtor has not participated in discovery in the Adversary Proceeding on a meaningful basis, by withholding discovery reasonably available to him, and by demanding that discovery be obtained from third parties, but then subsequently objecting to all attempts to obtain third party discovery.

32. Debtor did not respond to the Request For Admissions served on November 20, 2024, and is deemed to have admitted each.

Based upon the foregoing, the Geertgens respectfully request that the Court dismiss the Debtor's bankruptcy, as proposed within the Court's Order To Show Cause, based on failure to comply with discovery and disclosure obligations within his Petition, subsequent bankruptcy proceedings, and discovery, or in the alternative, sanction Debtor for his failure to make adequate disclosures, and further, order that the Debtor (a) be precluded from producing further evidence at trial; (b) that Debtor shall have the burden of proof to establish that his failure to produce records is justified under all of the circumstances of the case, as to the Geertgens' claim made under 11 U.S.C. § 727(a)(3).

I HEREBY CERTIFY that a true and correct copy of the foregoing has been mailed by e-mail and U.S.First class mail this 18th day of August, 2025, to debtor, RIC F. MALIK, at PO BOX 756, VIEQUES, PR 00765-0756; and with the Clerk of the Court using the CM/ECF System, which will send notification to the CM/ECF participants.

**O'NEILL & GILMORE
LAW OFFICE, LLC**
City Towers, Suite 1701
252 Ponce de León Avenue
San Juan, Puerto Rico 00918
Phone: 787/620-0670
Fax:    787/620-0671
Email:   cpg@go-law.com

By:   **/s/ Charles P. Gilmore**
Charles P. Gilmore, Esq.
USDC No. 209614

**GOLDBERG & WOLF, LLC**
1949 Berlin Road, Suite 201
Cherry Hill, New Jersey 08003
Phone: 856-651-1600
Fax:    856-651-1615
Email:   wwolf@goldbergwolf.com

By:   **/s/ Warren S. Wolf**
Warren S. Wolf, Esq.
Co-counsel admitted Pro Hoc Vice

**Legend of Corporate Entities**

R. Malik Construction, LLC
Sole Member:  Ric Malik
Formed:  October 11, 2006
Status: Revoked, no annual reports filed since 2016

Moorestown Construction, LLC
Sole Member:  Ric Malik
Formed:  April 21, 2016
Status:  Dissolved but not terminated, assets distributed, filed September 12, 2023
Home Improvement Contractor License No. 13VH09384700 issued March 22, 2017, Expired
March 31, 2023
Documents #:36, 41

MC Remodeling Corp.
Sole Shareholder:  Andrew Malik
Formed:  April 22, 2012
Status:  Dissolved prior to commencement of business, on July 13, 2012
Documents # 51

MC Remodeling, LLC.
Sole Member:  Andrew Malik
Formed:  July 16, 2012
Status:  Active
Home Improvement Contractor License No. 13VH12309400 issued September 28, 2022
Home Improvement contractor License Alternate Names Registered:  None
Alternate name Registration:  Moorestown Construction on October 7, 2022
Documents # 52, 53, 54

## Legend of Bank Accounts

TD Bank:  #0123
Owned by:  Ric and Karen Malik
Acct Address:  20428 West State Rt 65, Grand Rapids OH 43622, as of September, 2023
Authorized:  Ric F. Malik, Karen S. Malik
Status:  inactive

Republic Bank:  # 16540
Owned by:  Moorestown Construction, LLC
Account Address: 300 Mill St., Moorestown, NJ
Authorized:  Ric F. Malik, Karen S. malik added 08/11/2021
Status:  inactive

TD Bank # 1101, 1119, 9451
Owned by MC Remodeling Corp.  (defunct entity)
Authorized signers:  Andrew Malik, Ric Malik, Karen Malik through 12/2023
Status:  inactive following levy

Banco Popular
Owned by:  not disclosed
Acct:  1160
Authorized signers:  undisclosed
Status: undisclosed

BMO Harris N.A. # 1067
Owned by:  Ric Malik
Acct Address:  20428 W River Road, Grand Rapids, OH 43622
Account Information:  undisclosed

## DOCUMENT LIST

**A.      ORDERS – THIS ORDER TO SHOW CAUSE**
1.   Order To Show Cause dated 02-19-25 (BR Dkt # 53)
2.   Order And Notice dated 04-22-25 (BR Dkt # 94)
3.   Order and Notice dated 07-07-2025   (BR Dkt # 147)

**B.      ORDERS – STATE COURT**
4.   Order for Final Judgment, Superior Ct of NJ, & Amendment 6/28/23
5.   Charging Order dated April 25, 2022
6.   Court Order dated 8-24-22, compelling Ric Malik to appear for deposition
7.   Court Orders (2) dated 10-19-22, compelling Malik discovery, testimony, denying protective order
8.   Court's order dated 12-02-22 compelling production, ordering continued deposition, sanctions against Debtor
9.   Court's Order dated 03-17-23 restraining transfers from Moorestown Construction, LLC
10.  Court's Order dated 04-06-23 imposing constructive trust and other relief
11.  Court's Order dated 05-26-23 imposing sanctions for failure to provide accounting and other relief, denying arrest warrant without prejudice
12.  Court's order dated 07-10-23 granting Arrest Warrant, relieving Counsel
13.  Warrant for Arrest of Debtor dated 08-10-23

