UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

IN RE:
RIC F. MALIK, Debtor
Case No. 23-03241-ESL7
Chapter 7

EARL GEERTGENS and TAMA GEERTGENS,
Plaintiffs,
vs.
RIC F. MALIK,
Defendant.

Adv. Proc. No. 24-00015-ESL

*RECEIVED AND FILED
PRO SE UPLOAD TOOL
08/19/2025 - 09:11 P.M.
USBC
(WRT)*

## DEBTOR'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Debtor, Ric F. Malik, appearing pro se, respectfully submits the following Proposed Findings of Fact and Conclusions of Law in response to Plaintiffs' Proposed Findings (Doc. #163):

## I. FINDINGS OF FACT

1. The Superior Court of New Jersey entered judgment against R. Malik Construction LLC in 2019. This judgment was final prior to the Debtor's bankruptcy filing on October 6, 2023 (Case No. 23-03241-ESL7).

2. Plaintiffs thereafter filed duplicative litigation in 2023 (BUR-L-1741-23) against the Debtor and related parties. Proceedings as to the Debtor have been stayed by operation of 11 U.S.C. § 362.

3. Debtor has fully complied with this Court's orders, including clarification of pro se status and certification of service address. (See Order dated March 27, 2025, Dkt. #72).

4. Plaintiffs' proposed findings (Doc. #163) rely on contested allegations and omit material facts, including Debtor's compliance with Court directives and Plaintiffs' own delays in discovery.

5. Discovery deadlines in this case have been extended at least twice (see Dkt. #77 and Dkt. #87). These extensions were largely due to Plaintiffs' incomplete production of discovery materials.

6. Debtor has made good faith efforts to comply with all orders despite his pro se status and residence in Vieques, Puerto Rico, which imposes logistical burdens.

7. Plaintiffs benefitted from substantial construction services worth far in excess of the deposit tendered. Allowing them further recovery beyond the 2019 judgment would result in inequitable enrichment.

## II. CONCLUSIONS OF LAW

1. **Res Judicata and Collateral Estoppel:** Plaintiffs' claims stem from the same 2015 construction contract and 2019 judgment. Federal preclusion doctrines bar re-litigation of matters that were or could have been raised in the prior case. The Superior Court of New Jersey, in entering judgment in 2019, made no finding of fraud against the Debtor. To the contrary, the judgment was limited to contract and collection issues. Because no fraud was established in the prior case, Plaintiffs cannot relitigate or bootstrap a fraud finding here under the doctrines of res judicata and collateral estoppel.

2. **Automatic Stay (11 U.S.C. § 362):** All post-petition litigation activity by Plaintiffs in New Jersey courts is void as to the Debtor. Only this Court may determine dischargeability.

3. **Failure to State a Claim:** Plaintiffs' objections to discharge under 11 U.S.C. §§ 523 and 727 rely on conclusory allegations and lack the specific factual support required by Rule 9(b) and applicable standards.

4. **Equitable Principles – Unjust Enrichment:** Plaintiffs obtained the benefit of construction services while seeking duplicative financial recovery. Bankruptcy law does not permit creditors to secure windfall recoveries at the expense of the debtor's fresh start.

5. **Rule 7052 / Fed. R. Civ. P. 52:** Findings of fact must be based on evidence in the record. Unsupported assertions in Plaintiffs' proposal, including tax treatment claims without documents, should be disregarded.

---

## III. RELIEF REQUESTED

Debtor respectfully requests that this Court:

1. Adopt the foregoing Findings of Fact and Conclusions of Law;

2. Reject Plaintiffs' Proposed Findings (Doc. #163);

3. Proceed toward entry of discharge in Debtor's favor.

---

## IV. TARGETED REBUTTAL TO PLAINTIFFS' PROPOSED STATEMENTS

### A. Residency / Addresses / Accounts

1. Debtor's historical Ohio mailing address and an old Ohio driver's license are not evidence of current domicile and were used for banking mail only. Any bank account once associated with that address is inactive/closed and had de minimis or no balances during the petition period. Any omission was inadvertent and cured via amendment; there is no evidence of fraudulent intent.

