**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In Re: | Case No. 23-03241-ESL7 |
| RIC F. MALIK., | Chapter 7 |
| Debtor. | |

**SUMMARY OF PLENARY PROCEEDINGS
BY CREDITORS, EARL AND TAMA GEERTGENS**

TO THE HONORABLE COURT:

COMES NOW, creditors Earl Geertgens and Tama Geertgens ("the Geertgens"), represented by the undersigned legal counsel, respectfully submit the following, upon conclusion of the plenary hearing held on August 25, 2025. The Geertgens provide the following post-hearing summary:

<u>Plenary Hearing Submissions and Testimony</u>

1. The Court held a plenary hearing on the Court's Order to Show Cause, issued February 19, 2025 (Bankruptcy Case Docket # 53), as to why the Court should not dismiss Debtor's case for failure to comply with discovery obligations.

2. By Order and Notice dated July 7, 2025, (Bankruptcy Case Docket # 147), the Court scheduled a plenary hearing to consider the matters at docket #53, 55, 58, 68, 70, 71, 78, 79.

3. The Court's order at docket # 147 required the parties to file proposed finding of fact and conclusions of law 7 days prior to the hearing, and further required that each finding of fact make reference to either a document to be submitted as an exhibit, or to a witness.

1

4.	The Geertgens made a timely submission.[1] The Debtor did not do so.

5.	On August 20, 2025, without leave of Court, the Debtor made a filing submission of his Proposed Findings of Fact and Conclusions of Law. As recognized by the Court at the hearing, these submissions were in the nature of a rebuttal to the facts submitted by the Geertgens, and failed to cite to any document or witness, per Court requirements.

6.	Although appearing at the plenary hearing as a self-represented litigant, Debtor presented no documents or witnesses, and did not testify on his own account. His presentation was limited to cross-examination of the Geertgens' witness, their New Jersey state court counsel, Karen M. Murray Esq.

Procedural Issues and Scope

7.	At commencement of the hearing, the Court announced that it would consider the pending discovery issues in both the Bankruptcy Case and the Geertgens' Adversary Proceeding at Docket # 24-00015. The Court would not decide substantive issues regarding claims asserted in the adversary complaint for dismissal or denial of discharge.

8.	At the hearing, the Court held that related adversary proceedings were stayed, pending outcome of the matter. The minutes of the proceeding reflect stay of both adversary matters. The Geertgens understand that all pending motions and discovery are stayed in the interim.

---

[1] All references are to the Document List appended to the Geertgens' Proposed Statements of Facts and Conclusions of Law, and documents admitted into evidence at the hearing.

2

Summary of Discovery Issues Arising From 2004 Examination

9. This proceeding had its origin in correspondence issued by Geertgens' counsel to Debtor's counsel, following upon document requests made during the course of a Fed. R. Bankr. P. 2004 examination of Debtor held on February 7, 2024. Doc. D.29. Following conclusion of the plenary hearing, the status of these is as follows.

10. Request # 1. Ford Truck. The Geertgens' counsel presented documents gathered in State Court proceedings, evidencing the fact that the New Jersey State Court had prohibited transfer of assets out of Debtor's company, Moorestown Construction, LLC on April 25, 2022; that the Ford Truck had been titled to Moorestown Construction, LLC at that time; that Debtor transferred the company asset in violation of the Court's order to his son's company, MC Remodeling, LLC; that no proceeds were paid to Moorestown Construction, LLC, and that Debtor later claimed the proceeds of that transfer as his sole source of personal income allowing his relocation to Puerto Rico and purchase of a $6,000.00 vehicle in Puerto Rico. In doing so, Debtor utilized the Ford Truck to demonstrate a means of financial resources, in order to avoid disclosing his true financial resource – monies earned by his company Moorestown Construction, LLC and diverted through MC Remodeling Corp. and/or MC Remodeling, LLC, including bank accounts held at TD Bank N.A., in the name of defunct entity MC Remodeling Corp. Debtor utilized this scheme both in discovery responses, and in his Fed. R. Bankr. P. 341 Meeting of Creditors, to hide significant funds which were utilized as his own personal financial resources. See, Documents B.5, E.42, F.50, G.55, I.64 (Geertgens000587 T8-18), I.66 (Geertgens000614 T39:9-24).

