482752
8392

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| IN RE: | CASE NO: | **23-03241-ESL** |
|---|---|---|
| **RIC F MALIK** | CHAPTER: | **7** |
| **Debtor(s)** | | |

**OPPOSITION TO MOTION TO VACATE ORDER**

TO THE HONORABLE COURT:

COMES NOW secured creditor, **MCLP Asset Company Inc.**[1] (hereinafter referred to as "MCLP"), by and through the undersigned attorney, and very respectfully alleges and requests:

1. RIC F MALIK hereinafter will be referred to as "the Debtor".

2. On 10/06/2023, the Debtor filed the instant petition for relief under the provisions of Chapter 7 of the Bankruptcy Code. [Refer to Docket Entry No. 1].

3. MCLP is the holder in due course of a mortgage note in the principal sum of **$272,000.00** bearing interest at **5.000%** per annum (the "Note"). The indebtedness evidenced by the Note is secured by a mortgage executed on **November 13, 2002** (the "Mortgage"). [Refer to Docket Number 34]

4. The Mortgage encumbers the property described (hereinafter the "Property") as follows: 327 DELAWARE AVENUE, DELANCO TOWNSHIP, NJ 08075. [Refer to Docket Number 34]

5. On 4/19/2024, MCLP filed a Motion for Relief from Stay due to the Debtor's default on payments due under the terms of the Note and the Mortgage. [Refer to Docket Number 34]

---

[1] NewRez LLC dba Shellpoint Mortgage Servicing services the underlying mortgage loan and note for the property referenced in this motion for (MCLP).

Case No. 23-03241-ESL
*Opposition*

---

    6. On 05/07/2024, and Order Lifting the Automatic Stay was entered (the "Order"). [Refer to Docket Number 41]

    7. On 7/22/2025, the Debtor filed a Motion for Reconsideration of the Order. [Refer to Docket Number 152]

    8. On 7/23/2025, this Honorable Court entered an Order for MCLP to state its position as to the Debtor's Motion filed on 7/22/2025. [Refer to Docket Number 153]

    9. On 8/12/2025, MCLP filed its Opposition to the Motion for Reconsideration of Order lifting stay. [Refer to Docket Number 156]

    10. On 8/13/2025, the Debtor's Motion for Reconsideration of Order lifting stay was denied. [Refer to Docket Number 157]

    11. On 8/13/2025, the Debtor filed a motion to vacate the order denying the motion for reconsideration. [Refer to Docket Number 159]

    12. On 8/15/2025, this Honorable Court entered an Order for MCLP to state its position as to Debtor's motion requesting to vacate order denying motion to reconsider relief from stay filed on August 13, 2025, order being due by 8/29/2025 (the "Order"). [Refer to Docket Entry Number 160].

    13. On 9/2/2025, MCLP was granted an extension of time to comply with the order at Docket Number 160. [Refer to Docket Number 174]

    14. For the reasons hereinafter setforth, MCLP opposes the Debtor's Motion to vacate order denying the motion for Reconsideration and respectfully requests that the Motion be denied.

**Case No. 23-03241-ESL**
*Opposition*

15. MCLP reiterates its position filed in the Opposition filed on 8/12/2025 at docket number 156.

16. The relief requested by the Debtor is time barred.

17. A motion under Rule 60(b), made applicable under Bankruptcy Rule 9024, must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding. <u>USCS Fed Rules Civ Proc R 60</u>

18. Since the Order granting relief from Stay was entered back on May 7, 2024, more than a year has elapsed and the relief requested by the Debtor is untimely.

19. In addition, contrary to the Debtor's assertions, relief from stay was not sought based on falses pretenses, fraud, misrepresentation or misconduct.

20. At the time of the filing of the Motion for Relief, relief from stay was sought with the purpose of proceeding with all rights and remedies that may be available to MCLP outside of the Bankruptcy Court.

21. In the filed Motion for relief, MCLP specifically requested for an order granting relief from stay in favor of MCLP, enabling MCLP to resume normal servicing of the loan, which may include collections, loss mitigation, and foreclosure activities. MCLP specifically also requested that upon stay being lifted in favor of Movant, Movant be deemed allowed to exercise all rights and remedies with respect to the mortgage loan as well as to the property pursuant to the terms of the note, security instrument, and applicable bankruptcy and non-bankruptcy law. [Refer to Docket Number 34, p. 4 ¶15]

**Case No. 23-03241-ESL**
*Opposition*

22. Consequently, with the filing of a foreclosure action, MCLP has not misled this Honorable Court.

23. As of 08/02/2025, the Debtor had accrued 19 installments in arrears amounting to $50,982.74. [Refer to the reinstatement figures attached hereto as **Exhibit I**].

24. The Debtor's failure to make payments due to MCLP allows MCLP to pursue all rights and remedies available under terms of the loan documents, including but not limited to initiating a foreclosure action.

25. The Debtor is not disputing the monthly installments in arrears, and per the Debtor's own statements, the property has no benefit to the estate.

26. The Debtor's failure to make the payments due to MCLP serves as proof that the Debtor is in default with the loan terms; hence, the underlying reasons for relief from stay being granted remain unchanged.

27. In view of which, MCLP requests that the Order lifting the automatic stay remains in full force and effect and the Motion to vacate the order be denied.

