# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF PUERTO RICO

IN RE:
RIC F. MALIK, Debtor
Case No. 23-03241-ESL7
Chapter 7

**FILED & ENTERED**
SEP 08 2025
CLERK
U.S. BANKRUPTCY COURT
SAN JUAN, PUERTO RICO

## DEBTOR'S REPLY TO MCLP'S OPPOSITION (DOC. #177) TO MOTION TO VACATE ORDER (DOC. #159)

## INTRODUCTION

Debtor, Ric F. Malik ("Debtor"), pro se, respectfully replies to MCLP Asset Company, Inc.'s Opposition (Doc. #177). MCLP argues that the Debtor's Motion to Vacate (Doc. #159) is time-barred under Rule 60(b), that no fraud or misconduct occurred, and that arrears and lack of benefit to the estate justify the stay relief order.

This Reply separates **federal bankruptcy issues**, which are within this Court's direct authority, from **New Jersey foreclosure law issues**, which demonstrate that MCLP's underlying claim is defective. This Court need not adjudicate New Jersey foreclosure law, but it may properly consider whether MCLP misrepresented the status of its claim and whether relief from stay was improperly based on an unenforceable foreclosure action.

## I. FEDERAL BANKRUPTCY LAW GROUNDS

### A. Fraud on the Court – Rule 60(d)(3) Applies, No Time Limit

MCLP insists relief is time-barred under Rule 60(b). This is incorrect. Rule 60(d)(3), incorporated by Bankruptcy Rule 9024, allows a judgment to be set aside for fraud on the court **"at any time."**

The stay relief order (Dkt. #41) was entered on the false premise that a foreclosure was already pending. In fact, no foreclosure existed in 2024. The foreclosure complaint was not filed until March 7, 2025 (NJ Dkt. F-002663-25). Misrepresenting litigation status to obtain stay relief is fraud on the court and undermines judicial integrity.

> "Fraud on the court is conduct that defiles the court itself and prevents impartial adjudication."
> *Maritime Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1204 (3d Cir. 1991).

## B. Misrepresentation of a "Continuation"

MCLP's April 19, 2024 motion (Dkt. #34) claimed relief was needed to "continue" foreclosure. That was false. The March 2025 complaint shows the foreclosure was a new action, not a continuation. Relief from stay based on this misrepresentation should be vacated.

## C. Estate Benefit and Trustee Authority

MCLP asserts that the property has "no benefit to the estate." While it is true that the property may be over-encumbered and thus of limited value to unsecured creditors, that fact does not excuse MCLP's misrepresentations to this Court or its improper refusal of payments.

The central dispute concerns the servicer's addition of over $42,000 in unexplained "Other Fees" carried from a prior lender. If these unlawful charges are removed, the arrears are substantially reduced, and co-debtor Karen S. Malik has demonstrated willingness to make back payments to reinstate the loan.

Equity therefore favors conditioning or vacating the stay relief order, ensuring that foreclosure cannot proceed until MCLP provides a lawful accounting and complies with federal servicing law and New Jersey foreclosure requirements.

## D. Due Process Defects

In the New Jersey foreclosure, only Karen Malik was served; Debtor was not. Yet MCLP relies on that foreclosure to justify its Opposition. Relief from stay cannot be used to support proceedings initiated without notice or service to the Debtor. A proceeding that excludes a necessary party cannot be relied upon in this Court.

# II. NEW JERSEY FORECLOSURE LAW DEFECTS

Even if this Court declines to vacate on federal grounds, New Jersey law independently demonstrates that MCLP's foreclosure is void and cannot support stay relief.

## A. Statute of Limitations – N.J.S.A. 2A:50-56.1(a)

Default occurred in 2014. MCLP waited until March 7, 2025 to file foreclosure. New Jersey law bars foreclosure actions commenced more than six years after default.

> "An action to foreclose a residential mortgage shall not be commenced following the earliest of: (1) six years from the date fixed for the making of the last payment or the maturity date … (3) twenty years from the date of default."
> N.J.S.A. 2A:50-56.1(a).

The claim is time-barred. MCLP's Opposition is silent on this statute — a concession.