**C. STATE COURT DISCOVERY REQUESTS AND MOTIONS**
14.  Post-Judgment Information Subpoena to Ric Malik, 11-28-21
15.  Geertgens' motion to enforce litigations rights #1, 02-19-22
16.  Geertgens' motion for charging order, 2-23-22;  Charging Order dated 4-25-22
17.  Geertgens' motion to compel deposition testimony, 06-24-22
18.  Geertgens' motion to compel discovery, 09-20-22
19.  Geertgens' motion to compel discovery, 11-14-22
20.  Geertgens motion to enforce litigants rights, dated 2-27-23
21.  Certification of Geertgens' Counsel in support of motion to enforce litigants' rights, imposing constructive trust and sanctions, dated 02-27-23, exhibits omitted
22.  Geertgens' motion to enforce litigants rights, dated 05-09-23
23.  Malik response to Information Subpoena dated December 2021 (Response to #14)
24.  Malik response to Information Subpoena dated March 16, 2022 (Response to #14)
25.  Ric Malik Response to Documents Request Dated 08-18-22 with Notice Request
26.  Ric Malik Certification dated 09-29-22
27.  Ric Malik Certification dated 11-29-22
28.  Ric Malik Certification dated  12-6-22, certificate of completeness

**D. DISCOVERY REQUESTS AND CORRESPONDENCE – BANKRUPTCY COURT**
29.  2004 Examination Document Request dated 02-22-24 and response by Debtor (unsigned)
30.  Request For Admissions – Adversary Proceeding dated 02-20-24
31.  Request for Production of Documents – Adversary Proceeding dated 02-20-24
32.  Interrogatories – Adversary Proceeding dated 02-20-24
33.  Debtor's Discovery Responses
34.  Deficiency Letter to Debtor dated 04-01-25
35.  Court's Order compelling discovery dated 3-20-25

**E. MOORESTOWN CONSTRUCTION LLC AND PERSONAL TAX RECORDS**
36. Moorestown Construction, LLC, formation and dissolution filings
37. Moorestown Construction, LLC Subchapter S Filing, Tax ID Assignment
38. Tax Returns, Ric Malik and Moorestown Construction, LLC – 2021
39. Moorestown Construction, LLC 2021 Year End Financial Statements for Tax Returns 10-11-22
40. Ric Malik 2022 Tax Return, with Accountant disclaimer letter
41. Moorestown Construction, LLC Home Improvement Contractor License Information
42. Moorestown Construction, LLC Republic Bank Account Records

**F. PROJECT AND ASSET RECORDS – MOORESTOWN CONSTRUCTION LLC**
43. Anne and Stephen Myers Contract with Moorestown Construction, LLC, 8-10-21
44. Anne and Stephen Myers construction permits for Moorestown Construction, LLC, 11-12-21
45. Anne and Stephen Myers Payment Records
46. Text message – Myers – Debtor asks Myers to deliver two $6000 checks to his son
47. Joe and Catherine Proll Contract with Moorestown Construction of 7-12-22
48. Joe and Catherine Proll Payment Records to Moorestown Construction
49. Joe and Catherine Proll Construction Permits and application, Moorestown Construction, LLC, 9-27-22
50. Ford F250 Truck owned by Moorestown Construction, LLC, Title Transfer to MC Remodeling LLC, dated 5-3-22

**G. MC REMODELING CORP AND LLC RECORDS**
51. MC Remodeling Corp. Certificate of Incorporation 4-22-2012; Status report of dissolution before commencing business dated 7-13-2012
52. MC Remodeling LLC formation document; corporate status report
53. MC Remodeling LLC Home Improvement Contractor license dated 9-29-22
54. MC Remodeling LLC alternate name filing dated 10-07-22
55. MC Remodeling Corp. TD Bank Account Records
56. TD Bank Response to Levy Request

**H. DEBTOR – RIC MALIK**
57. Debtor's 3-month lease for property in Puerto Rico
58. Certification of Investigator – 6-6-23
59. Documents regarding 325 Delaware Ave LLC and 325 Delaware Ave (308 Second St)
60. Debtor's current lease of property at 300 Mill Street, Moorestown, New Jersey
61. BMO Harris Bank Check, Accounts # 1067, undisclosed account on undisclosed lease
62. TD Bank Account Records, Debtor's undisclosed account # 0123
63. Email from Debtor proposing to produce discovery in confidential mediation

**I. TRANSCRIPTS**
64. 341 Meeting of Creditors Transcript, Part I
65. 341 Meeting of Creditors Transcript, Part II
66. 2004 Examination Transcript 2-7-24
67. Ric Malik Deposition Transcript 8-25-22
68. Ric Malik Deposition Transcript 1-27-23

**J. MISCELLANEOUS**
69. Facebook Page and Review – Moorestown Construction, LLC
70. Tax Returns produced in 2004 Examination
71. R. Malik Construction HIC License Information