2. The alleged commercial lease at 300/310 Mill Street in Moorestown is not a residential lease, is not property of the estate, and is not an asset. Debtor has no present possessory interest that

    yields value to the estate; to the extent any office use ever existed, it was incidental to now-defunct operations and/or third-party use.

### B. Moorestown Construction, LLC (MCLLC) / Corporate Form

3. Plaintiffs' "legend" of entities conflates distinct persons and entities (e.g., MC Remodeling, LLC owned by a third party). No finding of alter ego, veil piercing, or fraudulent transfer has been made in this Court.

### C. State Court Orders / Preclusion

4. The New Jersey "constructive trust" and related enforcement orders were interlocutory collection tools; they did not adjudicate nondischargeability or fraud under the Bankruptcy Code, and they are not preclusive on discharge/dischargeability. Bankruptcy discharge and §727/§523 issues are exclusively for this Court.

5. To the extent any orders issued prepetition, they were stayed as to the Debtor upon the Chapter 7 filing. Plaintiffs cannot bootstrap state collection orders into a per se denial of discharge.

### D. Discovery / 2004 Exam / RFAs

6. Debtor has produced documents in good faith and supplemented as resources permit; any gaps reflect practical limits of a small pro se debtor, not concealment. Debtor stands ready to supplement narrowly tailored, proportional requests.

7. Requests for Admission served while Debtor was pro se and amid shifting deadlines should not be used as a "gotcha." If any items were deemed admitted for lack of a timely response, Debtor moves to withdraw them under Rule 36(b) (made applicable by Rule 7036) because withdrawal will promote a decision on the merits and Plaintiffs will not be prejudiced.

8. Plaintiffs' proposed evidence-preclusion sanction and burden-shifting under §727(a)(3) are extreme and unwarranted. The record shows ongoing participation; there is no willful noncompliance.

### E. Materiality and Intent

9. Any omissions (e.g., dormant accounts, defunct leases, legacy licensing records) are immaterial to the estate and were not made knowingly and fraudulently. There is no evidence of intent to hinder, delay, or defraud; at most, inadvertent errors promptly cured.

---

## V. REQUESTED ADDITIONAL FINDINGS

### A. Good Faith and Proportionality

10. Debtor has acted in good faith as a pro se litigant. The Court should apply proportionality in discovery and reject punitive sanctions that would deny a fresh start without clear, convincing evidence of fraudulent intent.

### B. Clarification on Tax Treatment

11. Plaintiffs have asserted, without producing any supporting document, that Moorestown Construction, LLC elected Subchapter S status and that K-1 forms should exist. Debtor denies knowledge of any such election or the existence of any Schedule K-1s. No Schedule K-1 has ever been produced in discovery or filed in evidence, and Plaintiffs' claim rests on speculation without foundation.

12. Debtor's personal tax returns therefore contain no pass-through K-1 entries, and the absence of a Schedule C simply reflects that no sole proprietorship income was reported. Moorestown Construction, LLC was inactive and later dissolved before the bankruptcy filing. Accordingly, there were no active operations generating income that would require either a Schedule C or a K-1, and Plaintiffs' argument on this point lacks evidentiary basis.

### C. Absence of Fraud Findings in State Court

13. The Superior Court of New Jersey did not find fraud by the Debtor in the 2019 judgment. The state proceedings addressed only contract claims and collection remedies. Plaintiffs' attempt to recast those proceedings as fraud is unsupported and contradicted by the state court record.

### D. Limitations of State Orders

14. The state constructive trust and enforcement orders do not resolve dischargeability or create nondischargeable liabilities; those issues are reserved to this Court and remain unproven by Plaintiffs.

### E. RFAs and Sanctions

15. Any deemed admissions should be withdrawn to allow adjudication on the merits; any sanction should be tailored and non-dispositive, if any at all.