11. Debtor's Response Regarding Ford Truck. Debtor offered no response, no documents and no testimony on this issue. Debtor's story has changed over time, and Debtor has

3

failed to produce discovery including proof of payment, location of proceeds, and documentation of the transaction. He did not address his much more significant sources of income from his business Moorestown Construction, LLC; the diversion of assets to MC Remodeling, LLC, or his attempt to secret these in his bankruptcy proceeding.

12. <u>Request # 2. Bank Account Statements – 3 Years</u>. Debtor produced a document entitled "Export (1)" which purports to be banking data. It does not identify the account referenced, the account holder, the opening or closing balance for any identified period of time, the name of the bank, or the account number. Debtor's written response to document request states "Defendant has already filed bank statements with the Court." D.33 # 18-20. (Geertgens000213). The data offered is unverifiable, of little use in identifying Debtor's financial transactions, and is highly susceptible to editing. Actual statements were again requested by deficiency letter dated April 1, 2025 (D.34, Geertgents000227; Geertgens000231 #18). No statements have been provided. The Geertgens have produced bank documents for two additional bank accounts, both obtained by subpoena and identifying Debtor as account holder, at his home address in Ohio. Neither account is identified in Debtor's petition or schedules, or at his 341 meeting, or in response to discovery requests. See, Doc. H.61 (Geertgens000577)(BMO Harris Bank Account), Doc. H.62 (Geertgens000578). Additionally, the Geertgens provide subpoenaed bank records identifying accounts actually utilized by the Debtor despite court order prohibiting his diversion of fund. (TD Bank Account Doc G.55 Geertgens 000446). The requested discovery has not been produced.

13. <u>Debtor's Response Regarding Bank Statements</u>. Debtor did not offer any testimony or evidence on these issues. He referenced production and filing of "bank statements" although no statements have been produced or filed. Debtor offered nothing to counter the evidence presented on these issues, and did not explain these significant omissions. The evidence

establishes Debtor's meaningful attempts to hide assets and avoid discovery. See, I.63 Geertgens000591 T12:5-11 (Q. Do you have any other bank account anywhere else in or outside the United States? A. No, I – no, I do not.")

14. <u>Item #3: GE Capital Mortgage(s)</u>. Debtor has never supplied documents relating to purported mortgages on his residential home in Delanco, New Jersey, and on neighboring premises at 325 Delaware Avenue, a vacant property adjacent to his home. Debtor has referred the Geertgens to public record of the mortgages, rather than supplying current payment status or promissory note obligations on the debts. See, Document Response # 14,16 at D.33 (Geertgens000213). The mortgages, which are in non-standard lender form with missing data, have admittedly not been paid, but are not in foreclosure. H.59 (Geertgens000558). GE Capital has not appeared in the case. The terms of the indebtedness, and the balances due, if any, remain undisclosed. D.33

15. <u>Debtor's Response Regarding GE Capital Mortgages.</u> Debtor has not addressed these mortgage obligations, which bear his signature, except to state that he has no documents. At the hearing, he offered neither testimony nor documents. Relevant documents are within Debtor's custody and control, if not within his immediate possession. See, 4-1-25 Deficiency letter, at D.34 (Geertgens000230 #14-15). These debts are significant, and should have been disclosed.

16. <u>Request # 3. 325 Delaware Ave – Vacant Lot</u>. At request #3, the Geertgens also requested disclosure of information regarding vacant property located adjacent to the Debtor's home in Delanco, New Jersey, at 325 Delaware Avenue. Nothing was provided in response to this request. At his 2004 Examination, Debtor testified that he did not know the owner of the LLC that owns this property, at any time. I.66 (Geertgens000610-613 T35 – T38). In his responses to

5

requests for production of documents on this property, mortgages, notes and current statements of account, Debtor states that he "has no document other than those publicly available online." D.33 #71-95 (Geertgens000214). Documents publicly available include a partial mortgage, and an easement across the property to his residence at 327 Delaware Avenue dated 2010. The 2010 Easement is signed by Debtor, who handwrote his title as "Member" beside his signature. D.59 (Geertgens559-560). Debtor admits having mortgaged the property for a business debt at the time of the 2010 mortgage, but had no memory of how he ultimately gave up his interest in the company. 2004 Transcript. I.66 (Geertgens000624 T66-T70).