**WHEREFORE**, for the reasons stated herein MCLP requests that the order lifting the automatic stay in the instant case remains in full force and effect and the Debtor's Motion to vacate the order filed on 8/13/2025 be denied.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 5 day of September 2025.

Case No. 23-03241-ESL
*Opposition*

---

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties registered to receive electronic notices in this case.

**MARTÍNEZ & TORRES LAW OFFICES, P.S.C.**
P.O. Box 192938 San Juan, PR 00919-2938
Tel. (787) 767-8244 & Fax (787) 767-1183

*/s/ Sarah M. Vega Bonilla*
By: Sarah M. Vega Bonilla
USDC-PR 303503
Email: svega@martineztorreslaw.com

**Exhibit 1**

Reinstatement Balance - ████████392

## LOAN DETAILS

| | |
|---|---|
| LoanID: | ████392 |
| Due Date: | 1/18/2024 |
| Current Principal Balance: | $166,054.01 |
| Escrow Balance: | ($19,958.46) |
| Unapplied Balance: | $573.52 |
| Late Charge Balance: | $62.11 |
| NSF Fee Balance: | $0.00 |
| Legal Fee Balance: | $12,491.25 |
| Accrual Balance: | $3,677.00 |
| Other Fees Balance: | $43,673.45 |
| Figure Good Thru Date: | 8/2/2025 |

## BORROWER INFO

| | |
|---|---|
| Primary Borrower Name: | MALIK, RIC F. |
| Co Borrower Name: | MALIK, KAREN S. |

## REINSTATEMENT FIGURES

| | |
|---|---|
| Total PITI Payments Due: | $50,982.74 |
| Default Interest Due: | |
| Total Corp Adv/Late/NSF/Atty Fees: | $56,226.81 |
| Unapplied Balance: | ($573.52) |
| Escrow Required: | $0.00 |
| Outstanding FC Fees & Costs: | $0.00 |
| **Total Reinstatement Figure*:** | **$106,636.03** |

*(Total PITI + Fees + Unapplied + Escrow Required + FC Fees & Costs)

The account may not be funded for the coming year

## PAYMENTS DUE DETAIL

| Due Date | Interest Rate | Prin & Int Pmt | Escrow Pmt | Total Payment | Principal Amount | Interest Amount | Principal Bal |
|---|---|---|---|---|---|---|---|
| 1/18/2024 | 5.000% | $1,242.16 | $0.00 | $1,242.16 | $550.27 | $691.89 | $165,503.74 |
| 2/18/2024 | 5.000% | $1,242.16 | $0.00 | $1,242.16 | $552.56 | $689.60 | $164,951.18 |
| 3/18/2024 | 5.000% | $1,242.16 | $0.00 | $1,242.16 | $554.86 | $687.30 | $164,396.32 |
| 4/18/2024 | 5.000% | $1,242.16 | $0.00 | $1,242.16 | $557.18 | $684.98 | $163,839.14 |
| 5/18/2024 | 5.000% | $1,242.16 | $0.00 | $1,242.16 | $559.50 | $682.66 | $163,279.64 |
| 6/18/2024 | 5.000% | $1,242.16 | $0.00 | $1,242.16 | $561.83 | $680.33 | $162,717.81 |
| 7/18/2024 | 5.000% | $1,242.16 | $2,230.93 | $3,473.09 | $564.17 | $677.99 | $162,153.64 |
| 8/18/2024 | 5.000% | $1,242.16 | $2,225.80 | $3,467.96 | $566.52 | $675.64 | $161,587.12 |
| 9/18/2024 | 5.000% | $1,242.16 | $2,225.80 | $3,467.96 | $568.88 | $673.28 | $161,018.24 |
| 10/18/2024 | 5.000% | $1,242.16 | $2,225.80 | $3,467.96 | $571.25 | $670.91 | $160,446.99 |
| 11/18/2024 | 5.000% | $1,242.16 | $2,225.80 | $3,467.96 | $573.63 | $668.53 | $159,873.36 |
| 12/18/2024 | 5.000% | $1,242.16 | $2,225.80 | $3,467.96 | $576.02 | $666.14 | $159,297.34 |
| 1/18/2025 | 5.000% | $1,242.16 | $2,003.11 | $3,245.27 | $578.42 | $663.74 | $158,718.92 |
| 2/18/2025 | 5.000% | $1,242.16 | $2,003.11 | $3,245.27 | $580.83 | $661.33 | $158,138.09 |
| 3/18/2025 | 5.000% | $1,242.16 | $2,003.11 | $3,245.27 | $583.25 | $658.91 | $157,554.84 |
| 4/18/2025 | 5.000% | $1,242.16 | $2,003.11 | $3,245.27 | $585.68 | $656.48 | $156,969.16 |
| 5/18/2025 | 5.000% | $1,242.16 | $2,003.11 | $3,245.27 | $588.12 | $654.04 | $156,381.04 |
| 6/18/2025 | 5.000% | $1,242.16 | $2,003.11 | $3,245.27 | $590.57 | $651.59 | $155,790.47 |
| 7/18/2025 | 5.000% | $1,242.16 | $2,003.11 | $3,245.27 | $593.03 | $649.13 | $155,197.44 |
| | | | Total Payments Due: | $50,982.74 | Count: | 19 | |

**Please add any outstanding foreclosure fees and costs to this reinstatement

**shellpoint.**