## B. Servicer Misconduct – Refusal of Payments

Karen Malik attempted to tender payments. Shellpoint, MCLP's servicer, refused them. A creditor cannot inflate arrears by rejecting lawful tenders. Refusal to accept payments violates the New Jersey Fair Foreclosure Act and CFPB servicing rules.

## C. Excessive and Unlawful Fees

MCLP claims arrears of $50,982.74, including $42,898.45 in unexplained "Other Fees." These originate from a prior servicer and predate MCLP's involvement. Under N.J. Ct. R. 4:42-9(a)(4), foreclosure attorney's fees are capped. Charges exceeding statutory caps are unlawful and cannot support foreclosure.

## D. RESPA Violations

Karen Malik sent a Qualified Written Request (QWR) under RESPA on March 19, 2025. Shellpoint failed to respond within the statutory period.

> "Not later than 30 business days after the receipt from any borrower of any qualified written request … the servicer shall provide the borrower with a written explanation or clarification."
> 12 U.S.C. § 2605(e)(2).

Their noncompliance renders reliance on disputed arrears improper.

# CONCLUSION

For the foregoing reasons, Debtor respectfully requests that this Court:

1. Vacate the May 7, 2024 order granting relief from stay to MCLP (Dkt. #41); or

2. In the alternative, condition any relief from stay on MCLP's production of an itemized accounting, proof of standing, and compliance with New Jersey foreclosure statutes and RESPA; and

3. Grant such other relief as the Court deems just and proper.

Foreclosure should not be permitted to proceed on the basis of disputed, time-barred, or unlawfully inflated charges.

Movant intends to file a reply to any opposition, requests that the Court withhold ruling until that reply is received, and reserves the right to request oral argument.

Date: September 8, 2025

Respectfully submitted,
/s/ Ric F. Malik
Ric F. Malik, Pro Se Debtor

# CERTIFICATION OF DEBTOR

I, Ric F. Malik, hereby certify under penalty of perjury:

1. No foreclosure case was active in 2024 when MCLP sought stay relief; the foreclosure was not filed until March 7, 2025.

2. Karen Malik attempted to tender mortgage payments, which were refused by Shellpoint.

3. On March 19, 2025, Karen Malik sent a QWR under RESPA; no substantive response was provided.

4. The foreclosure complaint includes over $42,000 in unexplained "Other Fees" originating from a prior servicer.

5. I was never personally served in the New Jersey foreclosure action.

6. I make this certification based on personal knowledge and review of records.

Executed September 8, 2025, in Vieques, Puerto Rico.

/s/ Ric F. Malik
Ric F. Malik, Pro Se Debtor

# PROPOSED ORDER

UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

IN RE:
RIC F. MALIK, Debtor
Case No. 23-03241-ESL7
Chapter 7

### ORDER VACATING ORDER GRANTING RELIEF FROM STAY

Upon consideration of the Debtor's Motion to Vacate Order (Dkt. #159), MCLP's Opposition (Dkt. #177), and Debtor's Reply, and good cause appearing, IT IS HEREBY ORDERED:

1. The Order entered May 7, 2024 (Dkt. #41) granting relief from stay to MCLP Asset Company, Inc. is VACATED.

2. In the alternative, any relief from stay shall be conditioned upon MCLP providing an itemized accounting of arrears, proof of standing, and compliance with New Jersey foreclosure statutes and RESPA.

3. This denial is without prejudice to Debtor's rights and defenses under New Jersey law.

IT IS SO ORDERED.

Dated: _____
San Juan, Puerto Rico


Hon. Enrique S. Lamoutte
United States Bankruptcy Judge

# CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2025, I electronically filed the foregoing Debtor's Reply, Certification, Proposed Order, and Exhibit Index with the Clerk of the Court using CM/ECF, which will send notification to:

- Sarah M. Vega Bonilla, Esq., counsel for MCLP (svega@martineztorreslaw.com)
- Michel Lee, Esq., Knuckles & Manfro LLP (ml@km-llp.com)
- Monsita Lecaroz Arribas, U.S. Trustee (ustpregion21.hr.ecf@usdoj.gov)
- Wigberto Lugo-Mender, Chapter 7 Trustee (wlugo@ecf.axosfs.com)