---

## VI. PROPOSED ORDER (SHORT FORM)

IT IS HEREBY ORDERED that:
(1) Plaintiffs' Proposed Statements of Fact and Conclusions of Law are REJECTED;
(2) the Court ADOPTS Debtor's Proposed Findings of Fact and Conclusions of Law;
(3) any deemed admissions under Rule 36 are WITHDRAWN in the interest of adjudication on the merits;
(4) discovery shall proceed, if needed, on a narrowly tailored and proportional basis limited to assets or records reasonably likely to benefit the estate within the §727/§523 frameworks;
(5) Plaintiffs' unsupported factual assertions regarding Moorestown Construction, LLC's tax treatment are disregarded for lack of evidentiary foundation; and
(6) the case shall proceed toward discharge.

---

Respectfully submitted,
Dated: August 19, 2025

/s/ Ric F. Malik
Ric F. Malik, Pro Se Debtor
756 Vieques, PR 00765
Email: ricmalik3@gmail.com
Phone: 787-530-7799

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of August 2025, a true and correct copy of the foregoing Debtor's Proposed Findings of Fact and Conclusions of Law was filed using the Court's CM/ECF system, which will send notification to all counsel of record. In addition, service was made via U.S. Mail and/or electronic mail upon the following:

Warren Wolf, Esq.\ Goldberg & Wolf, LLC\ 1949 Berlin Rd, Suite 201\ Cherry Hill, NJ 08003

Office of the United States Trustee\ Ochoa Building\ 500 Tanca Street, Suite 301\ San Juan, PR 00901-1922

Dated: August 19, 2025

/s/ Ric F. Malik\ Ric F. Malik, Pro Se Debtor

# Exhibit A – Consolidated Chart of Plaintiffs' Proposed Findings (Doc. #163) and Debtor's Rebuttals

**Introductory Note**

Plaintiffs' Proposed Findings (Doc. #163) contain numerous overlapping and duplicative allegations. Many are phrased in multiple ways to create the appearance of numerous distinct issues. In substance, however, these allegations reduce to a handful of categories under 11 U.S.C. §§ 523 and 727: (1) alleged concealment of property or accounts, (2) alleged false oaths or omissions, (3) alleged failure to keep records, (4) allegations of intent to hinder or defraud, and (5) reliance on state court judgments or constructive trust orders.

The following chart consolidates Plaintiffs' repetitive points into these core categories and provides Debtor's rebuttal. This approach avoids unnecessary duplication and focuses the Court's attention on the material issues.

| Plaintiffs' Proposed Statement (Doc. #163) | Debtor's Rebuttal / Clarification |
|---|---|
| Debtor failed to list Ohio address and concealed bank accounts. | Ohio address was historic mailing only. Bank accounts inactive/closed with negligible balances. Omission was inadvertent and cured via amendment. No fraudulent intent. |
| Debtor had a leasehold interest at 300/310 Mill Street, Moorestown. | Lease was commercial, not residential. No possessory or economic value. Any office use was incidental, tied to now-defunct operations. Not an estate asset. |

| **Plaintiffs' Proposed Statement (Doc. #163)** | **Debtor's Rebuttal / Clarification** |
|---|---|
| Debtor omitted Schedule C income from Moorestown Construction, LLC. | MCLLC was not a sole proprietorship; any income would flow through S-Corp K-1. No K-1 has ever been produced. LLC was dissolved pre-petition. Plaintiffs' claim speculative. |
| Constructive trust orders in New Jersey prove fraud/nondischargeability. | State constructive trust orders were collection devices, not fraud findings. They are not preclusive in bankruptcy. Dischargeability is exclusively this Court's role. |
| Requests for Admission were deemed admitted, binding Debtor. | Admissions arose only due to timing issues while pro se. Debtor moves to withdraw under Rule 36(b). Withdrawal promotes adjudication on the merits, no prejudice to Plaintiffs. |
| Debtor failed to cooperate in discovery, warranting sanctions under §727(a)(3). | Debtor has complied in good faith, produced documents, and faced logistical limits from pro se status and Puerto Rico residence. No evidence of willful concealment. |
| Omissions and inconsistencies show intent to hinder and defraud. | Any errors were inadvertent, immaterial, and corrected. No clear or convincing evidence of fraudulent intent exists. |