17. <u>Debtor's Response Regarding 325 Delaware Ave</u>. In unsworn testimony, Debtor argued that he gave this lot to his wife 20 years ago. Without proper testimony on this issue, he could not be cross-examined about his prior testimony, claiming not to have known who owned the property or its LLC title holder, or his signature on documents as member of the LLC in 2009-2010. The Debtor clearly has an undisclosed interest in this property, which is not referenced in his petition or schedules, and not disclosed at his 341 Meeting when asked about real estate owned. I.65 (Geertgens000601 T7:14-15 -Q. Any other property that you own? A. No.).

18. <u>Request # 4. Jack Malik Loan.</u> Debtor submitted a subpoena response in 2022 claiming he owed his brother $50,000.00. D.25 (Geertgens000087 #7, 21). He has listed that debt as $150,000 in his bankruptcy petition. In response to the request for documents relating to this debt, nothing has been produced other than Debtors' written statement now claiming that the debt is over seven years old. D.29 (Geertgens000102); Response - D.29 #4 (Geertgens000104). If the loan is more than seven years old, it is unclear how it increased in amount from $50,000 in 2022 to $150,000 in 2023.

6

19. <u>Debtor's Response Regarding Jack Malik Loan</u>. Debtor offered no response by testimony, documents, or argument. Although Debtor amended his petition following the 2004 Examination, he did not amend the amount due on this debt. It appears that the Debtor seeks to overstate his debt, in order to show a negative financial condition. The loan amount proffered is a sham.

20. <u>Request # 5. Debtor's Travel Between Puerto Rico and New Jersey</u>. In response to this request, Debtor's states that "I have not maintained specific records of my travel between Puerto Rico and other states." By request to produce, Debtor was asked to supply "all documents referring or relating to relocation to Puerto Rico as your residence," along with travel records, and documents regarding physical location and cell phone invoices for 180 days prior to bankruptcy filing. D.34 (Geertgens000229). Debtor supplied a Puerto Rico drivers' license, and an unsigned 3-month lease. His document response claims to provide vehicle purchase records, but none have been provided. At the same time, Debtor is now known to maintain a current lease on commercial property in New Jersey; retain his residential home in New Jersey; retain an apparent ownership interest in vacant property adjacent to his home in New Jersey; and maintain more than one bank account at his Ohio address, along with an Ohio driver's license. Doc. 59-62.

21. <u>Debtor's Response as to Travel Records</u>. Debtor provided no document, no testimony, and no argument on this issue. He relies upon his prior production, but has not submitted it to the Court for review. The production is sorely deficient, and if his case is not dismissed, he should be barred from producing any further evidence of travel or relocation to Puerto Rico.

22. <u>Interrogatories</u>. Debtor has never served responses to the Geertgens' interrogatories served upon him in November 2024. These remain outstanding. Debtor was reminded of his obligation to respond by deficiency letter of April 1, 2025, later written correspondence to his counsel, the Geertgens' motion to compel, the Court's order granting motion to compel, and discussion of this deficiency at the May 19, 2025 pre-trial hearing. By submission dated August 11, 2025, Debtor purported to supply "supplemental responses" to four of the interrogatories. See, Adv. Proc. #123, August 11, 2025. These responses add no information, supply no documents, and are not certified. More importantly however, the original interrogatories remain unanswered. Debtor has failed to respond, and by his "supplement" seeks to persuade the Court otherwise.

23. <u>Debtor's Response as to Interrogatories</u>. Debtor did not produce interrogatory responses, and did not address the issue by document or testimony. The discovery remains outstanding. This is a basic discovery obligation. Debtor will not comply.

24. <u>Debtor's Lack of Good Faith Response to Document Requests</u>. Debtor has failed to produce documents addressed to the following list of key requests, relating to his financial status, and his business dealing to the date of his petition. See, doc. D.32. None of these documents have been provided.

    a. Income from any source 2018 – 2023.
    b. Payments received by Moorestown Construction, LLC 2018-2023.
    c. Debit or credit card statements – 180 days prior to petition.
    d. Payments made to judgment creditors.
    e. Business licenses held.
    f. Monies paid to Debtor (by related parties and companies)
    g. Monies paid by Moorestown Construction, LLC (to related parties).

    h. Monies received by Debtor (from related parties).

    i. Transfers with Andrew Malik (corporate or individual).