/s/ Ric F. Malik
Ric F. Malik, Pro Se Debtor

# 5. EXHIBIT INDEX

- **Exhibit A** – Original Motion for Relief from Stay (Dkt. #34)
- **Exhibit B** – Foreclosure Complaint (filed March 7, 2025, NJ Dkt. F-002663-25)
- **Exhibit C** – Qualified Written Request under RESPA (March 19, 2025)
- **Exhibit D** – Shellpoint Statement Showing $42,898.45 "Other Fees"
- **Exhibit E** – Shellpoint Statement from 341 Meeting (August 2023)
- **Exhibit F** – Certified Mail Proof of QWR Service

**Exhibit G – NJ Foreclosure Docket History Showing No Action Pending in 2024**

482752

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| IN THE MATTER OF: | CASE NO: | 23-03241-ESL7 |
|---|---|---|
| RIC F MALIK, | CHAPTER: | 7 |
| Debtor | | |
| NewRez LLC dba Shellpoint Mortgage Servicing as servicer for MCLP Asset Company Inc., Movant, | | |
| RIC F MALIK, KAREN S MALIK, Debtors-Respondents, | | |
| Wigberto Lugo Mender, Trustee | | |

MOTION FOR RELIEF FROM STAY PURSUANT TO 11 U.S.C. 362

TO THE HONORABLE COURT:

   COMES NOW Movant, NewRez LLC dba Shellpoint Mortgage Servicing as servicer for MCLP Asset Company Inc.[1], (hereinafter referred to as "Movant"), through the undersigned attorney, and very respectfully alleges and requests:

   1.   RIC F MALIK hereinafter will be referred to as "the Debtor". KAREN S MALIK is named as co-debtor or co-guarantor and/or co-owner of the property.

---

[1] NewRez LLC dba Shellpoint Mortgage Servicing services the underlying mortgage loan and note for the property referenced in this motion for (Movant). In the event the automatic stay in this case is modified, this case dismisses, and/or the Debtor obtains a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of Movant. Movant, directly or through an agent, has possession of the Note. The Note is endorsed in blank. Movant is the beneficiary or the assignee of the Deed of Trust.

Exhibit B – *Foreclosure Complaint Filed March 7, 2025* (Docket No. F-002663-25)

Demonstrates that the foreclosure was not a continuation but a new action initiated after stay relief was granted.

SWC-F-002663-25  03/07/2025 1:27:09 PM  Pg 1 of 12  Trans ID: CHC202577670

KNUCKLES & MANFRO, LLP
Michel Lee, Esq. - N.J. Attorney ID 024422010
Attorneys for Plaintiff
600 East Crescent Avenue, Suite 201
Upper Saddle River, NJ 07458
(201) 391-0370

| | |
|---|---|
| MCLP ASSET COMPANY, INC.,<br><br>Plaintiff,<br><br>-vs.-<br><br>RIC F. MALIK AND KAREN S. MALIK, HUSBAND AND WIFE; FIRST HORIZON BANK; GE CAPITAL MANAGEMENT LLC; AMERICAN ARBITRATION ASSOCIATION; PETER LIOIA; CHARLES W.C. JOHNSTON T/A POWELLS PLUMBING & HEATING; TAMA GEERTGENS A/K/A TAMI GEERTGENS; EARL GEERTGENS; STATE OF NEW JERSEY,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION<br>BURLINGTON COUNTY<br><br>DOCKET NO.<br><br>CIVIL ACTION<br><br>**COMPLAINT IN MORTGAGE FORECLOSURE** |

MCLP ASSET COMPANY, INC., having its principal place of business as 2001 Ross Avenue, Suite 2800, Dallas TX 75201, the Plaintiff in the above entitled cause, says:

### FIRST COUNT

1. On November 13, 2002, Ric F. Malik and Karen S. Malik executed to SLM Financial Corporation an obligation (the Note) to secure the sum of $272,000.00 payable on November 18, 2032, with the initial rate of interest of 6.3750% per annum, payable by initial payments of $1,696.93 per month for interest and principal. The Note further provides for a late charge of 5.000% for any payment of principal and interest not received fifteen (15) days from the date due.