    j. Transfers with Moorestown Construction, LLC

    k. Transfers Moorestown Construction, LLC to MC Remodeling, LLC

    l. Disposition or Transfers of the assets of Moorestown Construction, LLC

    m. Email and Text communications, including vendors and customers

    n. Websites utilized

    o. Vehicles utilized

    p. Insurance policies (business and personal)

    q. Moorestown Construction LLC financial documents 2021-2023, including

        1. check register

        2. bank statements

        3. invoices issued

        4. general ledger

        5. income statement

        6. balance sheet

        7. expenses

        8. cash receipts

        9. checks issued 2021-2023.

    r. Moorestown Construction, LLC Freshbooks account

    s. Evidence of expenses on Moorestown Construction, LLC 2021 Tax Return

    t. 1099s, W-2s, K-1s, 2021-2023 for Debtor, Moorestown Construction, LLC

    u. Physical location of business records

Debtor has refused to produce records of business ownership, and cell phone account records. Debtor states only that: "Defendant will not provide personal contact information beyond what has already been disclosed." This is a bad faith refusal to provide discovery.

    25. <u>Rule 26 Initial Disclosures</u>. Debtor has also failed to provide Rule 26 initial disclosures addressed to the matters at issue in the Geertgens' adversary proceeding. To the contrary, Debtor addresses only his claim to violation of automatic stay, a claim previously

rejected by this Court. No substantive initial disclosures have been made.

26. <u>Outstanding Discovery</u>. Debtor made several references to outstanding discovery by the Geertgens and their counsel. The Geertgens have never received written discovery requests. Debtor recently served the Geertgens' counsel with a pre-service copy of a subpoena to the Geertgens, but the subpoena has never been served. Debtor also served a Rule 34 document request upon their New Jersey counsel, via regular mail, but that counsel is neither a party to the case subject to Rule 34 discovery, nor counsel of record in the bankruptcy. Debtor sought Court authorization for this document request by referencing counsel as a "party" in his filing made with the Court. The Court issued Debtor's order based upon the incorrect information provided, and a motion to reconsider remains outstanding. No subpoena has been served on New Jersey counsel. No discovery requests have been properly served by Debtor, and none are due or outstanding.

27. <u>Repetitive Motion to Quash</u>. Following upon the plenary hearing, during which the Court announced a stay pending decision on the Order to Show Cause, Debtor filed yet another motion to quash the subpoena of his wife, Karen Malik. This motion has already been decided and denied by the Court on two occasions. It is again supported by non-existent case citations, in apparent violation of the Court's order for disclosure of the use of Artificial Intelligence. (Docket # 131). Most egregiously, it relies upon a manufactured claim to an unreferenced source within the New Jersey State Court case in which the Geertgens hold a judgment, BUR-L-2561-15, and makes the claim that the Court has directed counsel "not to name or add Mrs. Malik as a party to that litigation, as she has no involvement in the claims." This citation is wholly manufactured, and can be found nowhere within the pleadings of that case. This sham attempt to avoid the appearance of Debtor's wife in response to the Geertgen's subpoena, despite her direct involvement in numerous matters at issue, begs for the Court's action.

28. Finally, the Geertgens object to Debtor's numerous post-hearing submissions, which do not address issues beyond those which were, or could have been, raised by timely pre-hearing submission, or at the time of the hearing.

**WHEREFORE**, based upon the foregoing, the Geertgens respectfully request that the Court provide relief as requested within their proposed statements of fact and conclusions of law. Based upon the foregoing, the requests are well supported, and not substantively refuted.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, on this 28th day of August 2025.

**CERTIFICATE OF SERVICES:** I hereby certify that on this same date a true and exact copy of the foregoing has been notified to all registered CM/ECF participants.

**O'NEILL & GILMORE
LAW OFFICE, LLC**
City Towers, Suite 1701
252 Ponce de León Avenue
San Juan, Puerto Rico 00918
Phone: 787/620-0670
Email: cpg@go-law.com

By: /s/ Charles P. Gilmore
   Charles P. Gilmore, Esq.
   USDC No. 209614


**GOLDBERG & WOLF, LLC**
1949 Berlin Road, Suite 201
Cherry Hill, New Jersey 08003
Phone: 856-651-1600
Fax:    856-651-1615
Email:  wwolf@goldbergwolf.com

By: /s/ Warren S. Wolf
Warren S. Wolf, Esq.
Co-counsel admitted Pro Hoc Vice

11