2. To secure the payment of the aforesaid obligation, Ric F. Malik and Karen S. Malik, husband and wife, executed to SLM Financial Corporation a mortgage (the Mortgage) of even date with said Note, and thereby conveyed to SLM Financial Corporation in fee to the land hereinafter described, on the express condition that such conveyance should be void if payment should be made at the time and times, and in the manner described in said obligation. Said mortgage was dated November 13, 2002 and recorded in the Office of Burlington County Clerk/Register on December 12, 2002 in Book 8740, Page 127. This is not a purchase money mortgage. Plaintiff has the power to enforce the obligation and Mortgage and Plaintiff has designated NewRez LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint") as servicer for the Plaintiff, pursuant to Limited Power of Attorney.

Exhibit C – *Qualified Written Request (QWR) under RESPA*

Sent March 19, 2025, via certified mail. Supports the claim that arrears and fees are in dispute.

Karen S Malik

327 Delaware Ave.
Delanco, NJ 08075
kmalik@comcast.net
609-929-0825

March 19, 2025

Shellpoint Mortgage Servicing
P.O. Box 10826
Greenville, SC 29603-0826

Subject: Qualified Written Request (QWR) under RESPA – Formal Dispute of Foreclosure Fees
& Payment Rejection
Account Number: 0579048392

To Whom It May Concern,

I am writing as the borrower of the above-referenced mortgage loan, which is currently being serviced by Shellpoint Mortgage Servicing. Pursuant to the Real Estate Settlement Procedures Act (RESPA) (12 U.S.C. § 2605(e)), this letter serves as a Qualified Written Request (QWR) regarding:

1. Unlawful refusal to accept my mortgage payments
2. Excessive and disputed foreclosure-related legal fees
3. Loan ownership verification

Additionally, please be advised that Ric F Malik is listed on the mortgage but no longer resides at this property. Furthermore, Ric F Malik is currently in bankruptcy proceedings.

Your refusal to accept payments, coupled with excessive legal fees, appears to be an unfair servicing practice intended to force foreclosure rather than work toward resolution.

---

## 1. Demand for Explanation of Payment Rejection

I have attempted to make payments toward my mortgage obligation, but Shellpoint has refused to accept them. I request a written explanation for this refusal, including:

✔ The specific reason for rejecting my payments
✔ The amount required to reinstate my loan
✔ A full reinstatement quote (excluding disputed fees)

Under New Jersey foreclosure laws and federal regulations, mortgage servicers must act in good faith. Your refusal to accept reasonable payments may be a violation of:

- New Jersey Fair Foreclosure Act (N.J.S.A. 2A:50-53 to 2A:50-68)
- The Consumer Financial Protection Bureau's (CFPB) mortgage servicing rules

Exhibit D – *Shellpoint Mortgage Statement Showing $42,898.45 in "Other Fees"*
Illustrates the undisclosed and unexplained line item referenced in the motion.

# shellpoint
A DIVISION OF newrez

| | |
|---|---|
| MONDAY - FRIDAY: | 8AM - 9PM ET |
| SATURDAY: | 10AM - 2PM ET |

PHONE NUMBER: (800) 365-7107
FAX NUMBER: (866) 467-1187

April 02, 2024

MALIK, RIC F.
327 DELAWARE AVENUE

DELANCO, NJ 08075

Payoff figures have been requested on the loan for the borrower and property described below.

Loan ID:
RIC F. MALIK
KAREN S. MALIK
327 DELAWARE AVENUE
DELANCO TOWNSHIP, NJ 08075
Loan Type: Conventional

When remitting funds, please use our loan number to ensure proper posting and provide us with the borrower's forwarding address. Funds received in this office after 3:00 pm Eastern Time will be processed on the next business day, with interest charged to that date.

This payoff quote is effective 4/2/2024 and is good through 4/2/2024. Any transactions that occur on or after the effective date may change the payoff amount.

| Projected Payoff Date | 4/2/2024 |
|---|---|
| Principal Balance | $167,691.15 |
| Interest To 4/2/2024 | $4,495.93 |
| Fees | $41,244.22 |
| Prepayment Penalty | $0.00 |
| Release Fees | $0.00 |
| Funds owed by borrower | $2,042.89 |
| Funds owed to borrower | $0.00 |
| | |
| Total Payoff | $215,474.19 |
| Per diem | $22.52 |

The next payment due date is 10/18/2023. Payments are made by Billing on a Monthly basis. The interest rate for this payment is 5.00000% and the P & I payment is 1,242.16.

PLEASE CALL THE NUMBER LISTED ON THIS FORM TO UPDATE FIGURES PRIOR TO REMITTING FUNDS AS THEY ARE SUBJECT TO CHANGE WITHOUT NOTICE.

Mailing Address
Shellpoint Mortgage Servicing
75 Beattie Place
Suite LL202
Greenville, SC 29601

4/2/2024

Exhibit E – *Shellpoint's as of August 05,2023 Statement from 341 Meeting.*
Confirms that the charges stem from a 2014 legal billing by a prior servicer, not MCLP.

(No QWR to Date)


**A DIVISION OF newrez**

**DO NOT SEND MAIL OR PAYMENTS TO THIS ADDRESS**
P.O. Box 619063 • Dallas, TX 75261-9063

2-811-28335-0005973-001-1-000-010-000-000


RIC F. MALIK
KAREN S. MALIK
327 DELAWARE AVE
DELANCO NJ 08075-4315

## MORTGAGE STATEMENT
Statement Date: 08/05/2023

| | |
|---|---|
| Account Number | 0579048392 |
| Next Due Date | 08/18/2023 |
| **Amount Due** | **$42,680.75** |

*If payment is received after 09/02/2023, $62.11 late fee may be assessed.*

Phone: 800-539-0315
Website: www.shellpointmtg.com

### Explanation of Amount Due

| | |
|---|---:|
| Principal | $538.95 |
| Interest | $703.21 |
| Escrow (Taxes and Insurance) | $186.26 |
| **Regular Monthly Payment** | **$1,428.42** |
| Total Fees and Charges | $0.00 |
| Overdue Payment | $41,252.33 |
| **Total Amount Due** | **$42,680.75** |

### Account Information

| | |
|---|---:|
| Outstanding Principal | $168,771.29 |
| Interest Rate | 5.0000% |
| Prepayment Penalty | None |
| Property Address: | 327 DELAWARE AVENUE |
| | DELANCO TOWNSHIP NJ 08075 |
| Contractual Due Date: | August 18, 2023 |
| Current Escrow Balance: | -$807.36 |

### Past Payments Breakdown

| | Paid Last Month | Paid Year to Date |
|---|---:|---:|
| Principal | $594.31 | $3,823.82 |
| Interest | $705.69 | $4,986.98 |
| Escrow | $0.00 | $1.50 |
| Fees/Late Charges | $0.00 | $376.93 |
| **Total** | **$1,300.00** | **$9,189.23** |

### Transaction Activity (07/05/2023 - 08/04/2023)

| Date | Description | Charges | Payments |
|---|---|---:|---:|
| 07/06/2023 | Lender Placed Flood Disbursement | $162.28 | $0.00 |
| 07/21/2023 | Regular Payment with Adjust - (Due 7/18/2023) | $0.00 | $1,242.16 |
| 07/21/2023 | Principal Only Payment | $0.00 | $57.84 |

### Important Messages

**\*Partial Payments:** Any partial payments listed here are not applied to your mortgage, but instead are held in one or more separate suspense accounts. Once we receive funds equal to a full monthly payment, we will apply those funds to your mortgage.

### Additional Messages

**Affected by COVID-19?** Assistance may be available. We offer relief options, such as a forbearance - a temporary suspension of payments, and payment deferment. Visit our website www.shellpointmtg.com or call us at 866-825-2174 to see if you qualify.

Federal law requires us to tell you how we collect, share, and protect your personal information. Our Privacy Policy has not changed. You can review our policy and practices with respect to your personal information at www.shellpointmtg.com or request a copy to be mailed to you by calling us at 800-539-0315.

For questions regarding the servicing of your loan, please contact us at 800-539-0315 Monday-Friday 8:00AM-9:00PM, and Saturday 10:00AM-2:00PM.

For information about your payments, total amount due, and any additional payment history, see reverse side.

Detach and return with payment.

shellpoint                                        Amount Due

Exhibit F – *Proof of Service for QWR (Certified Mail Receipt or Tracking)*

Establishes that Shellpoint received your QWR and failed to respond timely under RESPA.




Exhibit G – *Foreclosure Docket History or Evidence Showing No Action Pending in 2024*
Supports your claim that no active foreclosure existed when the stay was lifted.

